1  William A. Delgado (State Bar No. 222666)
   wdelgado@willenken.com
2  Leemore Kushner (State Bar No. 221969)
   lkushner@willenken.com
3  **WILLENKEN WILSON LOH & LIEB LLP**
   707 Wilshire Boulevard, Suite 3850
4  Los Angeles, California 90017
   Tel: (213) 955-9240 • Fax: (213) 955-9250
5
   Attorneys for Defendants
6  OVERSEE.NET, JEFF KUPIETZKY,
   and LAWRENCE NG
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MONTE CAHN, an individual,              | Case No. CV11-03800 SVW (AGRx)

12              Plaintiff,

13        v.                                **DEFENDANTS' NOTICE OF
                                            MOTION AND MOTION TO
14                                          DISMISS PURSUANT TO RULE
                                            12(B)(6) AND MOTION TO STRIKE
15  OVERSEE.NET, a California              PURSUANT TO RULE 12(F)**
    corporation; JEFF KUPIETZKY, an
16  individual, LAWRENCE NG, an
    individual; and DOES 1 through 10
17
              Defendants.                   DATE:   July 11, 2011
18                                          TIME:   1:30 p.m.
                                            PLACE:  Crtrm. 6
19

20

21

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 11, 2011, at 1:30 p.m. in Courtroom 6 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants Oversee.net, Jeff Kupietzky, and Lawrence Ng will, and hereby do, move, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss various claims in the Complaint in this action on the ground that they fail to state a claim upon which relief can be granted and to strike Plaintiff's request for punitive damages.

The grounds for this motion are as follows: (1) the Second Claim for Breach of Contract fails to state a claim for relief, (2) Plaintiff has not and cannot allege that Oversee owed him a fiduciary duty to justify his Fifth Claim for Breach of Fiduciary Duty, (3) the Seventh and Eighth Claims for Intentional and Negligent Misrepresentation are an improper attempt by Plaintiff to convert his contract claims to tort claims, Plaintiff has failed to allege these claims with specificity as required under Rule 9(b) of the Federal Rules of Civil Procedure, and the alleged misrepresentation is a non-actionable opinion statement, (4) the Ninth Claim for Conversion fails to state a claim for relief, and (5) Plaintiff has failed to plead his Tenth Claim for violation of Business & Professions Code Section 17200 ("UCL") with specificity, and Plaintiff seeks remedies that are unavailable to him under the UCL.

Defendants additionally hereby move to strike Plaintiff's prayer for punitive damages on the grounds that Plaintiff has failed to plead any claim pursuant to which he has entitled to that form of damages.

//
//
//
//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     This Motion is brought pursuant to this Notice of Motion and Motion; the Memorandum of Points and Authorities filed herewith, and on such other or further matters as may be presented at the hearing of this matter.  This Motion is made following a conference of counsel pursuant to Local Rule 7-3 which took place on May 26, 2011.

Dated:  June 1, 2011          WILLENKEN WILSON LOH & LIEB LLP


By: */s/ William A. Delgado*    .
    William A. Delgado
    Attorneys for Defendants OVERSEE.NET,
    JEFF KUPIETZKY, and LAWRENCE NG

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION……………………………………………..………..1

II.   SUMMARY OF ALLEGATIONS…………………………………………2

   A.   Factual Allegations from Plaintiff's Complaint……………………..……..2

   B.   Claims Alleged Against Defendants………...…………………………...3

III.  LEGAL STANDARD………………………………………………....4

IV.  ARGUMENT………………………………………………………4

   A.   Plaintiff's Second Claim For Breach of the Commission

      Plan Fails……………………………………………...……..4

   B.   Plaintiff's Fifth Cause of Action for Breach of Fiduciary Duty

      Should Be Dismissed…………………………………………5

   C.   Plaintiff's Fraud Claims Fail to State a Claim………………………7

      1.   Plaintiff cannot convert its contract claims into tort

         claims………………………………………………...…8

      2.   Plaintiff's fraud claims are not pled with the requisite

         specificity……………………………………………......10

      3.   The alleged misrepresentations are non-actionable opinions……………11

   D.   Plaintiff's Ninth Claim for Conversion Should Be Dismissed………………12

      1.   A conversion claim cannot be premised on a contractual

         right of payment…………………………………………..12

      2.   Plaintiff failed to properly allege his conversion claim………………13

   E.   The Tenth Claim Under Business & Professions Code Section 17200

      Fails to State a Claim Upon Which Relief May be Granted………………14

      1.   The UCL claim is not alleged with particularity…………………14

      2.   Plaintiff Seeks Remedies That Are Unavailable To Him Under

         the UCL………………………………………………15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

V.   PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE PUNITIVE DAMAGES ARE NOT AVAILABLE REMEDIES UNDER PLAINTIFF'S ASSERTED THEORIES....................17

VI.  CONCLUSION...............................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## State Cases

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
   7 Cal. 4th 503 (1994) ................................................................. 8, 13

*Bank of the West v. Superior Court,*
   2 Cal. 4th 1254 (1992) ...................................................................... 16

*Cel-Tech Communications v. L.A. Cellular Tel. Co.,*
   20 Cal. 4th 163 (1999) ...................................................................... 16

*City of Hope Nat'l Med. Ctr. v. Genentech, Inc.,*
   43 Cal. 4th 375 (2008) ......................................................................... 5

*Cruz v. Pacific Health Systems, Inc.,*
   30 Cal. 4th 303 (2003) ...................................................................... 14

*Downey v. Humphreys,*
   102 Cal. App. 2d 323 (1951) ............................................................... 6

*Ehrlich v. Menezes,*
   21 Cal. 4th 543 (1990) ........................................................................ 8

*Farmers Ins. Exchange v. Zerin,*
   53 Cal. App. 4th 445 (1997) ............................................................. 12

*Foreman & Clark Corp. v. Fallon,*
   3 Cal.3d 875 (1971) .......................................................................... 11

*Haigler v. Donnelly,*
   18 Cal. 2d 674 ................................................................................... 13

*Khoury v. Maly's of California,*
   14 Cal. App .4th 612 (1993) ............................................................. 15

*Korea Supply Co. v. Lockheed Martin Corp.,*
   29 Cal. 4th 1134 (2003) .............................................................. 16, 17

*Lazar v. Hertz Corp.,*
   69 Cal. App. 4th 1494 (1999) ........................................................... 15

*Lovejoy v. AT&T Corp.,*
   92 Cal. App. 4th 85 (2001) ................................................................. 7

*Michelson v. Hamada,*
   29 Cal. App. 4th 1566 (1994) ........................................................... 13

*Neu-Visions Sports, Inc. v. Soren/McAddam/Bartells*,
    86 Cal. App. 4th 303 (2000) ........................................................................... 11

*Pacesetter Homes, Inc. v. Brodkin*,
    5 Cal. App. 3d 206 (1970) .............................................................................. 12

*Plummer v. Day/Eisenberg, LLP*,
    184 Cal. App. 4th 38 (2010) ........................................................................... 12

*Podolsky v. First Healthcare Corp.*,
    50 Cal. App. 4th 632 (1996) ........................................................................... 14

*Shahood v. Cavin*,
    154 Cal. App. 2d 745 (1957) .......................................................................... 14

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
    2 Cal. App. 4th 153 (1991) ............................................................................. 11

*Vu v. Cal. Commerce Club, Inc.*,
    58 Cal. App. 4th 229 (1997) ........................................................................... 14

*Waverly Productions v. RKO General, Inc.*,
    217 Cal. App. 2d 721 (1963) ............................................................................ 6

*Wilens v. TD Waterhouse Group, Inc.*,
    120 Cal.App.4th 746 (2003) ............................................................................. 4

*Wiltsee v. California Emp. Com.*,
    69 Cal. App. 2d 120 (1945) .............................................................................. 6

*Wolf v. Superior Court*,
    107 Cal. App. 4th 25 (2003) ......................................................................... 5, 6

*Worldvision Enterprises, Inc. v. American Broadcasting Companies, Inc.*,
    142 Cal. App. 3d 589 (1983) ............................................................................ 6

**Federal Cases**

*Aquino v. Credit Control Servs.*,
    4 F. Supp. 2d 927 (N.D. Cal. 1998) ............................................................... 15

*Bell Atlantic Corp. v. Twombly*,
    500 U.S. 544 (2007) ......................................................................................... 4

*Blake v. Dierdorff*,
    856 F.2d 1365 (9th Cir. 1988) ....................................................................... 10

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ............................................................................. 4

*Cusano v. Klein*,
    280 F. Supp. 2d 1035 (C.D. Cal. 2003) ........................................................... 9

DEFENDANTS' MOTION TO DISMISS

*Erikson v. Pardus*,
   551 U.S. 89 (2007).................................................................. 2, 4

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
   100 F. Supp. 2d 1086 (C.D. Cal. 1999)................................ 10, 11

*Ileto v. GLock, Inc.*,
   49 F.3d 1199 (9th Cir. 2003) ...................................................... 4

*In re GlenFed, Inc., Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) ..................................................... 10

*McGehee v. Coe Newnes/McGehee UCL*,
   2004 WL 2452855 at *2 (N.D. Cal. 2004) ........................... 8, 13

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ........................................................ 10

*Ortega v. Toyota Motor Sales, USA, Inc.*,
   572 F. Supp. 2d 1218 (S.D. Cal. 2008) ................................ 12, 13

*Saldate v. Wilshire Credit Corp.*,
   268 F.R.D. 87 (E.D. Cal. 2010) ................................................ 15

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
   983 F. Supp. 1303 (N.D.Cal. 1997) .......................................... 14

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, Inc.*,
   634 F. Supp. 2d 1009 (N.D.Cal. 2007) ....................................... 5

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .................................................. 10

*Walker v. Armco Steel Corp.*,
   446 U.S. 740 (1980) .................................................................... 8

*Wilkerson v. Butler*,
   229 F.R.D. 166 (E.D. Cal. 2005) .............................................. 17

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ......................................... ,4

Federal Rule of Civil Procedure 9(b) ......................................... 8, 10

Federal Rules of Civil Procedure 12(f) .......................................... 17

**Statutes**

Cal. Civ. Code § 1710(1) .................................................................. 7

Cal. Civ. Code § 1710(2) .................................................................. 7

Cal. Civ. Code § 3294 ..................................................................... 16

California Business and Professions Code Section 17200 ("UCL")..................... passim

California Business and Professions Code Section 17203 ........................................... 16

**Other Authorities**

Unfair Business Practices Act ........................................................................................ 16

DEFENDANTS' MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

At its core, this case is nothing more than an alleged breach of contract case based on three written agreements: a financial incentive plan called the Management Incentive Plan (the "MIP") in which Plaintiff allegedly participated, a Commission Plan in which Plaintiff allegedly participated, and a commission agreement for the sale of the domain name, <restaurants.com>.  Unfortunately, in a veritable "kitchen sink" pleading, the Complaint contains a hodgepodge of claims against Oversee and two of its officers, Jeff Kupietzky and Lawrence Ng (collectively, "Defendants").

Nevertheless, it is apparent from Plaintiff's Complaint that every single claim is premised on and arises from Plaintiff's singular contention that Oversee did not perform as required under the agreements.  Plaintiff's attempt to expand this straightforward contract dispute to a ten cause of action complaint is without basis, improper, and should not be countenanced.  The claims which Defendants seek to dismiss are repetitive, superfluous and/or legally deficient, and they should all be dismissed without leave to amend.

//
//
//
//
//
//
//
//
//

## II.   **SUMMARY OF ALLEGATIONS**[1]

A.   Factual Allegations from Plaintiff's Complaint.

In 1999, Plaintiff formed a company called Domain Systems, Inc. dba Moniker.com ("Moniker"), which provided internet users with a streamlined interface to search for, register, and manage their domain names.  Complaint at ¶ 9.  Plaintiff sold Moniker to Seevast Corp. in 2005.  *Id.* at ¶ 10.  Seevast sold Moniker to Oversee 2007.  *Id.* at ¶ 12.  The gravamen of Plaintiff's Complaint is focused on three agreements that followed Oversee's purchase of Moniker.

First, Plaintiff alleges that subsequent to Oversee's purchase of Moniker, Oversee retained Plaintiff to serve as president of Moniker, and his compensation package included participation in a Management Incentive Plan ("MIP") "whereby Cahn would be able to earn up to $13,000,000 through a goal oriented bonus structure."  *Id.* at ¶¶ 12, 17.  The MIP was to be in effect from October 1, 2007 through December 31, 2010 and divided into three determination periods.  *Id.* at ¶ 19.  Cash awards were to be paid for each determination period provided that Plaintiff achieved certain specified performance goals proscribed by the MIP.  *Id.* at ¶¶ 13, 19.[2]  The MIP is a fully integrated agreement that contains the entire agreement of the parties.  *Id.* at ¶ 30.  Plaintiff contends that Oversee is wrongfully withholding bonus payments owed to him under the MIP.  Complaint, ¶ 15.

---

[1]   While Defendants do not concede any of Plaintiff's allegations, Defendants acknowledge that the Court must accept as true Plaintiff's allegations on a motion to dismiss. *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).

[2]   While this allegation must be accepted as true for purposes of this motion, it is, in fact, untrue.  The MIP provided for bonuses in the event that certain business units, not Plaintiff, met proscribed targets.  That said, this inaccuracy does not affect the present motion.

Second, Plaintiff alleges that, while the MIP was in effect, Plaintiff and Oversee also entered into a separate commission plan on or about June 4, 2010, whereby Plaintiff would receive a predetermined percentage of his sales of third-party and owned-and-operated domain names ("Commission Plan"). *Id.* at ¶¶ 21, 35.  The Complaint does not allege any of the terms of the Commission Plan, and only vaguely alleges that Oversee's conduct constituted a material breach of the Commission Plan. *Id.* at 37.  The Complaint does not describe the "conduct" Oversee allegedly engaged in that deprived him of his benefits under the Commission Plan.

The third agreement alleged in the Complaint pertains to the sale of the Internet domain name <restaurants.com.>  Plaintiff alleges that he and Oversee entered into an agreement that, upon the closing of the sale of <restaurants.com>, Plaintiff would receive a commission equivalent to fifty percent of the payable commission. *Id.* at ¶ 40. Plaintiff contends that Oversee failed to pay Plaintiff his commission payment.  *Id.* at 42.

B.    Claims Alleged Against Defendants

The Complaint alleges ten claims against Oversee for: breach of the MIP, Commission Plan and Restaurants.com Agreement (Claims 1 through 3, respectively), breach of the implied covenant of good faith and fair dealing (Claim 4), breach of fiduciary duty (Claim 5), accounting (Claim 6), intentional and negligent misrepresentation (Claims 7 and 8), conversion (Claim 9), and violation of Section 17200 of the California Business and Professions Code (Claim 10).  Only two of those claims – the Seventh and Eighth Claims for Intentional and Negligent Misrepresentation– are also asserted against defendants Jeff Kupietzky and Lawrence Ng.  Kupietzky is presently Chief Executive Officer and President of Oversee.  Complaint, ¶ 5.  Ng is presently Chairman of the Board of Oversee and one of its original co-founders.  *Id.*, ¶ 6.

There is only one alleged misrepresentation complained of in the Complaint: that Plaintiff was told he would have the ability to earn up to $13 million in bonus payments under the MIP.  Complaint, ¶¶ 63.

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. GLock, Inc.*, 349 F.3d 1199-120 (9th Cir. 2003).  In determining whether the complaint's allegations are sufficient to state a claim for relief, all allegations of material fact are taken as true.  *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Moreover, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  The plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 555 (2007).

## IV.   ARGUMENT

A.   Plaintiff's Second Claim For Breach of the Commission Plan Fails.

The elements of a breach of contract claim are: (1) the existence of a contract, (2) plaintiff's performance, (3) defendant's breach, and (4) damages.  *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal.App.4th 746, 757 (2003).  The Complaint does not attach the Commission Plan and fails entirely to plead the terms that purportedly define

1   its parameters.  Rather, the Complaint vaguely alleges that the Commission Plan

2   provided that Plaintiff could earn commissions for his sale of both third party and

3   Oversee-owned and operated domain names.  Complaint, ¶¶ 21, 35.  Then, Plaintiff

4   alleges that "Oversee's conduct, *as alleged*, constitutes a material breach of the

5   Commission Plan…."  Complaint, ¶ 37 (emphasis added).  But, nowhere in the

6   Complaint does Plaintiff *actually allege* the "conduct" that purportedly comprises that

7   breach.  *See,* Complaint, ¶¶ 21, 34-38.  Plaintiff has, therefore, neglected to plead one

8   of the essential elements of a breach of contract claim: Oversee's purported breach of

9   the Commission Plan.  For that reason, this claim must be dismissed.

10

11          B.      Plaintiff's Fifth Cause of Action for Breach of Fiduciary Duty Should Be

12                  Dismissed.

13

14          Fiduciary relationships arise in one of two ways: either the parties enter into a

15   recognized *type* of relationship (such as attorney-client, trustee-beneficiary, joint

16   venture, or partnership) in which fiduciary duties are imposed as a matter of law, or

17   they expressly agree to undertake fiduciary duties.  *City of Hope Nat'l Med. Ctr. v.*

18   *Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008). "Before a person can be charged with a

19   fiduciary obligation, he must either knowingly undertake to act on behalf of and for the

20   benefit of another, or must enter into a relationship which imposes that undertaking as

21   a matter of law." *Id.*  This requirement is unsurprising given that a fiduciary is duty-

22   bound to act with utmost good faith for the benefit of the other party and to subordinate

23   its individual interests to the extent they conflict with that duty.  *Wolf v. Superior*

24   *Court*, 107 Cal. App. 4th 25, 31 (2003).  Thus, where a plaintiff does not plead any

25   facts demonstrating that the defendant agreed to a fiduciary relationship as part of a

26   transaction, a claim for breach of fiduciary duty must be dismissed as a matter of law.

27   *See Sonoma Foods, Inc. v. Sonoma Cheese Factory, Inc.*, 634 F. Supp. 2d 1009, 1021

28

1  (N.D.Cal. 2007) (dismissing breach of fiduciary duty claim where plaintiff failed to

2  plead any facts that would give rise to a fiduciary duty).

3       Here, the Complaint does not allege the existence of a traditionally recognized

4  fiduciary duty owed by Oversee, does not allege that the agreements at issue expressly

5  created a fiduciary relationship, and does not allege that Oversee agreed to owe a

6  fiduciary duty to Plaintiff.  Complaint, ¶¶ 52-54.  Instead, the Complaint alleges that

7  Oversee owed Plaintiff a fiduciary duty to comply with the terms of the MIP and

8  Commission Plan, to disclose information that would affect Plaintiff's ability to

9  achieve his awards, to refrain from interfering with Plaintiff's ability to achieve the

10  awards, and to evaluate Plaintiff's performance in good faith.  Complaint, ¶ 52.

11  However, the mere fact that the parties are bound by a contract and repose trust in one

12  another as a result does not give rise to a fiduciary obligation.  *Wolf*, 107 Cal. App. 4th

13  at 31; *Worldvision Enterprises, Inc. v. American Broadcasting Companies, Inc.*, 142

14  Cal. App. 3d 589, 595 (1983); *Waverly Productions v. RKO General, Inc.*, 217 Cal.

15  App. 2d 721, 731-32 (1963).

16       Moreover, "the contractual right to contingent compensation in the control of

17  another has never, by itself, been sufficient to create a fiduciary relationship where one

18  would not otherwise exist."  *Id.*, at 30-31; *see, e.g. Downey v. Humphreys*, 102 Cal.

19  App. 2d 323, 332 (1951) (the obligation to pay money is a debt; "A debt is not a trust"

20  and does not create a fiduciary relationship, "whether [debtor's] liability is certain or

21  contingent); *Wiltsee v. California Emp. Com.*, 69 Cal. App. 2d 120, 125 (1945)

22  (employment contract entitling employee to 25 percent of future profits neither created

23  a joint venture nor gave rise to a fiduciary relationship).  Indeed, the contractual right

24  to compensation is governed by the implied covenant of good faith and fair dealing and

25  not by a fiduciary duty.  *Wolf*, 107 Cal. App. 4th at 31.  As the court articulated in *Wolf*,

26  *supra*:

27       Every contract requires one party to repose an element of

28       trust and confidence in the other to perform.  For this

-6-

> reason, every contract contains an implied covenant of
> good faith and fair dealing, obligating the contracting
> parties to refrain from 'doing anything which will have
> the effect of destroying or injuring the right of the other
> party to receive the fruits of the contract....' [Citations.]
> 'Being of universal prevalence, [the implied covenant]
> cannot create a fiduciary relationship; it affords basis
> for redress for breach of contract and that is all.

*Id.* (brackets in original, citations omitted).

Simply put, Oversee does not owe a fiduciary duty to Plaintiff either as a matter of law or pursuant to the contract at issue. Thus, Plaintiff's fifth claim fails and must be dismissed.

C.   <u>Plaintiff's Fraud Claims Fail to State a Claim.</u>

Fraud, or intentional misrepresentation, is the suggestion, as a fact, of that which is not true, by one who does not believe it to be true. Cal. Civ. Code § 1710(1). Negligent misrepresentation, by contrast, is the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true. Cal. Civ. Code § 1710(2). With the exception of knowledge of falsity, the elements of the two claims are identical: (1) misrepresentation of past or existing fact, (2) knowledge of falsity – whether the defendant knew the statement was false (fraud) or had no reasonable basis upon to which to believe it was true (negligent misrepresentation), (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. *See, e.g., Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001).

Plaintiff's Seventh and Eighth Causes of Action for intentional misrepresentation and negligent misrepresentation, respectively ("Fraud Claims"), fail for three reasons. <u>First</u>, the Fraud Claims fail because this is a straightforward contract

1    action, and the law is well settled that plaintiffs cannot improperly convert a breach of

2    contract claim into a tort claim.  <u>Second</u>, they fail because Plaintiff has not alleged

3    these claims with the requisite specificity required under Federal Rule of Civil

4    Procedure 9(b).  <u>Third</u>, the Fraud Claims fail because the alleged misrepresentation is

5    not a misrepresentation at all; it is a non-actionable opinion statement.

6

7            1.   <u>Plaintiff cannot convert its contract claims into tort claims</u>.

8

9            The essence of Plaintiff's pleading is that Oversee failed to fulfill certain

10   contractual promises (Claims 1 through 3).  To the extent there is any truth to this

11   allegation (and there is not), the contracts set forth the contractual remedies available to

12   Plaintiff.  This is a contract case pure and simple.

13           As a general rule, California does not authorize tort recovery for breach of

14   contract claims.  *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503,

15   514-15 (1994) (recognizing fundamental differences between contract and tort cases);

16   *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 (1980) (state substantive law applies

17   in diversity actions).  In contract actions, "[t]he measure of damages is limited to those

18   losses which might be reasonably foreseen by the parties." *Ehrlich v. Menezes*, 21 Cal.

19   4th 543, 553 (1990).  "Conduct amounting to a breach of contract becomes tortious only

20   when it also violates a duty independent of the contract arising from principles of tort

21   law.  An omission to perform a contractual obligation is never a tort, unless that

22   omission is also an omission of a legal duty." *Id.* at 551 (citations omitted).  "The

23   California Supreme Court has repeatedly held that '[c]onduct amounting to a breach of

24   contract becomes tortious only when it also violates an independent duty arising from

25   principles of tort law.'" *McGehee v. Coe Newnes/McGehee UCL*, 2004 WL 2452855

26   at *2 (N.D. Cal. 2004) (citing *Applied Equipment*, 7 Cal. 4th at 515).  Here, Plaintiff has

27   not alleged any "independent duty" because none exists.

28

1    *Cusano v. Klein*, 280 F. Supp. 2d 1035 (C.D. Cal. 2003), is instructive.  There,

2    the court dismissed the plaintiff's fraud claims because the fraud claims did no more

3    than allege breaches of contractual duties.  The plaintiff and defendants in *Cusano*

4    entered into a written contract whereby defendants were obligated to render quarterly

5    accounting statements to plaintiff for plaintiff's share of profits derived from

6    worldwide exploitation of plaintiff's songs.  *Id.* at 1037-38.  The plaintiff alleged

7    breach of contract and fraud based on defendants' alleged improper accounting for

8    royalties due to plaintiff, contrary to defendants' representations that they would

9    faithfully administer the royalty account.  *Id.* at 1039.  The Court stated that "a fraud

10   claim fails when it merely states an alleged breach of contractual duties and does not

11   concern representations that are collateral or extraneous to the parties' contract."[3]  *Id.*

12   at 1042.  The Court held that the plaintiff could not "maintain his claims for fraud and

13   negligent misrepresentation against [the defendant] because they merely state a breach

14   of contractual duties…  The claims against [defendants] do not involve representations

15   collateral or extraneous to the employment contract."  *Id.*

16   Here, as in *Cusano*, Plaintiff's fraud claims do not involve duties, actions or

17   representations collateral or extraneous to the agreements at issue.  Indeed, the only

18   fraud asserted against Oversee is an alleged false promise to perform the contractual

19   duties at issue.  *See, e.g.,* Complaint, ¶¶ 64 (Defendants "formed the intent to withhold

20   compensation to Cahn under the MIP"), 66 ("Cahn never received any payment from

21   Oversee under the MIP"), 75 (same).  That is precisely the type of "tortifying" of a

22   contract which California law prohibits.  Indeed, every portion of Plaintiff's Fraud

23   Claims relates directly to the allegedly contractual promises.  Plaintiff's Fraud Claims

24   are, therefore, precluded as a matter of law.

25

26

27   ────────────

28   [3]    The Court applied New York law, which is identical in all pertinent respects to
         California law on this issue.

2.   <u>Plaintiff's fraud claims are not pled with the requisite specificity.</u>

In addition to the substantive defect identified above, the Fraud Claims must be dismissed because they have not been pled in accordance with the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).  To properly plead a fraud claim, the complaint must adequately specify the statements that are allegedly false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("averments of fraud must be accompanies by the who, what, where, when, and how of the misconduct charged" (citations omitted)).  In addition, "[t]he plaintiff must set forth what is false or misleading about a statement, and ***why*** it is false."  *Glen Holly Entm't, Inc.*, 100 F.2d at 1095 (emphasis added); *see Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988) (holding that Rule 9(b) requires specific descriptions of the representation made and the reasons for their falsity).  Averments that fail to meet these exacting standards must be dismissed.  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

There is only one purported misrepresentation alleged by Plaintiff in the Complaint: "Kupietzky and Ng were primarily responsible for the negotiations on behalf of Oversee and in making the false representations and assurances to Cahn that he would be able to earn up to $13,000,000 in bonuses."  Complaint, ¶ 12, 63, 71.[4] Setting aside whether this actually constitutes an actionable misrepresentation (discussed *infra*), this conclusory and general allegation is insufficient to satisfy the

---

[4]   In his negligent misrepresentation claim, Plaintiff generally refers to paragraphs 12-14, 17, 18, 20-21 for the alleged misrepresentations on which his claim is based.  Complaint, ¶ 72.  But, only paragraph 12 alleges a misrepresentation, as set forth above.

heightened pleading standard required for fraud claims.  Plaintiff does not specify where, when, to whom, and by what means *each* of the Defendants made the alleged representation.

Moreover, Plaintiff does not allege **why** the misrepresentation was false.  To the contrary, the allegations make clear that, pursuant to the MIP, Plaintiff did, in fact, have the ability to earn up to $13 million in bonuses.  Complaint, ¶ 12. The Complaint explains that Plaintiff's ability to earn such bonuses was conditioned on the attainment of certain performance goals in four different segments of Oversee's business.  Complaint, ¶ 13.  So, since Plaintiff admits that he could earn up to $13 million pursuant to the MIP, Kupietzky's and Ng's representation to that same effect (i.e., that Plaintiff could earn up to $13 million under the MIP) could not have possibly been fraudulent.

3.   The alleged misrepresentations are non-actionable opinions.

To be actionable, a misrepresentation "must ordinarily be as to past or existing material facts.  Predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991) (internal quotations and citations omitted) (demurrer properly sustained where the alleged misrepresentation involved promises of future conduct and not past or existing material fact); *Glen Holly Entm't*, 100 F. Supp. 2d at 1093.  Indeed, it is hornbook law that statements regarding future events are merely deemed opinion.  *Neu-Visions Sports, Inc. v. Soren/McAddam/Bartells*, 86 Cal. App. 4th 303, 309-10 (2000).  Accordingly, California courts have held that predictions about future sales, profits or value are non-actionable expressions of opinion.  *See, id.* (holding that statement that property was worth $5 million was non-actionable opinion, because it essentially was a prediction that an appraiser would value the property at $5 million); *Foreman & Clark Corp. v.*

*Fallon*, 3 Cal.3d 875, 882 (1971) (affirming trial court's finding that statements regarding lessors' future sales were mere expressions of opinion); *Pacesetter Homes, Inc. v. Brodkin*, 5 Cal. App. 3d 206, 210 (1970) (affirming trial court's finding that statements regarding the future rental income that might be generated after the completion of unfinished duplex units were non-actionable statements of opinion).

As discussed, *supra*, the only misrepresentation alleged is that Plaintiff "would be able to earn up to $13,000,000 in bonuses." Complaint, ¶ 12. But, projections about future performance are, by definition, not statements about a past or existing material fact. Indeed, the above-mentioned authorities explicitly hold that such predictions about Plaintiff's ability to earn bonuses are non-actionable expressions of opinion. Therefore, this statement, even if assumed to have been stated, cannot form the basis of a fraud claim as a matter of law. For that reason, Plaintiff's fraud claim fails.

      D.    <u>Plaintiff's Ninth Claim for Conversion Should Be Dismissed.</u>

            1.    <u>A conversion claim cannot be premised on a contractual right of payment</u>.

Plaintiff's claim for conversion asserts that by failing to pay the commissions and cash awards allegedly due under the MIP and the Commission Plan, Defendants have committed the tort of conversion. Complaint, ¶¶ 79-86. If this was the law, then every failure to pay monies owed under a contract would be actionable not only as a breach of contract but also as a tort. Unsurprisingly, that is *not* the law.

A mere "contractual right of payment, without more, is not enough to sustain a conversion claim." *Ortega v. Toyota Motor Sales, USA, Inc.*, 572 F. Supp. 2d 1218, 1220 (S.D. Cal. 2008); *Plummer v. Day/Eisenberg, LLP*, 184 Cal. App. 4th 38, 45 (2010); *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 452 (1997). Indeed, as

discussed above, California law is clear that "[c]onduct amounting to breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law."  *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994).  The Northern District of California explained:

> Such independent duty is required for a tort action because contract and tort actions are distinct: while a contract action aims to protect the interest in having private promises between parties performed, the goal of tort action is to 'protect some general public policy interest not directly tied to the contract's purposes.'  Therefore, to allow conduct amounting only to breach of contract to give rise to tort damages would be to obliterate the vital and established distinctions between contract and tort theories of liability.

*McGehee v. Coe Newnes/McGehee*, 2004 WL 2452855 at *2 (N.D.Cal. 2004) (citation omitted).  The *McGehee* court thus rejected the plaintiff's attempt to plead a conversion claim based on the defendant's alleged failure to comply with a contractual requirement that it assign a patent to the plaintiff.  *Id.* at *2-3.  Likewise, here, the proper claim is one for breach of contract and Plaintiff's conversion claim should, therefore, be dismissed.

### 2.   Plaintiff failed to properly allege his conversion claim.

Plaintiff's conversion claim fails for the additional reason that generalized claims for money are not actionable as a claim for conversion, and money can only be the subject of an action for conversion if a specific sum capable of identification is involved.  *Ortega*, 572 F. Supp. 2d at 1220; *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved); *Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1589

(1994) (refusing to review trial court's order denying submission of conversion claim to jury where plaintiff claiming breach of contract because plaintiff did not allege a "specific, definite sum capable of identification to be recovered"); *Shahood v. Cavin*, 154 Cal. App. 2d 745, 747 (1957) (a claim for conversion lies "'only for specific chattels wrongfully converted, and not for money had and received for payment of debts, money being the subject of conversion only when it can be described or identified as a specific chattel'").  When money is the subject of a claim for conversion, a plaintiff must plead facts sufficiently describing and identifying the property.  *Vu v. Cal. Commerce Club, Inc.*, 58 Cal. App. 4th 229, 235 (1997).  Here, Plaintiff seeks to recover commissions and cash awards allegedly due to him.  Yet, Plaintiff fails to plead any facts demonstrating that a specific, identifiable sum is involved. Plaintiff cannot plead a viable conversion claim, and his claim should therefore be dismissed without leave to amend.

E.  <u>The Tenth Claim Under Business & Professions Code Section 17200 Fails to State a Claim Upon Which Relief May be Granted</u>.

1.  <u>The UCL claim is not alleged with particularity</u>.

Plaintiff's Tenth Claim for Relief purports to allege violations of California Business and Professions Code Section 17200 ("UCL").  The UCL "establishes three varieties of unfair competition – acts or practices which are unlawful, unfair, or fraudulent."  *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996).  To state a claim for violation of the UCL, a plaintiff must sufficiently allege the defendant engaged in an unlawful, unfair or fraudulent business practice.  *See Cruz v. Pacific Health Systems, Inc.*, 30 Cal. 4th 303, 315 (2003).  Moreover, the complaint "must state with reasonable particularity the facts supporting the statutory elements of the violation."  *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316

1   (N.D.Cal. 1997) (citing *Khoury v. Maly's of California*, 14 Cal. App .4th 612, 619

2   (1993)).

3        Plaintiff's claim fails to identify with any specificity whatsoever which of the

4   three prongs (*i.e.*, unfair, unlawful or fraudulent) his claim is based upon and fails

5   entirely to allege that Oversee engaged in an unfair, unlawful, or fraudulent business

6   practice.  Rather, the tenth claim merely recycles the allegations made by Plaintiff in

7   his Fraud Claims.

8        To the extent Plaintiff is basing his Section 17200 claim on the "fraudulent"

9   prong, he cannot do so.  A claim under the "fraudulent" prong is not available where

10  the alleged fraud is directed at a single victim.  *See, e.g., Aquino v. Credit Control*

11  *Servs.*, 4 F. Supp. 2d 927, 930 (N.D. Cal. 1998) (dismissing plaintiff's UCL claim

12  because plaintiff only alleged facts regarding her particularized problems with

13  defendant's service, and failed to allege that defendant's actions harmed or misled the

14  public).  Indeed, the "fraudulent" prong requires a plaintiff to show deception to some

15  members of the public, or harm to the public interest, or to allege that members of the

16  public are likely to be deceived.  *Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87, 103

17  (E.D. Cal. 2010).  The Complaint contains no such allegations.

18       The remaining two prongs under the UCL are equally unavailable.  To proceed

19  under the "unlawful" prong, there must be a predicate violation of the law.  *Lazar v.*

20  *Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).  Here, however, the Complaint

21  alleges no such predicate violate.  Lastly, the Complaint lacks allegations of ongoing

22  wrongful business conduct or a pattern of such conduct to justify a claim under the

23  "unfair" prong.  *Id.*  Thus, Plaintiff's tenth claim should be dismissed.

24

25       2.   <u>Plaintiff Seeks Remedies That Are Unavailable To Him Under</u>

26            <u>the UCL.</u>

27

28

The UCL claim must also be dismissed for the independent reason that it seeks remedies that are not available to Plaintiff. Here, Plaintiff plainly seeks general damages and punitive damages under its UCL claim.  Complaint, ¶ 92 ("[Oversee's] conduct was oppressive, fraudulent, and malicious…warranting exemplary and punitive damages in accordance with *California Civil Code* section 3294."), 93 ("As a direct, actual and proximate consequent and result of the conduct alleged herein, Cahn has suffered and continues to suffer, significant damages in an amount to be proven at trial, but that exceeds $75,000, together with interest thereon at a legal rate.").  A plaintiff's remedies under the UCL, however, are limited to injunctive relief and restitution only.[5]  Cal. Bus. & Prof. Code §17203; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003).  General damages, including punitive damages, are not allowed.  *Id.* at 1148 ("[A]ttorney's fees and damages, including punitive damages, are not available under the UCL."); *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999) (plaintiffs suing for unfair competition may not receive damages, much less treble damages, or attorney's fees); *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992) ("the Unfair Business Practices Act does not authorize an award of damages").

Though not specifically tethered to the UCL claim, the Prayer for Relief also requests "restitution of all wrongfully withheld amounts and disgorgement of ill-gotten profits, in an amount according to proof."  Prayer for Relief, ¶ 4.  The California Supreme Court in *Korea Supply* made clear that the concept of restitution applies only to restore money to plaintiff that the plaintiff provided to the defendant as a result of the unlawful conduct.  Restitution does not include any measure of damages nor does it include disgorgement of profits obtained by defendant (but not from plaintiff).  *Korea*

---

[5]   Plaintiff does not seek injunctive relief herein.  *See* Prayer for Relief.

*Supply*, 29 Cal. 4th at 1134.[6]  Here, Plaintiff does not seek the return of money he paid to Oversee.  Indeed, Plaintiff does not allege that he paid money to Oversee at any time.  Rather, his requested relief is nothing more than a request for non-restitutionary disgorgement of profits, which is prohibited under the UCL.  Because Plaintiff cannot allege facts to support a claim for restitutionary relief – the only relief available to him in this case under the UCL – the Tenth Claim should be dismissed without leave to amend.

## V.   PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE PUNITIVE DAMAGES ARE NOT AVAILABLE REMEDIES UNDER PLAINTIFF'S ASSERTED THEORIES.

Plaintiff seeks punitive damages for his Seventh and Eighth Claims for Intentional and Negligent Misrepresentation, Ninth Claim for Conversion, and Tenth Claim for violations of the UCL.  Because neither of these claims has merit, as described in more detail, *supra*, punitive damages are not recoverable and should be stricken.  Fed. R. Civ. P. 12(f); *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) ("A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law").

---

[6]   In *Korea Supply*, the plaintiff sought the disgorgement of profits acquired by the defendant through its allegedly unfair business practices.  *Korea Supply*, 29 Cal. 4th at 1142.  The California Supreme Court reaffirmed the distinction it had previously made between disgorgement and restitution, in that disgorgement is a broader remedy than restitution.  *Id.* at 1144-45.  The Supreme Court held that, while restitution was an available remedy under the UCL, disgorgement of money obtained through an unfair business practice is an available remedy in a representative and an individual UCL action only to the extent that it constitutes restitution.  *Id.* at 1145.  Thus, the Supreme Court confirmed what is clear on the face of the statute: "Restitution is the only monetary remedy expressly authorized by Section 17203."  *Id.* at 1146.

# VI.   __CONCLUSION__

Plaintiff's attempts to convert a contract action into a tort action.  Time and again, California courts have rejected that approach.  This court should do the same. For all the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's claims.

Dated:  June 1, 2011                    WILLENKEN WILSON LOH & LIEB LLP


                                        By: _/s/ William A. Delgado_____.
                                            William A. Delgado
                                            Attorneys for Defendants OVERSEE.NET,
                                            JEFF KUPIETZKY, and LAWRENCE NG

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      I hereby certify that I electronically filed the foregoing with the Clerk of the

4  Court using the CM/ECF system which will send notification of such filing to the

5  Electronic Service List for this Case.

6  Dated:  June 1, 2011                    WILLENKEN WILSON LOH & LIEB LLP

7

8                                      By: _/s/ William A. Delgado_____.
                                            William A. Delgado
9                                           Attorneys for Defendants OVERSEE.NET,
10                                          JEFF KUPIETZKY, and LAWRENCE NG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28