# EXHIBIT 1

EXHIBIT 1 PAGE 5

**EXECUTION COPY**

OVERSEE.NET

EMPLOYMENT AGREEMENT
────────────────────

THIS AGREEMENT is entered into as of December 14, 2007, between Oversee.net, a California corporation (the "Company"), and Monte Cahn ("Executive"), and shall become effective on the date (the "Effective Date") of the closing of the transactions contemplated by the Stock Purchase Agreement dated as of the date hereof, by and among the Company, DomainSystems, Inc., a Florida corporation (d/b/a Moniker.com, "Moniker"), and Seevast Corp., a Delaware corporation (the "Stock Purchase Agreement").

This Agreement is entered into in connection with the execution and delivery of the Stock Purchase Agreement and its effectiveness is a condition to the consummation of the transactions contemplated by the Stock Purchase Agreement.

Pursuant to the Stock Purchase Agreement, and after giving effect to the transactions contemplated thereby, the Company will acquire all of the equity interests in Moniker.

Executive's obligations pursuant to Sections 5, 6 and 7 are each essential parts of the transactions contemplated by the Stock Purchase Agreement, and in order to protect the goodwill related to the business and operations of the Company and Moniker, Executive has agreed to the obligations set forth in Sections 5, 6 and 7.

In consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Employment. The Company shall employ Executive, and Executive hereby accepts employment with the Company, upon the terms and conditions set forth in this Agreement for the period beginning on the Effective Date and ending as provided in Section 4 (the "Employment Period"). Notwithstanding the foregoing, in the event the Stock Purchase Agreement is terminated in accordance with Article IX thereof, the Effective Date shall not occur, and this Agreement shall concurrently with such termination, be automatically terminated and shall be of no further force or effect with no obligation hereunder of any party hereto.

2. Position and Duties.

(a) During the Employment Period, Executive shall serve as the President of Moniker and shall have the normal duties, responsibilities, functions and authority as are normally associated with and appropriate for such position; provided that the Executive shall be subject to supervision and direction of the Chief Executive Officer of the Company. During the Employment Period, Executive shall render such administrative, financial and other executive and managerial services to the Company and its Subsidiaries which are consistent with Executive's position, as the Chief Executive Officer of the Company may from time to time direct.

12173235.15

EXHIBIT 1 PAGE 6

which may have related to the subject matter hereof in any way (including the letter agreement between Executive and the Company dated August 17, 2007, which shall be terminated and be of no further force or effect as of the Effective Date).

15. No Strict Construction. The language used in this Agreement shall be deemed to be the language chosen by the parties hereto to express their mutual intent, and no rule of strict construction shall be applied against any party.

16. Counterparts. This Agreement may be executed in separate counterparts, each of which is deemed to be an original and all of which taken together constitute one and the same agreement. Signatures presented by facsimile transmission shall be deemed effective at the time of transmission and shall be replaced by original signatures as soon thereafter as practicable.

17. Successors and Assigns. This Agreement is intended to bind and inure to the benefit of and be enforceable by Executive, the Company and their respective heirs, successors and assigns, except that Executive may not assign his rights or delegate his duties or obligations hereunder without the prior written consent of the Company.

18. Choice of Law. All issues and questions concerning the construction, validity, enforcement and interpretation of this Agreement and the exhibits and schedules hereto shall be governed by, and construed in accordance with, the laws of the State of Florida, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of Florida or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Florida.

19. Amendment and Waiver. The provisions of this Agreement may be amended or waived only with the prior written consent of the Company and Executive, and no course of conduct or course of dealing or failure or delay by any party hereto in enforcing or exercising any of the provisions of this Agreement (including the Company's right to terminate the Employment Period for Cause) shall affect the validity, binding effect or enforceability of this Agreement or be deemed to be an implied waiver of any provision of this Agreement.

20. Indemnification and Reimbursement of Payments on Behalf of Executive. The Company and its Subsidiaries shall be entitled to deduct or withhold from any amounts owing from the Company or any of its Subsidiaries to Executive any federal, state, local or foreign withholding taxes, excise tax, or employment taxes ("Taxes") imposed with respect to Executive's compensation or other payments from the Company or any of its Subsidiaries or Executive's ownership interest in the Company (including wages, bonuses, dividends, the receipt or exercise of equity options and/or the receipt or vesting of restricted equity). In the event the Company or any of its Subsidiaries does not make such deductions or withholdings, Executive shall indemnify the Company and its Subsidiaries for any amounts paid with respect to any such Taxes, but not for any interest or penalties incurred by the Company or its Subsidiaries for such failure to make deductions or withholdings.

21. Consent to Jurisdiction. EACH OF THE PARTIES IRREVOCABLY SUBMITS TO THE NON-EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

OVERSEE.NET

By: *[signature]*
Name: Lawrence Ng
Title: Chief Executive Officer

_____
Monte Cahn

AGREED AND ACKNOWLEDGED:

DOMAIN SYSTEMS, INC.
d/b/a MONIKER.COM

By: _____
   Name:
   Title:

*[Signature Page - Monte Cahn Employment Agreement]*

EXHIBIT 1 PAGE 8

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

OVERSEE.NET

By: _____
Name:
Title:

Monte Cahn

AGREED AND ACKNOWLEDGED:

DOMAIN SYSTEMS, INC.
d/b/a MONIKER.COM

By: _____
Name: Monte Cahn
Title: CEO

*[Signature Page - Monte Cahn Employment Agreement]*

EXHIBIT 1 PAGE 9