# EXHIBIT 2

# OVERSEE.NET

## 2007 MANAGEMENT INCENTIVE PLAN

**December 14, 2007**

1. <u>Purpose</u>.

This Oversee.net 2007 Management Incentive Plan (the "<u>Plan</u>") is applicable to those employees of Oversee.net, a California corporation (the "<u>Company</u>"), who perform services primarily for its wholly-owned subsidiary, Domain Systems, Inc. (d/b/a Moniker.com, "<u>Moniker</u>") and its direct subsidiaries, in each case as determined in accordance with the provisions hereof ("<u>Participants</u>").

The Plan is designed to reward, through additional cash compensation, the Participants for significant contributions toward the continued or improved profitability and growth of the Company.

2. <u>Administration</u>.

The Plan shall be administered by the board of directors of the Company (the "<u>Board</u>"). The Board shall have the authority, subject to the provisions herein, (a) to administer the performance goals and the award opportunities applicable to the Participants and to certify whether the goals have been attained; (b) to construe and interpret the Plan and any agreement or instrument entered into under the Plan; and (c) to make all other determinations which may be necessary or advisable for the administration of the Plan. Subject to the provisions herein, any good faith determination by the Board pursuant to the Plan shall be final, binding and conclusive, absent demonstrable error.

3. <u>Target Award and Performance Goals</u>.

(a) <u>Baseline Award</u>. With respect to each Determination Period, the Business Segment Baseline Award is as set forth on <u>Schedule A</u> attached hereto.

(b) <u>Performance Goals</u>. Cash awards ("<u>Awards</u>") shall be paid under this Plan for each Determination Period solely on account of the attainment of the Target Gross Profit and/or Target EBITDA, as applicable, for each Business Segment during the applicable Determination Period, as set forth on <u>Schedule A</u> (the "<u>Performance Goals</u>"). The Performance Goals, once determined, may be amended from time to time by the Board; <u>provided, however</u>, that any amendment which would adversely affect Monte Cahn shall in addition require his written approval. Attainment of the Performance Goals shall be determined in good faith by the Board based upon the Interim Financial Statements or the Determination Period Financial Statements, as applicable.

12194632 v.14

EXHIBIT 2 PAGE 10

9. Amendment, Termination and Term of Plan.

The Board may amend, modify or terminate this Plan at any time in its sole discretion; provided, however, Monte Cahn's written consent shall be required for (i) any material amendment or modification to the Plan which would adversely affect Monte Cahn and (ii) any amendment, modification or termination of the Plan which would disproportionately and adversely affect Monte Cahn (without regard to any effect on Monte Cahn's individual circumstances).

10. Entire Agreement; Amendment.

This Plan contains the entire agreement between the parties hereto with respect to the subject matter contained herein, and supersedes all prior agreements or prior understandings, whether written or oral, between the parties relating to such subject matter.

11. Further Assurances.

Each party hereto shall do and perform (or shall cause to be done and performed) all such further acts and shall execute and deliver all such other agreements, certificates, instruments and documents as any other party hereto reasonably may request in order to carry out the intent and accomplish the purposes of this Plan and the consummation of the transactions contemplated herein.

12. Severability.

The invalidity or unenforceability of any provisions of this Plan in any jurisdiction shall not affect the validity, legality or enforceability of the remainder of this Plan in such jurisdiction or the validity, legality or enforceability of any provision of this Plan in any other jurisdiction, it being intended that all rights and obligations of the parties hereunder shall be enforceable to the fullest extent permitted by law.

13. Governing Law.

The terms of this Plan shall be governed by the laws of the State of California, without reference to the conflicts of laws principles thereof.

14. Calculation of Performance Goals.

    (a) In connection with calculating whether the Performance Goals have been attained, the Company shall not, other than in good faith in the ordinary course of business, intentionally take any action the purpose of which would be to manipulate the Registrar EBITDA, Oversee EBITDA, Domain Sales EBITDA or Gross Profit with respect to the TrafficClub Business Segment if same would have the effect of preventing the attainment of the Performance Goals contained herein. In addition, the Company shall not allocate to Moniker or its Subsidiaries any audit fees charged by the Company's independent outside auditor or any fees associated with any Sale of the Company or any issuance of additional securities in the Company or any of its Subsidiaries (including, an initial public offering).

7

12194632 v.14

EXHIBIT 2 PAGE 11