William A. Delgado (State Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
**WILLENKEN WILSON LOH & LIEB LLP**
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Tel: (213) 955-9240 ■ Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFF KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual, | Case No. CV11-03800 SVW (AGRx) |
| Plaintiff, | |
| v. | **DECLARATION OF WILLIAM A. DELGADO IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10 | |
| Defendants. | |

DECLARATION OF WILLIAM DELGADO ISO OF *EX PARTE* APPLICATION FOR TRO

**DECLARATION OF WILLIAM A. DELGADO**

I, William A. Delgado, do hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court and a member of the law firm of Willenken Wilson Loh & Lieb, LLP ("Willenken Firm"), counsel of record for Defendants Oversee.net ("Oversee"), Lawrence Ng, and Jeff Kupietzky. I have personal knowledge of the facts stated herein and, if called as a witness, I could competently testify thereto.

2. Attached as Exhibit B is a true and correct copy of a June 9, 2011 letter I sent to Shawna Rasul, counsel for Plaintiff Monte Cahn, in which I requested that the Oversee laptop in Mr. Cahn's possession ("Oversee Laptop") be returned in an unaltered state.

3. Attached as Exhibit C is a true and correct copy of an e-mail from Ms. Rasul to me, dated June 21, 2011, in response to my June 9, 2011 letter, in which she notes that Mr. Cahn is out of the country (presumably with his laptop) but otherwise providing no substantive response to my request.

4. Between July 1, 2011 and July 19, 2011, I met and conferred with Ken Watnick, counsel for Mr. Cahn, various times over the telephone and by e-mail regarding the return of the Oversee Laptop and issues associated with the content of the Oversee Laptop.

5. The final telephonic meet and confer occurred the morning of July 19, 2011. It is my belief, based on my conversation with Mr. Watnick, that both parties agree that: (i) the Oversee Laptop potentially contains evidence that is relevant to this matter and (ii) a protocol (either one agreed to by the parties or one issued by the Court in the event that the parties cannot agree) needs to be implemented to address each party's concerns regarding the contents on the Oversee Laptop as both sides have taken

the position that the Oversee Laptop contains information that the other side is prohibited from having or seeing.

6. Attached as Exhibits D, E, and F are the e-mails between me and Mr. Watnick which followed the telephonic conference of July 19, 2011.

7. At issue in this application is the disposition of the Oversee Laptop pending the institution of the protocol to be followed by the parties in accessing the contents of the Oversee Laptop. I have proposed that: (i) the Oversee Laptop be provided to a neutral third party who will agree to a confidentiality agreement, (ii) that the neutral third party make an image of the hard drive of the laptop upon receipt so that there exists a "snapshot" of the contents of the Oversee Laptop upon receipt by them, and (iii) that the image of the hard drive and the Oversee Laptop itself be held in their escrow, unavailable to either party absent an agreement of the parties or order of the Court. Subsequently, the parties can resolve (either on their own or with help from the Court) how to deal with their competing claims as to the contents of the Oversee Laptop.

8. It is my understanding that Mr. Watnick refuses to agree to this approach and is currently in the process of obtaining the Oversee Laptop from Mr. Cahn so that he can provide it to his hand-selected forensic consultant Intelligent Discovery Solutions ("IDS") for purposes of creating an image of the hard drive.

9. Neither Plaintiff's firm nor IDS is currently subject to any type of protective order or confidentiality agreement.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed the 19th day of July, 2011, at Los Angeles, California.

*/s/William A. Delgado*
William A. Delgado

-3-
DECLARATION OF WILLIAM DELGADO ISO OF *EX PARTE* APPLICATION FOR TRO

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: June 20, 2011                    WILLENKEN WILSON LOH & LIEB LLP

                                                By: */s/ William A. Delgado* .
                                                   William A. Delgado
                                                 Attorneys for Defendants OVERSEE.NET, JEFF KUPIETZKY, and LAWRENCE NG