UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03800-SVW-AGRx | Date | July 20, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee.Net et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER re Defendants' Ex parte Application for Temporary Restraining Order [14]

    Defendants' Ex Parte Application for Temporary Restraining Order is DENIED. Defendants contend that Plaintiff has been in wrongful possession of the computer at issue at all times since his December 31, 2010 termination. They fail to explain sufficiently why Defendant's possession of said computer is now, nearly seven months later (and nearly two months after this lawsuit began), an "emergency" justifying emergency relief.

    Defendants will have access to the computer in accordance with Fed. R. Civ. P. Rule 26 at the appropriate time. If Defendants believe that Plaintiff has failed to comply with the rules of discovery, this can be determined on a properly noticed motion. Defendants have not adequately justified expediting this procedure. Of course, should Plaintiff and his counsel fail to comport with the federal rules or his ethical obligations (via, e.g., spoliation or manipulation of evidence or wrongful disclosure of protected information), Defendants are entitled to seek sanctions or other proper relief.

    To the degree Defendants believe Plaintiff is wrongfully possessing Defendants' property, Defendants are entitled to seek recovery through the proper channels. The Ex Parte application is not an appropriate vehicle for doing so.

:

Initials of Preparer     PMC