**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: barber@lbbslaw.com
KENNETH D. WATNICK, SB# 150936
  E-Mail: watnick@lbbslaw.com
SONJA HARRINGTON, SB# 261053
  E-Mail: sharrington@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for MONTE CAHN, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual; LAWRENCE NG, an individual; and Does 1 through 10,<br><br>Defendants. | CASE NO. CV11-03800 SVW (AGRx)<br><br>The Hon. Stephen V. Wilson<br>[Magistrate Judge Alicia G. Rosenberg]<br><br>**MONTE CAHN'S EX PARTE APPLICATION TO CLARIFY, MODIFY, AND/OR CONTINUE THE DEADLINE FOR EXPERT REPORTS**<br><br>[Declaration of Sonja Harrington filled concurrently herewith]<br>[Notice provided to Opposing Party under FRCP 65 and LR 7-19]<br><br>COMPLAINT FILED: May 3, 2011<br>TRIAL DATE: January 17, 2012 |

MONTE CAHN'S EX PARTE APPLICATION TO CONTINUE THE DEADLINE FOR EXPERT REPORTS

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff MONTE CAHN ("Cahn") hereby applies *ex parte* for an order requesting clarification or, in the alternative, continuation and modification of the Expert Report deadlines by four (4) weeks, such that Cahn's Expert Report is to be submitted on November 22, 2011, and Defendants Oversee.net ("Oversee"), Jeff Kupietzky ("Kupietzky") and Lawrence Ng's ("Ng") (collectively "Defendants") Rebuttal Expert Report is to be submitted on December 22, 2011.

Good cause exists for the relief requested since discovery has only recently commenced. Pursuant to the Court's August 29, 2011 Order, the Court set a trial date of January 17, 2012, ordered an initial exchange of documents relating to Cahn's first cause of action by September 19, 2011, but did not specifically set deadlines for the exchange of expert reports. Pursuant to the Court's August 29, 2011 Order [Doc. No. 25], the parties exchanged approximately 5,000 pages of documents on September 19, 2011. However, Defendants have yet to produce the financial documents and records that are necessary for the determination of Cahn's performance goals under his Management Incentive Plan ("MIP"). Instead, Defendants have claimed that they will not produce any documents until the Court issues a protective order. Even then, Oversee has suggested that it will seek further protection for additional documents.

Additionally, no depositions have been conducted in this matter. The first deposition in this action, the deposition of Defendant Kupietzky, is scheduled for October 26, 2010. Also, Defendants rejected Cahn's requests for a Rule 26 conference in early July, and declined Cahn's request to commence depositions in July 2011, asserting instead that depositions would not occur until after the Rule 26 conference.

Despite the state of discovery, Defendants recently filed an Ex Parte Application [Doc. No. 32] in which they claim that Cahn's experts must serve their

4831-0478-8748.1

1

MONTE CAHN'S EX PARTE APPLICATION TO CONTINUE THE DEADLINE FOR EXPERT REPORTS

reports by October 19, 2011 – 90 days before trial.  Thus, Defendants contend that Cahn's expert must prepare and serve a report without the benefit of discovery.  Cahn does not believe that the Court intended such a schedule and requests the appropriate relief.

Given Defendants' claim that experts must serve their reports on the October 19, 2011 deadline, Cahn does not have sufficient time to file a noticed motion for clarification of the expert report deadline.  Also, prior to filing this application, Cahn proposed that the parties agree upon a reasonable schedule for expert reports after the parties complete discovery.  Oversee has declined Cahn's request.

Under the circumstances, Cahn requests that the Court provide appropriate clarification and guidance as to the deadline for expert reports.  Cahn proposes that the Court require the parties to serve expert reports on November 22, 2011 and rebuttal expert reports on December 22, 2011.

Cahn advised Defendants of its intention to seek the relief requested and notice of this application on October 12, 2011.  (¶¶ 2 and 3 to the Harrington Decl.)  On October 13, 2011 Cahn's counsel advised Defendants' counsel that Defendants had until 3:00 p.m. on October 14, 2011 to file any opposition.  (¶ 5 of the Harrington Decl.)

Counsel for Defendants is:

>William A. Delgado
>Wilenken Wilson Loh & Lieb LLP
>707 Wilshire Boulevard, Suite 3850
>Los Angeles, California 90017
>Telephone: (213) 955-9240
>Fax: (213) 955-9250

This Application is based upon this Ex Parte Application, the Memorandum of Points and Authorities attached herewith, the Declaration of Sonja Harrington in Support of Ex Parte Application, the papers and records on file in this action, and such additional evidence and documents as the Court deems necessary and proper.  A copy of a proposed order is attached hereto as Exhibit "A."

1  DATED: October 13, 2011

JOHN L. BARBER
KENNETH D. WATNICK
SONJA HARRINGTON
**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Sonja Harrington
 Sonja Harrington
 Attorneys for MONTE CAHN

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Monte Cahn ("Cahn") requests that the Court clarify or modify the deadline for the service of expert reports and rebuttal reports. This Court's August 29, 2011 Minute Order directed the parties to exchange correspondence relating to Cahn's First Claim for Breach of Contract by September 19, 2011, and scheduled trial for January 17, 2012, but did not specifically set a deadline for expert reports and rebuttal reports. (Court's August 29, 2011 Minute Order [Doc. No. 26], Ex. "5" to the Declaration of Sonja Harrington "Harrington Decl.".) Based upon FRCP 26(a)(2)(D), Defendant Oversee.net ("Oversee") has recently asserted that Cahn's Expert Report is to be served on October 19, 2011. (10/5/2011 email from William Delgado ("Delgado") to Ken Watnick ("Watnick"), Ex. "6" to Harrington Decl.) However, this deadline would occur before Defendants' actual production of financial documents and before the parties have conducted a single deposition. Cahn would suffer substantial prejudice if his experts were required to serve expert reports at the outset of discovery. Furthermore, Cahn has been diligent in his attempt to commence depositions; even before the Court's August 29, 2011 Order, Cahn began requesting dates for depositions from Oversee's representatives. (7/19/2011 email from Watnick to Delgado, Ex. "7" to Harrington Decl.) However, Oversee refused to discuss scheduling depositions until after the Rule 26 Conference, which it would not hold until after the Court's ruling on Ovesee's Motion to Dismiss. (7/21/2011 email from Delgado to Watnick, Ex. "8" to Harrington Decl.)

Accordingly, Cahn respectfully requests that the Court provide guidance and clarification as to the timing of the party's respective expert reports.

/ / /
/ / /
/ / /

## II. PROCEDURAL BACKGROUND

This case arises from Defendants' breach of a Management Incentive Plan ("MIP") entered into between Cahn and Oversee at the commencement of his employment at Oversee. The MIP set certain benchmarks, or performance goals, that Cahn was incentivized to meet based on various business segments gross profit and/or EBITDA. The plan was to be in effect during Cahn's three years of employment at Oversee. If Cahn reached these benchmarks, or a certain percentage of any of the benchmarks, he was to be awarded a pre-determined bonus. According to Defendants, Cahn failed to reach any of the performance goals for any of the three years that he was employed at Oversee. Cahn repeatedly requested to review the financial information substantiating Defendants' assertion that the goals were not met, but his requests were repeatedly denied. As such, Cahn was forced to bring the present action against Defendants. Cahn filed his Complaint on May 3, 2011.

After the filing of Cahn's complaint, Defendants filed a Motion to Dismiss the Second, Fifth, Seventh, Eighth, Ninth, Tenth Claims for Relief [Doc. No. 6]. As a result Cahn filed his First Amended Complaint on June 22, 2011 [Doc. No. 10]. Again, on July 15, 2011 Defendants filed a Motion to Dismiss the Fourth, Sixth, Eighth, Ninth, and Tenth Claims for Relief from Cahn's First Amended Complaint [Doc. No. 12], which this Court granted, with leave to amend, on August 25, 2011 [Doc. No.22].

Since Defendants did not file motions to dismiss with respect to Cahn's first claim for breach of contract, Cahn requested, in July 2011, that Defendants participate in a Rule 26 conference since it is a precondition to a party's right to commence discovery. (7/20/2011 email from Watnick to Delgado, Ex. "9" to Harrington Decl.) Cahn also requested to set the depositions of two critical witnesses, Defendants Jeff Kupietzky and Lawrence Ng, especially because Kupietzky was scheduled to move from Los Angeles to Israel in August 2011. (7/20/2011 email from Watnick to Delgado, Ex. "9" to Harrington Decl.)

4831-0478-8748.1

2

MONTE CAHN'S EX PARTE APPLICATION TO CONTINUE THE DEADLINE FOR EXPERT REPORTS

Defendants rejected Cahn's request for a Rule 26 conference and advised that they would not produce any witnesses for deposition until after the Rule 26 conference. Defendants' counsel advised:

> I look forward to promptly convening a Rule 26(f) conference as soon as the pleadings in this matter are scheduled or at a sooner date if required by court order. In the meantime, absent court order, you can forget about your plan to depose my clients before you have made your disclosures, produced the laptop for inspection, and made a document production.

(7/21/2011 email from Delgado to Watnick, Ex. "8" to Harrington Decl.)

On August 25, 2011, this Court granted Defendants' Motion to Dismiss the First Amended Complaint and ordered the parties to conduct a Rule 26 conference prior to the August 29, 2011 Status Conference [Doc. 23]. During the August 29, 2011 Status Conference this Court ruled that the First Cause of Action for Breach of the MIP would be bifurcated from the remaining causes of action, ordered disclosure of relevant communications within three weeks, and set trial for January 17, 2011. (Court's August 29, 2011 Minute Order [Doc. 26], Ex. "5" to the Harrington Decl.) The Court did not specifically set deadlines for expert disclosures and reports. (*Id.*)

Since the August 29, 2011 conference the parties have exchanged communications relating to the first claim for breach of contract. (¶ 11 of Harrington Decl.) However, Defendants have refused to produce all of the financial information relating to the breach of contract claim necessary for an expert to prepare a comprehensive analysis of Cahn's damages. Instead, on October 10, 2011, Defendants responded to Cahn's first Request for Production by claiming that they would not produce any "confidential" financial information until the Court entered a protective order. (Oversee's Response to Cahn's First Request for

1 Production, Ex. "10" to the Harrington Decl.)  Defendants also suggested that they would not produce any "competition sensitive information" until after the Court ruled on a motion for a protective order with respect to such information.  (*Id*.)

Additionally, Cahn has set six depositions.  Cahn has scheduled the deposition of Jeff Kupietzky for October 26, 2011, and the depositions of Lawrence Ng, Josh Armstrong, Stacey Peterson, Stephen O'Neil, and Craig Snyder have been noticed for both October and November.  By letter dated October 10, 2011, Defendants advised that they would not produce any corporate affiliated witnesses for depositions until Cahn, a Florida resident, appeared for deposition on October 28, 2011.  (10/10/2011 Letter from Delgado to Watnick, Ex. "11" to Harrington Decl.)  Given that Defendants are likely to depose Cahn's Florida counsel, Cahn proposed to schedule his deposition concurrently with his counsel's deposition in Florida.  (10/10/2011 Letter from Watnick to Delgado, Ex. "12" to Harrington Decl.)  Defendants have not responded to this proposal.

Instead, on October 10, 2011, Defendants filed an Ex Parte Application for a Protective Order [Doc. 32].  Therein they claim that Cahn's experts must serve their reports by October 19, 2011, before discovery has commenced.  On October 12, 2011, Cahn met and conferred with Defendants' counsel and proposed that the parties agree upon a reasonable schedule to exchange export reports after formal discovery had commenced.  (10/12/2011 email from Watnick to Delgado, Ex. "1" to Harrington Decl.)  Defendants did not accept this proposal.  (10/13/2011 email from Delgado to Harrington, Ex. "3" to Harrington Decl.)

III. **GOOD CAUSE EXISTS TO GRANT THE EX PARTE APPLICATION**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court may modify its Scheduling Order "for good cause and with the judge's consent."  (FRCP Rule 16(b).)  The party seeking to modify the order must demonstrate that the schedule cannot reasonably be met, "despite the [party's] diligence."  ( *Johnson v.*

4831-0478-8748.1

4

MONTE CAHN'S EX PARTE APPLICATION TO CONTINUE THE DEADLINE FOR EXPERT REPORTS

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *In re Imperial Credit Indus., Inc. Sec. Litig.,* 252 F. Supp. 2d 1005, 1017 (C.D. Cal. 2003).)  As further explained below, both parties have worked diligently to conduct discovery since receiving the Order setting the trial date on August 29, 2011, however, with the expedited schedule, Cahn's expert report deadline of October 19, 2011 cannot reasonably be met.

Cahn filed the instant action on May 3, 2011.  On August 29, 2011 this Court held a Status Conference and ruled that Cahn's First Cause of Action for Breach of Contract would be bifurcated from the remaining causes of action, and set a trial date of January 17, 2012.  The ruling was confirmed in the Civil Minutes issued by the Court on August 29, 2011 [Doc. No. 26].  The Civil Minutes ordered that "[w]ithin three weeks, the parties are ordered to exchange any and all correspondence, including emails, that they think relevant." (Court's August 29, 2011 Minute Order [Doc. 26], Ex. "5" to Harrington Decl.)  The ruling did not specifically reference the date for expert reports.

Pursuant to the Court's August 29, 2011 Order, both Parties simultaneously exchanged correspondence related to the First Cause of Action on September 19, 2011. (¶ 11 of the Harrington Decl.)  There were nearly 5,000 pages of documents exchanged. (*Id.*)  However, the documents consisted primarily of emails and correspondence, and any financial statements were limited to those financials used in and during the negotiations.  There were no financial statements relating to Oversee's financial performance between 2007 and 2010, and Cahn's performance as related to his performance goals under the MIP.  These documents are being withheld pending the ruling on Defendants Ex Parte Application for a Protective Order [Doc. 32].

Additionally, immediately after the Court issued its order, the parties initiated discovery.  On September 7, 2011 Cahn served his First Set of Requests for Production. (Cahn's First Set of Requests for Production, Ex. "13" to Harrington

1  Decl.)  Shortly thereafter, on September 13, 2011, Cahn served his First Set of
2  Requests for Admissions and Special Interrogatories (Cahn's First Set of Requests
3  for Admissions and Special Interrogatories, Exs. "14" and "15" to Harrington
4  Decl.), and on September 15, 2011 served his Second Set of Requests for Production
5  (Cahn's Second Set of Requests for Production, Ex. "16" to Harrington Decl.).
6  Similarly, on September 2, 2011 Oversee served its First Set of Requests for
7  Production and Requests of Admissions.  (Oversee's First Set of Requests for
8  Production and Requests of Admissions, Exs. "17" and "18" to Harrington Decl.)
9  Both sides were diligent in propounding their discovery requests, however, under
10 the Federal Rules of Civil Procedure, specifically Rules 33 and 34, the parties would
11 not receive responses until 30 days after their respective requests.  (FRCP Rules 33
12 and 34.)  Additionally, due to a dispute relating to a proposed Protective Order, to
13 date, Cahn has not received any documents in response to his First Request for
14 Production.  (Oversee's Response to Cahn's First Request for Production, Ex. "10"
15 to the Harrington Decl.)  Defendants have suggested that, even after the protective
16 order dispute is resolved, it will seek further relief with respect to certain
17 "competition-sensitive" documents.  (See, for example, Response to Request for
18 Production Nos. 1, 3, 4, and 5 of Oversee's Response to the First Request for
19 Production, Ex. "10" to the Harrington Decl.)
20       The Parties have also set numerous depositions.  The first deposition of Jeff
21 Kupietzky is scheduled to proceed on October 25, 2011.  The depositions of
22 Lawrence Ng, Josh Armstrong, Stacey Peterson, Stephen O'Neil, and Craig Snyder
23 have all been noticed by Cahn.  Defendants have also noticed the deposition of
24 Monte Cahn for October 28, 2011.  (10/10/2011 Letter from Delgado to Watnick,
25 Ex. "11" to Harrington Decl.)  However, all of these dates are set *after* the current
26 deadline for Cahn's Expert Report.  As such, as the current deadline for expert
27 report stands, Cahn is unable to depose any witnesses regarding Cahn's attainment
28

4831-0478-8748.1

6

MONTE CAHN'S EX PARTE APPLICATION TO CONTINUE THE DEADLINE FOR EXPERT REPORTS

of his goals under the MIP and the financial performance of Oversee and Moniker between 2007 and 2010.

As demonstrated by the above timetable, the Parties were diligent in initiating discovery immediately after the Court's Order. However, due to the expedited schedule, and a trial date of January 17, 2012, Cahn could not reasonably have obtained the necessary information required to produce a meaningful and relevant Expert Report by October 19, 2011.

Accordingly, Cahn respectfully requests that this Court grant Cahn's ex parte application and clarify, modify, or continue the deadline for the Parties' Expert Reports.

IV.  **CONCLUSION**

Based on the foregoing, Cahn respectfully request that this Court grant the *ex parte* application and issue an appropriate schedule for expert reports.

DATED: October 13, 2011        JOHN L. BARBER
                               KENNETH D. WATNICK
                               SONJA HARRINGTON
                               **LEWIS BRISBOIS BISGAARD & SMITH LLP**


                               By:   /s/ Sonja Harrington
                                     Sonja Harrington
                                     Attorneys for MONTE CAHN



4831-0478-8748.1

7

MONTE CAHN'S EX PARTE APPLICATION TO CONTINUE THE DEADLINE FOR EXPERT REPORTS

# DECLARATION OF SONJA HARRINGTON

I, SONJA HARRINGTON, declare:

1. I am an attorney duly licensed to practice before the courts of the State of California and am an associate with the law firm of Lewis, Brisbois, Bisgaard & Smith, LLP, attorneys of record for Plaintiff Monte Cahn ("Cahn"). I have personal knowledge of the facts stated herein and as such could and would testify competently thereto as follows.

2. On October 12, 2011 at 8:00 a.m. Cahn requested from Defendants that the parties stipulate to the timing of their respective expert disclosures. Cahn advised Defendants that if Defendants did not agree to stipulate to a schedule, Cahn would seek a request for clarification and/or modification from the court. A true and correct copy of the October 12, 2011 email is attached hereto as Exhibit "1".

3. During an 11:00 a.m. telephone conference with Defendants I confirmed that Defendants had received Cahn's request for a stipulation. Defendants confirmed that they did, however, at the time they could not take a position in the matter. I confirmed the telephone conference in an October 12, 2011 email and requested that the Defendants provide a response by 5:00 p.m. that evening so that Cahn could file an ex parte request with the court the following day. A true and correct copy of the October 12, 2011 email is attached hereto as Exhibit "2".

4. On October 13, 2011 at 9:38 a.m. Defendants counsel informed Cahn that Defendants could not agree to Cahn's request for a stipulation. A true and correct copy of the October 13, 2011 email is attached hereto as Exhibit "3".

5. On October 13, 2011 I advised Defendants' counsel that Defendants had until 3:00 p.m. on October 14, 2011 to file any opposition to Cahn's ex parte application. A true and correct copy of the October 13, 2011 email is attached hereto as Exhibit "4".

6. A true and correct copy of the Court's August 29, 2011 Minute Order

1. [Doc. No. 26], is attached hereto as Exhibit "5".

7. A true and correct copy of the October 5, 2011 email from William Delgado ("Delgado") to Ken Watnick ("Watnick") is attached hereto as Exhibit "6".

8. A true and correct copy of the July 19, 2011 email from Watnick to Delgado is attached hereto as Exhibit "7".

9. A true and correct copy of the July 21, 2011 email from Delgado to Watnick is attached hereto as Exhibit "8".

10. A true and correct copy of the July 20, 2011 email from Watnick to Delgado is attached hereto as Exhibit "9".

11. Since the August 29, 2011 conference the parties have exchanged nearly 5,000 pages of communications relating to the First Claim for Breach of Contract.

12. A true and correct copy of Oversee's Response to Cahn's First Request for Production is attached hereto as Exhibit "10".

13. A true and correct copy of the October 10, 2011 Letter from Delgado to Watnick is attached hereto as Exhibit "11".

14. A true and correct copy of the October 10, 2011 Letter from Watnick to Delgado is attached hereto as Exhibit "12".

15. A true and correct copy of Cahn's First Set of Requests for Production is attached hereto as Exhibit "13".

16. A true and correct copy of Cahn's First Set of Requests for Admissions is attached hereto as Exhibit "14".

17. A true and correct copy of Cahn's Special Interrogatories is attached hereto as Exhibit "15".

18. A true and correct copy of Cahn's Second Set of Requests for Production is attached hereto as Exhibit "16".

19. A true and correct copy of Oversee's First Set of Requests for Production is attached hereto as Exhibit "17".

1   20. A true and correct copy of Oversee's Requests of Admissions is
2   attached hereto as Exhibit "18".

4   _____/s/ Sonja Harrington_____
5   Sonja Harrington