William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10<br><br>Defendants. | Case No. CV11-03800 SVW (AGRx)<br><br>**DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**<br><br>DATE:    December 19, 2011<br>TIME:    1:30 p.m.<br>PLACE:  Crtrm. 6<br><br>Complaint Filed:    May 3, 2011<br>Pretrial Conf. Date: January 9, 2012<br>Trial Date:           January 17, 2012 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on December 19, 2011, at 1:30 p.m. in

3  Courtroom 6 of the United States District Court for the Central District of California,

4  located at 312 N. Spring Street, Los Angeles, CA 90012, Defendant Oversee.net will,

5  and hereby does, move to strike Plaintiff's jury demand with respect to the First Cause

6  of Action.

7         The grounds for this motion are set forth in the accompanying Memorandum of

8  Points and Authorities; to wit, that the First Cause of Action for Breach of the 2007

9  Management Incentive Plan is a claim for employment compensation that arises from a

10  written Employment Agreement between the parties.  The Employment Agreement

11  contains a valid and enforceable jury waiver provision.

12         This Motion is brought pursuant to this Notice of Motion and Motion; the

13  Memorandum of Points and Authorities filed herewith, the Declaration of Todd

14  Greene, and on such other or further matters as may be presented at the hearing of this

15  matter.  This Motion is made following a conference of counsel pursuant to Local Rule

16  7-3 which took place on November 2, 2011.

17  Dated:  November 14, 2011              WILLENKEN WILSON LOH & LIEB LLP

18

19                                        By:*/s/ William A. Delgado*
20                                        William A. Delgado,
                                          Attorneys for Defendants OVERSEE.NET,
21                                        JEFFREY KUPIETZKY, and LAWRENCE NG

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     ISSUE PRESENTED**

Whether plaintiff Monte Cahn executed a contractual jury trial waiver that applies to his First Claim for Relief.[1]

**II.     INTRODUCTION**

Plaintiff Monte Cahn ("Cahn") alleges that, as part of a transaction under which Oversee.net ("Oversee") acquired Domain Systems, Inc. dba Moniker.com ("Moniker") Oversee demanded that Cahn agree "to join Oversee for at least three years after the sale."  Second Amended Complaint ("SAC") ¶ 12.  Consistent with Cahn's allegations, he, in fact, executed the December 14, 2007 Employment Agreement ("Employment Agreement").  Declaration of Todd Greene, Ex. A.  The Employment Agreement ran from the transaction closing date in December, 2007 until December 31, 2010.  *Id.* at §§ 1, 4(a).

The Management Incentive Plan ("MIP") that forms the basis for Cahn's First Claim for Relief was "an additional inducement" offered to Cahn to accept employment with Oversee.  SAC, ¶ 20.  The Employment Agreement identifies participation in the MIP as one of the elements of Cahn's employment compensation.  Ex. § 3(d).  The MIP, like the Employment Agreement, ran through December 31, 2010.

Although Cahn's First Claim for Relief alleges a breach of contract claim arising under the MIP, Cahn is not a signatory to the MIP.  Greene decl., Ex B.  Rather, the MIP is just an incentive plan document not executed by anyone.  The Employment Agreement is the contract that Cahn and Oversee executed, and it is through Section §3(d) of the Employment Agreement that Cahn claims a right to participate in the MIP.

---

[1]     Defendants reserve their arguments as to the application of the contractual jury trial waiver to Cahn's remaining claims, which are bifurcated and stayed.

1    Section 22 of that Employment Agreement mutually waives the parties' rights to

2    a jury trial:

3        Waiver of Jury Trial. AS A SPECIFICALLY BARGAINED FOR

4        INDUCEMENT FOR EACH OF THE PARTIES HERETO TO

5        ENTER INTO THIS AGREEMENT (AFTER HAVING THE

6        OPPORTUNITY TO CONSULT WITH COUNSEL), EACH

7        PARTY HERETO EXPRESSLY WAIVES THE RIGHT TO

8        TRIAL BY JURY IN ANY LAWSUIT OR PROCEEDING

9        RELATING TO OR ARISING IN ANY WAY FROM THIS

10       AGREEMENT OR THE MATTERS CONTEMPLATED

11       HEREBY.

12   *Id.* at Section 22 (Capitalization as in Original).  As discussed below, the waiver is

13   expressed using the broadest possible language, applying to "any lawsuit or proceeding

14   relating to or arising in any way from this Agreement or the matters contemplated

15   hereby."  Cahn's First Claim for Relief relates to and arises from his Employment

16   Agreement, and, therefore, the jury waiver provision applies.

17   **III.   ARGUMENT**

18       A.    The Jury Trial Waiver is Valid and Enforceable.

19       In *Simler v. Conner*, 372 U.S. 221 (1963), the Supreme Court held that "the right

20   to a jury trial in the federal courts is to be determined as a matter of federal [law] in

21   diversity as well as other actions."  *Id.* at 222; *see also Granite State Ins. Co. v. Smart*

22   *Modular Techs., Inc.*, 76 F.3d 1023, 1026-27 (9th Cir. 1996) ("In a diversity action,

23   federal law governs whether a party is entitled to a jury trial and if so, on what

24   issues.").  As the Supreme Court explained, "[i]n diversity cases, of course, the

25   substantive dimension of the claim asserted finds its source in state law, but the

26   characterization of that state-created claim as legal or equitable for purposes of whether

27   a right to jury trial is indicated must be made by recourse to federal law."  *Simler*, 372

28   U.S. at 222 (citations omitted); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212,

1   222 (3rd Cir. 2007) (waiver of constitutional right to jury trial is an issue of federal

2   law).

3        "[U]nder federal law, parties may contractually waive their right to a jury trial."

4   *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 521 F.Supp.2d 1031, 1044

5   (N.D. Cal. 2007).  Indeed, as previously noted by this Court in *Okura & Co. (America),*

6   *Inc. v. Careau Group*, 783 F. Supp. 482 (C.D. Cal. 1991)(Wilson, J.), "[w]hile the right

7   to civil jury trial is a fundamental constitutional right, it may be waived by a contract

8   knowingly and voluntarily executed."  *Id.* at 488.

9        Cahn's own allegations and the accompanying Greene declaration establish that

10  the jury trial waiver in the Employment Agreement was knowingly and voluntarily

11  executed.

12              "A waiver is knowing, voluntary and intelligent when the facts

13              show that (1) there was no gross disparity in bargaining power

14              between the parties; (2) the parties are sophisticated business

15              entities; (3) the parties had an opportunity to negotiate the contract

16              terms; and (4) the waiver provision was conspicuous."

17  *First Union Nat. Bank v. U.S.,* 164 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (analyzing

18  contractual jury trial waiver).

19        All four elements are shown here.  First, there was no "gross disparity" in the

20  parties' bargaining power – Cahn was an industry "pioneer;" he was Moniker's Chief

21  Executive Officer; and he had "other lucrative business opportunities" that he alleges

22  he chose to forego in favor of executing the Employment Agreement.  SAC, ¶¶ 8, 10,

23  22.  Second, Cahn's sophistication, as an asserted industry "pioneer" and as CEO of

24  Moniker, is beyond reasonable dispute.  Third, the parties did, in fact, negotiate the

25  Employment Agreement, a fact confirmed by the jury waiver itself.  Greene Decl., ¶

26  __; ex. A, § 22; *see also,* Cal. Evid. Code § 622 ("The facts recited in a written

27  instrument are conclusively presumed to be true as between the parties thereto . . . .").

28

Finally, there is no reasonable dispute that the jury waiver provision is prominently displayed (in capital letters) in a document of reasonable length.

In short, Cahn voluntarily waived his right to a jury trial on any claim arising from or related to his employment with Oversee. As discussed below, that waiver applies to Cahn's First Claim for Relief.

B.   The Jury Trial Waiver Applies to Cahn's First Claim for Relief.

As noted, above, the jury waiver is broadly drafted to apply to "*any* lawsuit or proceeding *relating to* or *arising in any way* from this agreement or the matters contemplated hereby." Greene Decl. Ex. A, § 22 (emphases added). This is the broadest possible language the parties could have used. *See, e.g., Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1394 (9th Cir.1991) ("'Any' is an all encompassing term."); *Acceptance Ins. Co. v. Syufy Enterprises,* 69 Cal. App. 4th 321, 329 (1999) (term "arising from" or "arising out of" "connotes only a minimal causal connection or incidental relationship."); *Xuereb v. Marcus & Millichap, Inc.,* 3 Cal. App. 4th 1338, 1334 (1992) ("In ordinary popular speech, as well as in legal opinions, it is common to use the phrase 'arises from' or 'arises out of' in a far more general, transactional sense than is suggested by phrases such as 'derives from' or 'proximately caused by'"); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97-98,103 S.Ct. 2890 (1983) ("A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.") (citing Black's Law Dictionary, p. 1158 (5th ed. 1979) for the definition of "relate").[2]

The MIP is an integral part of the Employment Agreement, which is the contract that secures Cahn's right to participate in the MIP. *See,* Greene Decl. Ex. A, § 3(d)

---

[2]   The Employment Agreement contains a Florida choice of law provision. Florida law similarly treats the language used in the jury trial waiver expansively. *See, e.g., Koechli v. BIP Intern., Inc.,* 870 So.2d 940, 946 (Fla. App. 2004) (describing as "expansive" an arbitration clause applicable to "any controversy or claim arising out of or in connection with this Agreement, or the alleged breach thereof."); *Mintz & Fraade, P.C. v. Beta Drywall Acquisition, LLC*, 59 So.3d 1173, 1176 (Fla. App. 2011) ("when the term 'arising out of' is combined with 'relating to' in an arbitration provision, the provision is to be interpreted broadly.").

1   ("During the Employment Period, Executive shall be entitled to participate in . . . [the
2   MIP] . . . ."); *see also Okura*, 783 F. Supp. 489 (finding that Plaintiff's thirteenth cause
3   of action for breach of a letter agreement was "related" to a December 1987 agreement
4   and, thus, subject to a valid jury waiver provision in the 1987 agreement).

5        The language of the jury trial waiver is expressed in the broadest possible way.
6   Cahn's claim for compensation to which he allegedly was entitled as an Oversee
7   employee clearly relates to and arises from his Employment Agreement.  Cahn has thus
8   waived his right to a jury trial.

9   **IV.   CONCLUSION**

10       Cahn's claims for compensation under the MIP arise directly from the
11  Employment Agreement.  The Employment Agreement's broad jury trial waiver thus
12  applies and Cahn's demand for jury with respect to the First Cause of Action for
13  Breach of the MIP should be stricken.

14

15  Dated:  November 14, 2011          WILLENKEN WILSON LOH & LIEB LLP

16

17                                     By:*/s/ William A. Delgado*
18                                     William A. Delgado,
19                                     Attorneys for Defendants OVERSEE.NET,
                                       JEFFREY KUPIETZKY, and LAWRENCE NG

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Respectfully submitted this 14th day of November 2011.

Dated:  November 14, 2011          WILLENKEN WILSON LOH & LIEB LLP

By:*/s/ William A. Delgado*
William A. Delgado,
Attorneys for Defendants OVERSEE.NET,
JEFFREY KUPIETZKY, and LAWRENCE NG