**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: barber@lbbslaw.com
KENNETH D. WATNICK, SB# 150936
  E-Mail: watnick@lbbslaw.com
SONJA HARRINGTON, SB# 261053
  E-Mail: sharrington@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for MONTE CAHN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONTE CAHN,<br><br>        Plaintiff,<br><br>vs.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual; LAWRENCE NG, an individual; and Does 1 through 10,<br><br>        Defendants. | CASE NO. CV11-03800 SVW (AGRx)<br><br>The Hon. Stephen V. Wilson<br>[Magistrate Judge Alicia G. Rosenberg]<br><br>**PLAINTIFF MONTE CAHN AND DEFENDANT OVERSEE.NET'S JOINT EX PARTE APPLICATION FOR AN ORDER MODIFYING THE PARTIES' BRIEFING SCHEDULE TO OVERSEE'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Declaration of Kenneth D. Watnick filed concurrently herewith]<br><br>[Notice provided under FRCP 65 and LR 7-19]<br><br>Complaint Field:    May 3, 2011<br>Discovery Cutoff:    December 16, 2011<br>Pre-Trial Conference: January 9, 2011<br>TRIAL DATE:    January 17, 2012 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff MONTE CAHN ("Cahn") and Defendant Oversee.net ("Oversee") hereby jointly apply *ex parte* for an order modifying the Parties' briefing schedule for Oversee's Motion for Summary Judgment.

Good cause exists for the requested relief as both parties have stipulated to a modification of the briefing schedule given certain timing factors. In anticipation of certain motions being filed, on November 2, 2011, Ken Watnick, counsel for Cahn, advised William Delgado, counsel for Oversee, that he was unavailable the week of Thanksgiving as he was to be out of Los Angeles from November 22nd through November 28, 2011. (¶ 2 to the Watnick Decl.) On November 16, 2011 Cahn received Oversee's Motion for Summary Judgment, and related moving papers, with a hearing date of December 19, 2011. (¶ 3 to the Watnick Decl.) Mr. Watnick, Cahn's counsel, immediately notified Oversee that Cahn's opposition would be due Monday, November 28, 2011, and again advised that he would be out of town from Tuesday, November 22, 2011 through November 28, 2011, and requested that the parties stipulate to an amended briefing schedule. Watnick proposed that Cahn have an additional week, from November 28th to December 5th, and that Oversee also have seven days, until December 12th (moved from December 5th), for filing their Reply Brief. (¶ 4 to the Watnick Decl.) Oversee responded and explained that the last hearing date available prior to the pretrial conference for Oversee's Motion for Summary Judgment was December 19th, since the two Mondays preceding January 9th are federal holidays. Oversee also agreed to a modified briefing schedule so long as Oversee had seven days to file a reply, as long as the hearing date remained on December 19th, and as long as the Court approved the change. (¶ 5 to the Watnick Decl.) The parties agreed to seek leave from the court to modify the briefing schedule. (¶ 6 to the Watnick Decl.)

Cahn advised Defendants of its intention to seek the relief requested and

notice of this application on November 17, 2011.  (¶ 6 to the Watnick Decl.)  On November 17, 2011 Oversee's counsel advised that they would agree to seek leave jointly. (¶ 6 of the Watnick Decl.)

   Counsel for Defendants is:

> William A. Delgado
> Willenken Wilson Loh & Lieb LLP
> 707 Wilshire Boulevard, Suite 3850
> Los Angeles, California 90017
> Telephone: (213) 955-9240
> Fax: (213) 955-9250

   Further, this Stipulation is submitted on an ex parte basis as there would be no time to file a motion on a regular noticed basis to obtain the relief requested.  The Parties are cognizant that their proposed schedule results in the Court having one week, instead of two, for consideration of the motion papers, but it was apparently not possible for the Moving Party to file its Summary Judgment Motion for hearing on an earlier date.

   This Application is based upon this Ex Parte Application, the Memorandum of Points and Authorities attached herewith, the Declaration of Kenneth D. Watnick in Support of Ex Parte Application, the papers and records on file in this action, and such additional evidence and documents as the Court deems necessary and proper.  A copy of a proposed order is attached hereto as Exhibit "A."

DATED: November 17, 2011   JOHN L. BARBER
                KENNETH D. WATNICK
                SONJA HARRINGTON
                LEWIS BRISBOIS BISGAARD & SMITH LLP

             By:  */s/ Sonja Harrington*
                Sonja Harrington
                Attorneys for MONTE CAHN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Monte Cahn ("Cahn") and Defendant Oversee.net ("Oversee") jointly seek leave from the Court to amend the current briefing deadlines to Oversee's Motion for Summary Judgment, filed on November 16, 2011. The parties have jointly stipulated to a new briefing schedule set forth below, and respectfully request that the Court enter an order modifying the current briefing schedule under Local Rule 7, to the following:  Cahn's Opposition to Oversee's Motion for Summary Judgment, due on December 5, 2011, and Oversee's Reply in Support of its Motion for Summary Judgment, due on December 12, 2011. The hearing date is to remain as originally scheduled for December 19, 2011.

## II.  GOOD CAUSE EXISTS TO GRANT THE EX PARTE APPLICATION

First, good cause exists as both parties have stipulated to a modified briefing schedule relating to Oversee's Motion for Summary Judgment, which was filed on November 16, 2011. [Doc. No. 63.]  Due to certain scheduling and notice requirements, the Parties have agreed to make changes which would permit the Moving Party the statutory time for a Reply Brief and still have the hearing occur before the Pre-Trial Conference.

On November 2, 2011, Ken Watnick, counsel for Cahn advised William Delgado, counsel for Oversee, that he would unavailable the week of Thanksgiving. (¶ 2 to the Watnick Decl.) On November 16, 2011 Cahn received Oversee's Motion for Summary Judgment, and related moving papers, with a hearing date of December 19, 2011. (¶ 3 to the Watnick Decl.)  Mr. Watnick, Cahn's counsel, recognized that Cahn's opposition would be due November 28, 2011, and he reiterated to Oversee that he would be out of the town from November 22, 2011 through the evening of November 28, 2011, and requested that the parties stipulate to an amended briefing schedule. (¶ 4 to the Watnick Decl.)  Oversee responded and

explained that the last hearing date available prior to the pretrial conference for Oversee's Motion for Summary Judgment was December 19th since the two Mondays preceding January 9th are federal holidays, and Oversee advised that was what triggered the November 28, 2011 opposition date.  Nevertheless, Oversee agreed to a modified briefing schedule so long as it had seven days to file its reply and the hearing date remained December 19th. (¶ 5 to the Watnick Decl.)  The parties agreed to jointly seek leave from the court to modify the briefing schedule. (¶ 6 to the Watnick Decl.)

The parties jointly propose the following amended schedule:

- Cahn's Opposition to Oversee's MSJ:
  - Prior Deadline: November 28, 2011
  - **New Deadline: December 5, 2011**
- Oversee's Reply in support of Oversee's MSJ:
  - Prior Deadline: December 5, 2011
  - **New Deadline: December 12, 2011**
- Hearing on Oversee's MSJ: December 19, 2011

III. **CONCLUSION**

Based on the foregoing, the parties respectfully request that this Court modify the parties' current briefing schedule to Oversee's Motion for Summary Judgment to the dates indicated above.



| | | |
|---|---|---|
| 1 | DATED: November 17, 2011 | JOHN L. BARBER |
| 2 | | KENNETH D. WATNICK |
| | | SONJA HARRINGTON |
| 3 | | **LEWIS BRISBOIS BISGAARD &** |
| 4 | | **SMITH LLP** |

By: ___*/s/ Sonja Harrington*___
     Sonja Harrington
     Attorneys for MONTE CAHN

DATED: November 17, 2011     **WILLENKEN WILSON LOH & LIEB LLP**

          */s/ William A. Delgado*
By: ___(by authorization)___
     William A. Delgado
     Attorneys for Defendant OVERSEE.NET

**DECLARATION OF KENNETH D. WATNICK**

I, KENNETH D. WATNICK, declare:

1. I am an attorney duly licensed to practice before the courts of the State of California and am a partner with the law firm of Lewis, Brisbois, Bisgaard & Smith, LLP, attorneys of record for Plaintiff Monte Cahn. I have personal knowledge of the facts stated herein and as such could and would testify competently thereto as follows:

2. On November 2, 2011 I met and conferred telephonically with Oversee's counsel, William Delgado. The substance of the conversation is memorialized in a November 2, 2011 e-mail from myself to Mr. Delgado. In anticipation of certain motions being filed, I confirmed in the e-mail that I had advised Mr. Delgado that I would be unavailable the week of Thanksgiving as I would be out of Los Angeles from November 22nd through November 28, 2011. A true and correct copy of the November 2, 2011 e-mail from Watnick to Delgado is attached hereto as Exhibit "1".

3. On November 16, 2011 I received Oversee's Motion for Summary Judgment, and related moving papers, with a hearing date of December 19, 2011.

4. I immediately notified Oversee, via e-mail, that Cahn's opposition would be due Monday, November 28, 2011, and again advised that I would be out of town from Tuesday, November 22, 2011 through November 28, 2011. I requested that the parties stipulate to an amended briefing schedule. I proposed that Cahn have an additional week, from November 28th to December 5th, and that Oversee also have seven days, until December 12th (moved from December 5th) for filing the Reply Brief. A true and correct copy of the November 16, 2011 e-mail from Watnick to Delgado is attached hereto as Exhibit "2".

5. Oversee responded and explained that the last hearing date available prior to the pretrial conference for Oversee's Motion for Summary Judgment was December 19th, since the two Mondays preceding January 9th are federal holiday.

1 Oversee also agreed to a modified briefing schedule so long as Oversee had seven
2 days to file a reply, as long as the hearing date remained on December 19th, and as
3 long as the Court approved the change.  A true and correct copy of the November
4 16, 2011 e-mail from Delgado to Watnick is attached hereto as Exhibit "2".

  6. The parties then agreed to jointly seek leave from the court to modify
the briefing schedule.  A true and correct copy of the November 17, 2011 e-mail
from Sonja Harrington to Delgado, making the proposal, and the November 17,
2011 e-mail from Delgado to Harrington, accepting the proposal, is attached hereto
as Exhibit "3".

  I declare under penalty of perjury under the laws of the United States, and the
State of California, that the forgoing is true and correct.  Executed on November 17,
2011, at Los Angeles, California.

             __/s/ Kenneth D. Watnick_____
             Kenneth D. Watnick

# EXHIBIT "1"

4822-5156-6595.1

# Harrington, Sonja

**From:** Watnick, Ken
**Sent:** Wednesday, November 02, 2011 5:44 PM
**To:** William Delgado (WDelgado@willenken.com)
**Cc:** Harrington, Sonja
**Subject:** Cahn v. Oversee

**ND:** -1

Will: This will confirm our conversation this afternoon regarding various matters, including discovery issues and the proposed summary judgment motion.

First, during the meet and confer, you advised that Oversee was filing a motion relating to two issues. First, Oversee is claiming that Oversee is entitled to summary judgment because it contends that the performance goals for Traffic Club, Registrar, and Domain Sales were not met. You confirmed that the motion relating to these three segments was based solely on the alleged failure to meet performance goals. Second, Oversee is claiming that it is entitled to summary judgment with respect to the Oversee EBITDA since the goal was never set by the Board. You advised that the sole ground for the motion relating to this segment is the absence of a TBD determination by the Board.

Second, you stated that you did not know the specific date when you were going to file the motion for summary judgment. In response, I advised that I had a family vacation planned for Thanksgiving week. I requested that you respect this vacation and not file the motion so that the opposition is due the Monday after Thanksgiving (while I am on a plane back to California). You stated that it was not your practice to schedule oppositions that conflict with family vacations. However, you stated that because of the Court's schedule, you were unwilling to confirm that you will not file the Motion while I am on vacation.

Third, you advised that you would not produce Mr. Ng prior to December 9. I advised that Mr. Ng's testimony was extremely relevant to Cahn's Opposition to the Motion for Summary Judgment and that we have been requesting Mr. Ng's deposition since July 2011. It is our intention to file to seek the immediate deposition of Mr. Ng so that we can incorporate his testimony in our Opposition. Also, this will confirm that I requested that you advise as to Mr. Celeste's availability for deposition.

Fourth, we discussed the numerous categories of missing financial documents. I advised that Mr. Kupietzky's testimony established that Oversee had not produced numerous financial documents, including the financial documents identified in the ex parte; budgets and forecasts; the weekly, monthly, and quarterly monetization reports; similar reports for the other business sectors; the tracking of DNS revenue; the tracking of O&O revenue; the numerous e-mails that Mr. Kupietzky sent to employees about Oversee's performance, and the reports to the Board and banks on Oversee's financial performance. You confirmed that Oversee had not produced all documents responsive to the First Request for Production on the grounds that the requests were overbroad and not reasonably particular.

You advised that Mr. Kupietzky was wrong in thinking that Mr. Greene had the folder of financial documents that was previously on Mr. Kupietzky's desk. I advised that it did not matter whether the folder was on Mr. Greene's desk or some other desk. The folder has not been produced.

You also advised that paper copies of financial reports may have been discarded. Of course, all of this information remains in Oversee's accounting system. Oversee's obligation was not limited to paper copies of documents.

Given Oversee's continuing unwillingness to produce critical financial information, I advised that Cahn intended to file a Joint Stipulation with respect to the missing documents. You will receive same shortly.

1

Fifth, you claimed that Oversee would only agree to produce certain financial information relating to other employee bonuses if Cahn agreed to an attorney's eyes only designation. In order to evaluate this request, requested a log of the financial documents that are being withheld and the basis for the refusal to produce. Also, I fail to understand why the existing confidentiality order is not sufficient to protect the information. As Mr. Kupietzky confirmed, Cahn was advised that he would be treated like any other employee. Mr. Cahn's review and evaluation of financial information is vital to determine whether Oversee's conduct with respect to other bonuses was in clear breach of contract.

Sixth, in response to your recent letter, I advised that there had been error in the recent production and that we would serve a corrected production. I reminded you that Oversee possessed copies of all documents in the recent production since its employees drafted, received, and/or were copied on the documents.

Seventh, I advised that your threatened Rule 11 motion relating to the conversion claim was improper. I noted that Oversee is complaining about a non-material allegation. In fact, the recent declaration confirms that Oversee converted Mr. Cahn's property during the period in question. In any event, rather than waste time with unnecessary motions, I advised that I would be willing to amend the conversion claim to delete the non-material allegation. I requested that you advise as to whether you would stipulate to the amendment. You advised that you would discuss with your client.

# EXHIBIT "2"

# Harrington, Sonja

**From:** Watnick, Ken
**Sent:** Wednesday, November 16, 2011 8:40 PM
**To:** Halperin, Larry; Harrington, Sonja
**Subject:** Fw: msj set for Dec 19


Sent via BlackBerry by AT&T

-----Original Message-----
From: William Delgado <WDelgado@willenken.com>
Date: Wed, 16 Nov 2011 20:20:02
To: <WATNICK@lbbs.llp>
Subject: RE: msj set for Dec 19

Ken,

Unfortunately, December 19th was the last hearing date that was available prior to the pretrial conference because the two Mondays preceding January 9th are federal holidays. That triggered the opposition deadline of November 28, 2011. Given your travel plans, we tried to ameliorate that by filing the MSJ earlier than November 21, 2011.

That said, as I indicated when you first raised this issue, I am not out to deprive you of your family vacation. I have no problem with your request, provided that (i) Oversee still has seven days between the filing of your opposition and the filing of its reply brief and (ii) the hearing date remains December 19th. I take it from your e-mail you don't have an issue with that. That said, you and I can't simply stipulate to that since the briefing schedule is set forth in the Local Rules. We'll need to jointly ask the court for an order modifying the briefing schedule.

Will


-----Original Message-----
From: Watnick, Ken [mailto:watnick@lbbslaw.com]
Sent: Wednesday, November 16, 2011 4:42 PM
To: William Delgado
Subject: Re: msj set for Dec 19

Will I understand that you filed oversee's motion for summary judgment and set the hearing for Dec 19. It is my understanding that Cahn"s opposition is due November 28. I previously advised you that my family had a prepaid vacation to New York. I will be out of the office from November 22 through 28 and will not return to Los Angeles until the evening of the 28.

Given the foregoing I request that you agree to continue the opposition filing date. I propose that we stipulate that Cahn's Opposition shall be filed on Dec 5 not November 28. I propose that Oversee file its reply on Dec. 12. I would propose no change in the hearing date unless the court deems it appropriate.

Please immediately advise. Alternatively we will file an ex parte requesting the same relief.
Sent via BlackBerry by AT&T

-----Original Message-----

1

From: William Delgado <WDelgado@willenken.com>
Date: Mon, 14 Nov 2011 21:25:56
To: Sonja Harrington<sharrington@lbbslaw.com>; Leemore Kushner<lkushner@willenken.com>
Cc: <WATNICK@lbbs.llp>
Subject: RE: Joint Stipulation re Cahn's First Set of RFPS

Here are the exhibits.

-----Original Message-----
From: Harrington, Sonja [mailto:sharrington@lbbslaw.com]
Sent: Monday, November 14, 2011 8:01 PM
To: William Delgado; Leemore Kushner
Cc: Watnick, Ken
Subject: RE: Joint Stipulation re Cahn's First Set of RFPS

Will,

I disagree with your position. Local Rule 37-2.2 clearly states that you have 7 days to respond, not 7 1/2, not 10, but 7 24 hour periods. The Joint Stipulation was forwarded on November 7th at 10:36 am. Therefore, a response was due today, November 14, 2011, at 10:36 am, and, as a courtesy, we gave you until the close of business at 6:00 p.m. Your reference to the Rule 6 deadline of midnight (which I assume is Rule 6(a)(4)), applies to electronic filings. This is not an electronic filing.

I don't believe that Judge Rosenberg will look favorably upon your blatant attempt to impede our ability to file our motion tomorrow. These games will not be tolerated.

However, in a showing of good faith, if you do forward your portion of the Joint Stipulation tonight, we will insert the appropriate tables and return the document to you tomorrow morning for your signature. However, if we do not receive your approval by the end of the business day tomorrow (6:00 pm.), we will be filing the motion without your portion of the Joint Stipulation in accordance with LR 37-2.4.

Sonja


-----Original Message-----
From: William Delgado [mailto:WDelgado@willenken.com]
Sent: Monday, November 14, 2011 7:05 PM
To: Harrington, Sonja; Leemore Kushner
Cc: Watnick, Ken
Subject: RE: Joint Stipulation re Cahn's First Set of RFPS

Sonja,

Pursuant to Federal Rule 6, we have until midnight to provide you a response. We will get you a response in advance of that deadline.

You can then prepare a table of contents and authorities and return to me for my review and, assuming everything looks okay, I will give you my authority to e-sign within one (1) business day. Local Rule 37-2.2.

I will e-mail you the documents later.

2

Thanks,
Will

-----Original Message-----
From: Harrington, Sonja [mailto:sharrington@lbbslaw.com]
Sent: Monday, November 14, 2011 7:01 PM
To: William Delgado; Leemore Kushner
Cc: Watnick, Ken
Subject: FW: Joint Stipulation re Cahn's First Set of RFPS

Will,

It is 7:00 pm and we are still not in receipt of your response to Cahn's Joint Stipulation re Oversee's Response to the First Request for Production which was provided to you on November 7, 2011. Pursuant to Local Rule 37-2.2, Oversee's portion of the Joint Stipulation was due today, November 14, 2011. We will be filing the Joint Stipulation tomorrow, please advise as to whether you will be forwarding your portion of the Joint Stipulation.

Sonja


-----Original Message-----
From: Watnick, Ken
Sent: Monday, November 07, 2011 10:36 AM
To: William Delgado (WDelgado@willenken.com)
Cc: Harrington, Sonja
Subject: Joint Stipulation re Cahn's First Set of RFPS


Enclosed please find a Joint Stipulation re Oversee's Response to the First Request for Production. I will send the exhibits and declaration in a separate e-mail.

3

# EXHIBIT "3"

4822-5156-6595.1

# Harrington, Sonja

**From:** William Delgado <WDelgado@willenken.com>
**Sent:** Thursday, November 17, 2011 1:49 PM
**To:** Harrington, Sonja
**Cc:** Halperin, Larry; Watnick, Ken; Leemore Kushner
**Subject:** Re: Cahn - Oversee's MSJ

Looks good. Thanks.

---

**From:** Harrington, Sonja
**To:** William Delgado
**Cc:** Watnick, Ken ; Halperin, Larry ; Leemore Kushner
**Sent:** Thu Nov 17 12:48:10 2011
**Subject:** Cahn - Oversee's MSJ

Will,

We are currently preparing a joint ex parte application to file with the Court today to modify the briefing schedule for Oversee's Motion for Summary Judgment. I just wanted to confirm that Oversee has agreed to jointly ask the court for an order modifying the schedule.

The proposed schedule is as follows:

- December 5, 2011 – Cahn's Opposition Due
- December 12, 2011 – Oversee's Reply Due
- December 19, 2011 – Hearing on Oversee's MSJ

I will send the joint ex parte to you for your signature when it is completed.

Thank you for your cooperation.

Sonja

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
**SONJA HARRINGTON**
221 N. Figueroa Street, Suite 1200, Los Angeles, CA 90012
Telephone: (213) 580-6305 | Fax: (213) 250-7900
sharrington@lbbslaw.com | http://www.lbbslaw.com

The information contained in this message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at sharrington@lbbslaw.com.