William A. Delgado (Bar No. 222666)
Leemore Kushner (State Bar No. 221969)
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual, | Case No. CV-11-03800 SVW (AGRx) |
| Plaintiff, | **DEFENDANT OVERSEE.NET'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF MONTE CAHN'S MOTION TO COMPEL** |
| v. | |
| OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10 | Date: December 6, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom D, 8th Floor |
| Defendants. | Discovery Cutoff: December 16, 2011<br>Pre-Trial Conference: January 9, 2012<br>Trial Date: January 17, 2012 |

## SUPPLEMENTAL MEMORANDUM

Plaintiff Monte Cahn's ("Cahn") Motion to Compel is largely based on the presumption that his requests for production were narrowly tailored and specifically called for the production of twelve categories[1] of documents identified at deposition by Jeff Kupietzky, the former CEO of Oversee. However, for the reasons explained in the Joint Stipulation, Cahn's requests are vastly overbroad and did not specifically identify any such documents. Indeed, many of these documents were called for in a Fourth Set of Requests (that are *not* at issue in this motion), proof-positive that even Cahn admits that his initial requests were not reasonably particular. Rather than narrow his requests during the meet and confer process, Cahn has instead sought to compel production of documents on the requests, as written. The Court should deny Cahn's motion since an order to produce "all documents that relate to financial performance" would be as overbroad, vague and indefinite as the requests themselves.

Cahn's refusal to narrow his requests notwithstanding, and consistent with Oversee's representations to Plaintiff during the meet and confer process that Oversee would respond to requests that were made with reasonable particularity as required by Rule 34, Oversee has searched for and produced, to the extent that it could locate them, the category of documents identified by Plaintiff in the Joint Statement as follows:

- *Category No. 2*: Moniker's monthly financial pacing data for 2008-2010. The 2008 spreadsheet also contains the weekly information for that year.
- *Category Nos. 3 and 7*: Monthly finance reports, which were provided to the board of directors.
- *Category No. 4*: Oversee produced the TrafficClub pacing reports in its October 2011 production. Monthly monetization data is within the monthly finance

---

[1] As discussed on pages 13-14 of the Joint Stipulation, Mr. Kupietzky really only identified three categories of documents that Plaintiff managed to extract into twelve, but for the Court's ease, Oversee will refer to the documents according to the categories set forth by Cahn.

reports identified above in response to Category No. 3.

- *Category No. 5*: Quarterly power point presentations to employees from 2009 and 2010 which included information on financial performance.

- *Category No. 6, 8, 9, and 11*: Quarterly presentations provided to the board of directors regarding Oversee's financials, including budgets and financial projections. Oversee also produced the email communications attaching those presentations to the extent it could find them.

- *Category No. 10*: There is no folder on Mr. Greene's desk that contains board presentations (*see,* Declaration of Todd Greene filed concurrently with Joint Stipulation, ¶ 2), but Oversee searched for and produced presentations made to the board during the relevant time period, using hard copies from board books to the extent electronic copies could not be located.

- *Category No. 12*: Presentations made to Oversee's bank group.

The only category of "financial" documents that Oversee did not produce is the first: "daily reports on financial performance and monetization." As discussed in the Joint Stipulation, these reports are neither relevant nor necessary to the calculation of whether the various business units met the MIP performance goals or whether Cahn is entitled to a bonus thereunder. Moreover, trying to go back and find daily reports from 2008-2010 would be a very burdensome task and that burden is not justified given that daily report information would simply be cumulative in light of the weekly, monthly, quarter, and yearly information that has been produced.

Dated: November 22, 2011         WILLENKEN WILSON LOH & LIEB LLP

By: */s/ William A. Delgado* .
    William A. Delgado
    Attorneys for Defendants OVERSEE.NET,
    JEFFREY KUPIETZKY, and LAWRENCE
    NG