**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
　E-Mail: barber@lbbslaw.com
KENNETH D. WATNICK, SB# 150936
　E-Mail: watnick@lbbslaw.com
SONJA HARRINGTON, SB# 261053
　E-Mail: sharrington@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for MONTE CAHN, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONTE CAHN, an individual, <br><br>　　　Plaintiff, <br><br>　v. <br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual; LAWRENCE NG, an individual; and Does 1 through 10, <br><br>　　　Defendants. | CASE NO. CV11-03800 SVW (AGRx) <br><br> The Hon. Stephen V. Wilson <br> [Magistrate Judge Alicia G. Rosenberg] <br><br> **MONTE CAHN'S OPPOSITION TO DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S JURY DEMAND** <br><br> Date: December 19, 2011 <br> Time: 1:30 p.m. <br> Courtroom: 6 <br><br> COMPLAINT FILED: May 3, 2011 <br> TRIAL DATE: January 17, 2012 |

MONTE CAHN'S OPPOSITION TO DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................... 1

II. THE MIP IS THE CONTROLLING AGREEMENT AND BY ITS TERMS PROHIBITS WAIVER OF THE RIGHT TO A JURY TRIAL .................................................................................................... 4

    A. The MIP Is Its Own Contract, Individually Enforceable Separate And Apart From The Employment Agreement ................. 4

    B. The MIP Does Not Contain A Jury Waiver Provisions And Is Subject To California Law Which Expressly Prohibits Contractual Pre-Dispute Waivers Of The Right To A Jury Trial ................................................................................................ 5

    C. The MIP Is A Fully Integrated Document And The Parol Evidence Rule Prohibits Introduction Of Contradictory Terms Contained In The Employment Agreement  6

    D. Even The Employment Agreement Provides That The MIP And The Subject Matter Thereof Are Governed By Its Own Terms ...................................................................................... 7

III. OVERSEE HAS NOT AND CANNOT MEET ITS BURDEN OF PROVING, BY CLEAR AND CONVINCING EVIDENCE, WAIVER OF THE CONSTITUTIONAL RIGHT TO A JURY TRIAL ..................................................................................................... 8

IV. CONCLUSION ........................................................................................ 10

4813-6914-6382.1

i

MONTE CAHN'S OPPOSITION TO DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Capital Solutions, LLC v. Konica Minolta Bus. Solutions USA, Inc.*
2008 U.S. Dist. LEXIS 85521, 9-10 (D. Kan. Oct. 22, 2008)..................3

*College Sav. Bank v. Fla. Prepaidpostsecondary Ed. Expense Bd.*
527 U.S. 666 (U.S. 1999)..................8

*Dietz Int'l Pub. Adjusters of Cal., Inc. v. Evanston Ins. Co.*
2011 U.S. Dist. LEXIS 75080 (C.D. Cal. June 29, 2011)..................4

*Eurodrip, USA, Inc. v. B&B Drip Irrigation, Inc.*
2009 U.S. Dist. LEXIS 70394 (E.D. Cal. July 30, 2009)..................6

*Fin. Tech. Partners L.P. v. FNX Ltd.*
2009 U.S. Dist. LEXIS 18657 1-5 (N.D. Cal. Feb. 24, 2009)..................2, 5, 6

*Lehman Bros. Holdings Inc. v. Bethany Holdings Group LLC*
2011 U.S. Dist. LEXIS 86786, 9-10 (S.D.N.Y. Aug. 5, 2011)..................8

*MZ Ventures, L.L.C. v. Mitsubishi Motor Sales of Am., Inc.*
1999 U.S. Dist. LEXIS 14421, 44-45 (C.D. Cal. Aug. 30, 1999)..................1, 3

*Palmer v. Valdez*
560 F.3d 965 (9th Cir. Cal. 2009)..................8

*Paracor Fin., Inc. v. GE Capital Corp.*
96 F.3d 1151 (9th Cir. Cal. 1996)..................3

*Solis v. Los Angeles*
514 F.3d 946 (9th Cir. Cal. 2008) ..........................................................................1, 8

*United States v. California Mobile Home Park Management Co.*
107 F.3d 1374 (9th Cir. 1997) ...................................................................................3

*United States v. Nordbrock*
941 F.2d 947 (9th Cir. 1991) ..................................................................................3, 6

## STATE CASES

*Aetna Ins. Co. v. Kennedy ex rel. Bogash*
301 U.S. 389 (U.S. 1937) ............................................................................................1

*Arechiga v. Dolores Press, Inc.*
192 Cal.App.4th 567 (2011) .......................................................................................6

*Casa Herrera, Inc. v. Beydoun*
32 Cal. 4th 336 (Cal. 2004) ........................................................................................6

*DiGiacinto v. Ameriko-Omserv Corp.*
59 Cal.App.4th 629 (1997) .........................................................................................4

*DiPirro v. Bondo Corp.*
153 Cal.App.4th 150 (2007) ..................................................................................8, 9

*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.*
30 Cal.App.4th 54 (1994) .......................................................................................4, 8

*Grafton Partners v. Superior Court*
36 Cal. 4th 944 (Cal. 2005) ..........................................................................2, 3, 5, 9

*Haggard v. Kimberly Quality Care, Inc.*
   39 Cal.App.4th 508 (1995) ........................................................................7

*Neisendorf v. Levi Strauss & Co.*
   143 Cal.App.4th 509 (2006) .....................................................................4

*Pollyanna Homes, Inc. v. Berney*
   56 Cal. 2d 676 (Cal. 1961)........................................................................7

*Sabatini v. Hensley*
   161 Cal.App.2d 172 (1958) ......................................................................4

*Treo @ Kettner Homeowners Assn. v. Superior Court*
   166 Cal.App.4th 1055 (2008) ...............................................................8, 9

4813-6914-6382.1
iv
MONTE CAHN'S OPPOSITION TO DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Monte Cahn's ("Cahn") first claim for relief in his Second Amended Complaint ("SAC") and his Third Amended Complaint (TAC) specifically alleges a breach of the Management Incentive Plan ("MIP"). The MIP is the operative document in the instant action. Plaintiff Oversee.net ("Oversee") concedes this fact. In its Motion To Strike Plaintiff's Jury Demand ("Motion To Strike"), Oversee expressly recognizes that Cahn's first claim for relief arises from and is based upon the MIP. (Motion To Strike, 2:15-22.) The MIP does not contain any waiver of the right to a jury trial. Therefore, there can be no waiver of the constitutional right to a jury trial as to claims arising from that agreement. (*See, MZ Ventures, L.L.C. v. Mitsubishi Motor Sales of Am., Inc.*, 1999 U.S. Dist. LEXIS 14421, 44-45 (C.D. Cal. Aug. 30, 1999) ("courts must indulge every reasonable presumption against waiver of the jury trial . . . agreements [to waive a jury trial] are strictly and narrowly construed."); *see also Solis v. Los Angeles*, 514 F.3d 946, 953 (9th Cir. Cal. 2008) ("Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, however, courts should indulge every reasonable presumption against waiver."); *and Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937) (same).)

Oversee would have this Court ignore the terms of the operative agreement, the MIP, and instead rely upon a separate document in order to deny Cahn his constitutional right to a trial by jury. In its Motion To Strike, Oversee argues that the MIP is a contract executed by the parties as a condition of the December 14, 2007 Employment Agreement ("Employment Agreement"), and that because the Employment Agreement purports to contain a jury trial waiver, disputes arising from the MIP should somehow be governed by that other agreement. Oversee is wrong, factually and legally.

The MIP contains an integration clause, providing that the MIP represents the "entire agreement between the parties hereto with respect to the subject matter contained herein and supersedes all prior agreements or prior understandings, whether written or oral, between the parties relating to such subject matter." (MIP, Section 10, Ex. "B" to Greene Decl.) The MIP does not provide for any waiver of a right to jury trial in connection with claims, such as the instant claim. (Ex. "B" to Greene Decl.)

Even the Employment Agreement specifically provides for Cahn's participation in the MIP **"subject to and in accordance with the terms and conditions of the MIP."** (Employment Agreement, Section 3(d), Ex. "A" to the Greene Decl.) The MIP does not contain a jury waiver provision and does contain a choice of law provision providing for the application of California law. (MIP, Section 13, Ex. "B" to Greene Decl.) <u>California law expressly prohibits a pre-dispute, contractual waiver of the right to a jury trial, such as that requested here by Oversee.</u> (*See, Fin. Tech. Partners L.P. v. FNX Ltd.*, 2009 U.S. Dist. LEXIS 18657, 1-5 (N.D. Cal. Feb. 24, 2009); *see also, Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 967 (2005).)

Oversee argues for the application of federal law to issues of jury waiver in cases sounding in diversity. California district courts specifically prohibit, however, pre-dispute contractual waiver of a jury trial in federal diversity cases where the subject agreement contains a California choice of law provision, such as the MIP. (*See, Fin. Tech. Partners L.P., supra*, 2009 U.S. Dist. LEXIS 18657 at 1-5.) Notwithstanding, the waiver of Cahn's constitutional right to a jury trial is improper under federal law.[1] Indeed, "courts must indulge every reasonable presumption

---

[1] Oversee erroneously suggests that the Court consider Florida law. (Fn. 2. Of Motion To Strike.) First and foremost, the MIP is the subject agreement, and it contains a California choice of law provision. (MIP, Section 13, Ex. "B" to Greene (footnote continued)

against the waiver of the jury trial." (*MZ Ventures, L.L.C., supra*, 1999 U.S. Dist. LEXIS 14421, 44-45 (C.D. Cal. Aug. 30, 1999) (citing *United States v. California Mobile Home Park Management Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997) *and United States v. Nordbrock*, 941 F.2d 947, 949-50 (9th Cir. 1991).) To this end, purported jury waiver provisions within contracts are "strictly and narrowly construed." (*MZ Ventures, L.L.C., supra*, 1999 U.S. Dist. LEXIS at 44-45 (*citing Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1166 (9th Cir. Cal. 1996); *see also Capital Solutions, LLC v. Konica Minolta Bus. Solutions USA, Inc.*, 2008 U.S. Dist. LEXIS 85521, 9-10 (D. Kan. Oct. 22, 2008) ("the right to a trial by jury is a vital and cherished right, courts should indulge every reasonable presumption against waiver . . . [and] courts generally construe jury waivers narrowly.") (internal quotations omitted).)

---

Decl.) It does not call for or permit the application or consideration of Florida law.

Secondly, Oversee relies solely on Florida cases discussing arbitration agreements. These cases are inapt and have no bearing on the jury waiver issue. Incredibly, Oversee maintains that because courts have applied an "expansive" interpretation to arbitration provisions, jury waiver provisions should be given the same effect. This is incorrect. The right to a jury trial is constitutional. As a matter of law, there is a strong presumption against waiver of the right to a jury trial and contractual provisions calling for waiver are "strictly and narrowly construed." (*MZ Ventures, L.L.C., supra*, 1999 U.S. Dist. LEXIS at 44-45 (emphasis added).) An expansive interpretation of a purported jury waiver provision is not permitted.

Courts recognize this distinction, holding that "[u]nlike arbitration clauses, courts generally construe jury waivers narrowly." (*Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1166 (9th Cir. Cal. 1996); *see also Grafton Partners, supra*, 36 Cal. 4th at 955 ("The analogy to arbitration agreements is not persuasive . . . arbitration agreements are distinguishable from waivers of the right to jury trial in that they represent an agreement to avoid the judicial forum altogether.") In any event, the MIP that provides the basis for the first claim for relief for breach of that specific agreement does not contain a Florida choice of law provision, a jury trial waiver provision, or an arbitration provision and so Oversee's arguments are irrelevant.

For the reasons set forth *post*, Oversee cannot meet its burden of establishing by clear and convincing evidence that Cahn waived his constitutional right to trial by jury as to claims based upon the MIP. (*See*, *Dietz Int'l Pub. Adjusters of Cal., Inc. v. Evanston Ins. Co.*, 2011 U.S. Dist. LEXIS 75080 (C.D. Cal. June 29, 2011) ("The burden is on the party claiming a waiver of a right to prove it by **clear and convincing evidence** that does not leave the matter to speculation[;] . . . **doubtful cases will be decided against a waiver**"); *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.*, 30 Cal.App.4th 54, 60 (1994) (same) (internal quotations omitted) (emphasis added).)

## II. THE MIP IS THE CONTROLLING AGREEMENT AND BY ITS TERMS IT PROHIBITS WAIVER OF THE RIGHT TO A JURY TRIAL

### A. The MIP Is Its Own Contract, Individually Enforceable Separate And Apart From The Employment Agreement.

The MIP forms the basis for Cahn's breach of contract claim against Oversee. (Paragraphs 36 through 41 of SAC and Paragraphs 39 through 44 of TAC; Ex. "B" to the Greene Decl.) Bonus plans entered into as a condition of an employment agreement, such as the MIP, are separate and independently enforceable contracts. (*See*, *Neisendorf v. Levi Strauss & Co.*, 143 Cal.App.4th 509, 523 (2006) ("California courts have consistently characterized bonus and profit sharing plans as constituting an offer of the stated benefits in exchange for the service of an employee . . . a binding contract is formed under which the employer is obligated to deliver the promised benefits."); *see also*, *DiGiacinto v. Ameriko-Omserv Corp.*, 59 Cal.App.4th 629, 635 (1997) ("In cases involving employee benefits . . . the rule has developed that the offer of such bonuses constitutes an offer for a unilateral contract, which is accepted if the employee continues in employment after the offer."); *and Sabatini v. Hensley*, 161 Cal.App.2d 172, 175 (1958) (same).)

Cahn's rights under the MIP are not based upon or subject to the Employment Agreement. Rather, Cahn's continued employment with Oversee after entering into the MIP renders the MIP its own separate, individual agreement, valid and enforceable apart from the Employment Agreement. As such, any claim brought under the MIP, including Cahn's first claim for relief alleging breach of that specific agreement, is subject to the terms of the MIP.

The MIP does not include any provision which confirms that Cahn was waiving his right to a jury trial. As such, the Motion should be denied.

### B. The MIP Does Not Contain A Jury Waiver Provisions And Is Subject To California Law Which Expressly Prohibits Contractual Pre-Dispute Waivers Of The Right To A Jury Trial.

The MIP is an enforceable contract between the parties that does not contain a jury waiver. Furthermore, section 13 of the MIP provides that "**The terms of this Plan shall be governed by the laws of the State of California**, without reference of the conflicts of laws principles thereof." (Ex. "B" to Greene Decl. (emphasis added.)) California law prohibits pre-dispute contractual jury trial waivers. (*Grafton Partners v. Superior Court*, 36 Cal. 4th 944, 967 (Cal. 2005) ("governing California constitutional and statutory provisions do not permit pre[-]dispute jury waivers.") (emphasis added).)

Federal courts enforce this prohibition in diversity cases where the agreement at issue contains a California choice of law provision. (*See, e.g., Fin. Tech. Partners L.P.*, supra, 2009 U.S. Dist. LEXIS 18657 at 1-5.) In *Fin. Tech. Partners L.P.*, supra, 2009 U.S. Dist. LEXIS 18657 at 1-5, the District Court for the Northern District of California reviewed a defendant's motion to waive jury trial based upon a waiver provision in the subject agreement. Recognizing that "courts must indulge every reasonable presumption against the waiver of the jury trial," the *Fin. Tech. Partners L.P.*, court found that while federal law typically governs questions of jury waiver, the California choice of law provision contained in the same subject

agreement required application of California law, which prohibits such a waiver. (*See, Id.* (quoting *Nordbrock, supra*, 941 F.2d at 950.) The court further noted that the policy underlying the application, where appropriate, of federal law to jury waiver issues is to protect the right, <u>not</u> to eliminate it. (*See, Id.* ("the reason the Supreme Court held that federal law governs the right to a jury trial was to protect this right . . . applying California law here, which is more protective of the right to a jury trial, would promote the policy underlying the rule regarding jury waivers.").) The *Fin. Tech. Partners L.P.,* holding applies to the instant action, and the California choice of law provision at section 13 of the MIP operates to prohibit waiver of the constitutional right to a jury trial. (*See,* Ex. "B" to Greene Decl.)

  **C.** **The MIP Is A Fully Integrated Document And The Parol Evidence Rule Prohibits Introduction Of Contradictory Terms Contained In The Employment Agreement.**

  Section 10 of the MIP contains an integration clause, providing that "[t]his plan contains the entire agreement between the parties hereto with respect to the subject matter contained herein, and supersedes all prior agreements or prior understandings, whether written or oral, between the parties relating to such subject matter." (Ex. "B" to the Greene Decl.) The parol evidence rule "prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument." (*Arechiga v. Dolores Press, Inc.,* 192 Cal.App.4th 567, 575 (2011); *Casa Herrera, Inc. v. Beydoun,* 32 Cal. 4th 336, 343 (Cal. 2004).) California parol evidence rules govern federal cases sounding in diversity. (*See, Eurodrip, USA, Inc. v. B&B Drip Irrigation, Inc.,* 2009 U.S. Dist. LEXIS 70394 (E.D. Cal. July 30, 2009) ("A federal court in a diversity case applies state law of contract formation, interpretation, and admissibility of parol evidence.").)

  As a matter of law, the MIP is a fully integrated document and thus a final expression of the parties' intent, thereby precluding the admission of extrinsic

evidence to the extent such evidence would contradict the terms of the MIP. (*See, Pollyanna Homes, Inc. v. Berney*, 56 Cal. 2d 676, 679-680 (Cal. 1961); *Haggard v. Kimberly Quality Care, Inc.*, 39 Cal.App.4th 508, 520 (1995).) The purported jury waiver contained in the Employment Agreement cannot be used to modify or contradict the terms of the MIP – specifically, the California choice of law provision operating to prohibit waiver as well as the absence of a jury waiver provision in the operative agreement. The MIP forms the basis for Cahn's claim for relief; the purported waiver of rights under the Employment Agreement is inadmissible and irrelevant as evidence on the issue of whether Cahn waived his right to a jury trial pursuant to the MIP.

### D. Even The Employment Agreement Provides That The MIP And The Subject Matter Thereof Are Governed By Its Own Terms.

It does not change the analysis, but rather further supports Cahn's position, that the MIP was entered into as a condition of the Employment Agreement. Section 3(d) of the Employment Agreement provides that – "[d]uring the Employment Period, Executives shall be entitled to participate in each of the Oversee.net 2007 Management Incentive Plan [MIP] and the Oversee.net 2005 Equity Incentive Plan, in each case subject to and in accordance with the terms and conditions thereof." (Ex. "A" to the Greene Decl.) Stated otherwise, the Employment Agreement confirms that Cahn's participation in the MIP and any disputes arising from the MIP are subject to the terms and conditions stated in the MIP. Oversee concedes this much, stating in its Motion To Strike that "it is through Section §3(d) of the Employment Agreement that Cahn claims a right to participate in the MIP." (Motion To Strike, 2:24-25.) Thus, the terms of the MIP here control and do not contain any waiver of Cahn's constitutional right to a jury in connection with his claim for breach of the MIP.

For all these reasons, the terms of the MIP govern Cahn's first claim for relief for breach of contract. Because the MIP is a fully enforceable agreement that does

not provide for jury waiver but rather requires, by its terms, the application of California law which prohibits pre-dispute contractual jury waivers, and because the MIP contains an integration clause making inadmissible contradictory terms of another agreement, there can be no waiver of the right to a jury trial here.

### III. OVERSEE HAS NOT AND CANNOT MEET ITS BURDEN OF PROVING, BY CLEAR AND CONVINCING EVIDENCE, WAIVER OF THE CONSTITUTIONAL RIGHT TO A JURY TRIAL

Courts uniformly recognize that "[t]he Seventh Amendment guarantees the right to a trial by jury . . . [and] [b]ecause the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution . . . courts should indulge every reasonable presumption against waiver." (*Solis v. Los Angeles*, 514 F.3d 946, 953 (9th Cir. Cal. 2008); *College Sav. Bank v. Fla. Prepaidpostsecondary Ed. Expense Bd.*, 527 U.S. 666, 682 (U.S. 1999) (same); *Palmer v. Valdez*, 560 F.3d 965, 971 (9th Cir. Cal. 2009) (same); *Lehman Bros. Holdings Inc. v. Bethany Holdings Group LLC*, 2011 U.S. Dist. LEXIS 86786, 9-10 (S.D.N.Y. Aug. 5, 2011) (same); *and Treo @ Kettner Homeowners Assn. v. Superior Court*, 166 Cal.App.4th 1055, 1065 (2008) (same).) For this reason, "[t]he **burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and doubtful cases will be decided against a waiver.**" (*DRG/Beverly Hills, Ltd.*, supra, 30 Cal.App.4th at 60.)

In *DiPirro v. Bondo Corp.*, 153 Cal.App.4th 150, 176 (2007), the California Court of Appeal held as follows:

> The California Constitution guarantees the right to a jury trial in a civil action at law. [Citation.] Pursuant to article I, section 16 of the California Constitution, **trial by jury is an inviolate right, a basic and fundamental part of our system of jurisprudence . . . As such, it should be zealously guarded by the courts . . . In case of doubt therefore, the issue should be resolved in favor of preserving a litigant's right to trial by jury.** [Citation.] In light of the importance of the jury trial in our system of jurisprudence, any waiver thereof should appear in clear and unmistakable form. **Where it is doubtful whether a party has waived his or her**

**constitutionally protected right to a jury trial, the question should be resolved in favor of preserving that right.** [Citation.]

(*DiPirro v. Bondo Corp.*, 153 Cal.App.4th 150, 176 (2007) (emphasis added).)

Similarly, the court in *Treo @ Kettner Homeowners Assn. v. Superior Court*, 166 Cal.App.4th 1055, 1064-1065 (2008), summarizing the finding under *Grafton Partners, supra*, 36 Cal. 4th 944, held as follows:

> [T]he right to trial by jury is too sacred in its character to be frittered away or committed to the uncontrolled caprice of every judge or magistrate in the State . . . the right to trial by jury is considered so fundamental that ambiguity in the statute permitting such waivers must be resolved in favor of according to a litigant a jury trial . . . **the right is so important it must be zealously guarded in the face of a claimed waiver . . . even those jurisdictions permitting pre[-]dispute waiver of the right to jury trial do not uncritically endorse unregulated freedom of contract; rather, they seek to protect the constitutional right to jury trial with a number of safeguards not typical of commercial law**, including requirements that the party seeking to enforce the agreement bear the burden of proving that the waiver clause was entered into knowingly and voluntarily, restrictions on the type of contracts that may contain jury waivers, presumptions against a finding of voluntariness, inquires regarding the parties' representation by counsel as well as relative bargaining power and sophistication, and consideration of font size and placement of waiver clause within the contract.

(*Treo @ Kettner Homeowners Assn., supra*, 166 Cal.App.4th at 1064-1065 (internal quotations omitted) (emphasis added).)

Oversee's reliance upon the Employment Agreement is misplaced, and its tenuous argument that the waiver provision contained therein applies to any and all disputes, including those arising from a separate agreement, cannot past muster. The claim at issue is for breach of the MIP, not breach of the Employment Agreement, period. As such, the purported waiver provision contained in the Employment Agreement is irrelevant. Therefore, Oversee has not met and cannot meet its burden of establishing, <u>by clear and convincing evidence and in light of the strong presumption in federal and state court against jury waiver</u>, that Cahn waived his right to trial by jury of his first claim for relief for breach of the MIP. At the very least, this is a "doubtful case", and doubtful cases require enforcement of the constitutional right to a trial by jury.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff Monte Cahn respectfully requests that this Court deny Defendant Oversee.net's Motion To Strike Plaintiff's Jury Demand.

DATED: November 28, 2011

JOHN L. BARBER
KENNETH D. WATNICK
SONJA HARRINGTON
**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Kenneth D. Watnick
Kenneth D. Watnick
Attorneys for MONTE CAHN