UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Respondent: |
|---|---|
| Sonya Harrington | Michael C. Lieb |

**Proceedings:**   **RE DEFENDANTS' MOTION TO COMPEL**

The case is called. Counsel state their appearances.

On November 4, 2011, Defendant Oversee.net ("Oversee") filed a motion to compel production of a laptop and documents. (Dkt. No. 48.) On November 15, 2011, Oversee filed a supplemental memorandum. (Dkt. No. 62.) On November 29, 2011, this matter came on for hearing.

Oversee's motion is GRANTED IN PART AND DENIED IN PART as follows:

At oral argument, Oversee withdrew its motion with respect to Request No. 39. Plaintiff Monte Cahn ("Cahn") agreed to produce non-privileged, responsive documents to Request Nos. 13 and 15.[1]

It is hereby ordered that Plaintiff produce non-privileged documents responsive to Request Nos. 13 and 15. With respect to information on the laptop, production shall be done according to the terms below. With respect to other information, such as hard-copy documents, such production shall be made on or before December 15, 2011.

*Request No. 1*

Request No. 1 seeks "[t]he laptop provided to You by Oversee in connection with Your employment." (Joint Stipulation ("JS") at 5.) A party may request production and inspection of a laptop computer. Fed. R. Civ. P. 34(a)(1) (party may request that any other party "produce and permit the requesting party to inspect, copy, test, or sample" documents, including electronically stored information ("ESI"), and "designated tangible things"), (b)(2)(E) (procedures applicable to discovery of ESI); *Dawe v. Corrections USA*, 263 F.R.D. 613, 619 (E.D. Cal. 2009) (granting motion to compel

---

[1] With respect to Request No. 15, Plaintiff elected to produce non-privileged, responsive documents rather than forego the ability to use information about the "lucrative business opportunities" referenced in the Third Amended Complaint in the upcoming bifurcated trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

inspection of computer and its ESI); *Ukiah Automotive Investments v. Mitsubishi Motors of North America, Inc.,* 2006 U.S. Dist. LEXIS 33352, at *11-*12 (N.D. Cal. May 17, 2006) (granting request to produce computer to an agreed-upon neutral inspector); *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1055 (S.D. Cal. 1999) (appointing computer expert in the field of electronic discovery to create a "mirror image" of the hard drive).

Cahn states that he turned over the laptop to his attorneys on July 18, 2011. (Cahn Decl. ¶ 17.) He "has never objected to Defendants' access to the laptop." (JS at 10.) Plaintiff "hired a forensic specialist to make a 'mirror image' of the hard drive in order to protect the integrity of the information on the laptop." (*Id.* at 10-11.) Plaintiff suggested "the parties agree upon a protocol and search terms so that both parties can search for all documents that are responsive to the First Request for Production." (*Id.* at 11.)

As stated on the record, the court orders the following procedures for discovery of information on the laptop in this phase of discovery:

1. The parties shall meet and confer regarding the selection of a forensic computer expert. If the parties cannot agree, the parties shall submit suggested experts to the court within 7 days after the date of this order. The court will then select the expert. Oversee agrees to bear the cost of retention of the expert.

2. Within 7 days after the date of this order, the parties shall meet and confer regarding search parameters for production of information, including metadata.

3. Within 2 days after the computer forensic expert is selected by the parties or the court, as applicable, Plaintiff shall turn over the laptop to the expert, who will maintain custody of the laptop and any image made until the parties otherwise agree in a written stipulation or until further court order.

4. The parties shall meet and confer regarding a schedule for the expert's production of information to the parties (applying the agreed-upon search parameters) so that production occurs no later than 30 days after the date of this order. During that time frame, the parties and expert shall accomplish at least the following:

    –The expert shall produce an index of documents to both sides with agreed-upon headings

    –Plaintiff shall create a provisional privilege log of information he seeks to withhold

    –The expert shall produce all other responsive information to both sides

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

–After the expert's production of all other responsive information, Plaintiff shall create a "final" privilege log. The expert shall make a prompt supplemental production of any information that was identified on the provisional privilege log but is not contained in the final privilege log.

*Attorney-Client Privilege*

As stated on the record, the court must determine which, if any, of the items on the privilege log attached as Exhibit F to Mr. Delgado's declaration are discoverable in this phase of discovery.

At oral argument, the parties agreed that Oversee will produce a CD of the items on the privilege log in Exhibit F within 2 days after the date of this order. This agreed procedure shall not constitute a waiver of the attorney-client privilege and shall not form the basis for any claim that Oversee committed misconduct.

From the documents on the CD, on or before December 9, 2011, Plaintiff shall file and serve a privilege log of documents responsive to document requests related to the bifurcated claim set for trial in January 2012. The privilege log shall number the documents and identify any persons other than Plaintiff Cahn and attorney Bill Gross. On the same day, Plaintiff shall lodge with the Clerk, Marine Pogosyan, the documents on the log for the court's *in camera* review. The documents shall be labeled with the corresponding document number on the log.

The Clerk will notify the parties if the court requires a hearing on the *in camera* documents. Otherwise, the matter will be decided without further oral argument.

IT IS SO ORDERED.

cc:    Parties

|  | 1 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | gr | |