William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual, | Case No. CV11-03800 SVW (AGRx) |
| Plaintiff, | |
| v. | **DEFENDANT OVERSEE.NET'S REPLY MEMORANDUM ISO MOTION TO STRIKE PLAINTIFF'S JURY DEMAND** |
| OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10 | |
| Defendants. | DATE:   December 19, 2011 |
| | TIME:    1:30 p.m. |
| | PLACE:  Crtrm. 6 |
| | Complaint Filed:      May 3, 2011 |
| | Pretrial Conf. Date: January 9, 2012 |
| | Trial Date:             January 17, 2012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's opposition is almost entirely based on the erroneous proposition that the California Supreme Court's opinion in *Grafton Partners* renders the jury waiver provision in this case unenforceable.  Plaintiff is wrong.  *Grafton Partners*, a decision rooted in *California* civil procedure, has no applicability in a federal court governed by *federal* civil procedure, a fact that is acknowledged in *Grafton Partners* itself.

For that reason, this Court should be guided by the principles it previously set forth in *Okura*: federal law will uphold a jury waiver provision that was knowingly and voluntarily entered into.  Here, there is no dispute that Monte Cahn knowingly and voluntarily entered into the Employment Agreement that contains a jury trial waiver.  Similarly, there is no doubt that the broad language of that waiver—which applies to any lawsuit that relates to the Agreement or "any matter contemplated" by the Agreement—applies to a claim for compensation under the MIP.  The MIP is not just a "matter contemplated" by the Agreement: it is Section 3(d) of the Employment Agreement that specifically identifies Cahn as a person entitled to participate in the MIP.

Though Cahn's opposition is long on irrelevant law and argument, it is short on why federal law should not apply (despite the U.S. Supreme Court's opinion in *Simler*) or why he should not be held to the terms of the Employment Agreement he signed.  And, by "short," Oversee means silent.

The analysis here is straightforward.  Cahn signed the Employment Agreement containing a jury waiver provision that is enforceable in federal court.  He then selected this federal forum, by choosing to sue Oversee in federal court despite the fact that, if he had sued in California state court, Oversee, a California corporation having  its principal place of business in California, could not have removed the case. His lawsuit arises directly out of his Employment Agreement.  The jury waiver provision applies.

## II.    **ARGUMENT**

### A.    *Grafton Partners* Is Inapplicable But Supports Oversee's Position Anyway.

Plaintiff's reliance on *Grafton Partners*, the California Supreme Court opinion which held that predispute contractual jury waiver provisions are unenforceable in California state court, is misplaced for various reasons.

First, as Oversee noted in its moving papers, the issue of whether the jury waiver provision is enforceable in a diversity case is a matter of federal law not California law. *Simler v. Conner*, 372 U.S. 221, 22 (1963); *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1026-27 (9th Cir. 1996). Thus, it simply does not matter whether California law enforces contractual jury waivers or not.

Second, the holding of *Grafton Partners* is inapplicable to a federal court case because it is a holding based on California procedural law. In *Grafton Partners*, the California Supreme Court noted that the California Constitution specifically allows for a waiver of a trial by jury "by the consent of the parties expressed as prescribed by statute." *Grafton Partners L.P. v. Sup. Ct.,* 36 Cal. 4th 944, 951 fn. 3 (2005) *citing* Cal. Const. art. I, § 16. The Court further noted that "[t]he statute implementing this constitutional provision is [Cal. Civ. Proc. Code] section 631." *Id.* at 951. Ultimately, the Court held Section 631 of the California Code of Civil Procedure does not allow for waiver of jury through predispute contractual provisions. *Id.* at 950. But, the *California* Code of Civil Procedure plainly does not apply in federal court where the *Federal* Rules of Civil Procedure apply.

Third, as the concurring opinion of Justice Chin recognized, *Grafton Partners* intentionally (*albeit,* in the case of Justice Chin, reluctantly) created a situation in which a case filed in the California federal courts would be subject to a different jury waiver analysis than if it were filed in state court: "As a practical matter, in a diversity action, a federal court will routinely enforce a knowing and voluntary predispute jury waiver as a matter of federal law. Our decision today would prohibit the same

knowing and voluntary waiver if parties filed their action in state court." *Id*. at 969. Notably, to reach that conclusion, Justice Chin cited to **this** Court's opinion in *Okura & Co. (America), Inc. v. Careau Group*, 783 F. Supp. 482, 488 (C.D. Cal. 1991) (Wilson, J.), upon which Oversee relied in its moving papers. Clearly, Justice Chin recognized that *Grafton Partners* does not apply to federal courts but, instead, creates a schism between federal and state courts as to the enforceability of contractual jury trial waivers. Even the majority opinion implicitly acknowledges as much. *Id*. at 965 ("With respect to the practice of other jurisdictions, we acknowledge that the majority of state and federal jurisdictions permit predispute waiver of the right to jury trial.").

Lastly, Plaintiff's sole authority for the proposition that *Grafton Partners* should apply in federal court is the unpublished, out-of-district opinion in *Financial Tech. Partners L.P. v. FNX Ltd.*, 2009 WL 464762 (N.D. Cal. Feb. 24 2009) (*FinTech*), which has never been cited in any other decision and has no precedential value.[1] Put simply, *FinTech* should be disregarded because it runs contrary to the U.S. Supreme Court's decision in *Simler*, this Court's holding in *Okura*, and Justice Chin's analysis in *Grafton Partners*. Notably, it also runs contrary to a published decision from the same district. In *Applied Elastomerics, Inc. v. Z-man Fishing Prods., Inc.,* 521 F. Supp. 2d 1031 (N.D. Cal. 2007), the parties entered into a license agreement that was governed by California law and contained a jury waiver provision. *Id*. at 1035-36. In holding that under federal law, the jury waiver should be enforced, the Court relied on *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) and this Court's opinion in *Okura*. *Id*. at 1044. It did not rely on *Grafton Partners*.

In addition, *FinTech* is readily distinguishable from this case. In *FinTech*, the party seeking the jury waiver had previously submitted a case management statement acknowledging that the case would be tried to a jury, which clearly undercut its belief as to the validity of the jury waiver provision. *FinTech*, 2009 WL 464762 at *2. In

---

[1]     District court decisions are not binding precedent. *Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001).

1  contrast, as the Court might recall, at the first Scheduling Conference on August 29,

2  2011, when the Court asked whether this case would be a jury trial, the undersigned,

3  counsel for Oversee, replied that it believed that the case should be a bench trial

4  because of the jury waiver provision in the Employment Agreement.  Declaration of

5  William A. Delgado, dated December 5, 2011, at ¶ 2.  Unlike defendants in *FinTech*,

6  Oversee has been consistent throughout.

7      B.      <u>The Jury Waiver Provision Applies to the MIP Irrespective of Whether It</u>

8              <u>Is a Separate Agreement</u>.

9          Plaintiff spends much time arguing the erroneous but ultimately irrelevant

10  position that the MIP is its own standalone agreement.  That is both false and

11  irrelevant.  It is false because, as noted above, the Employment Agreement is the

12  contract that gives Cahn the status of MIP participant.  It is irrelevant because there is

13  no conflict between the Employment Agreement and the MIP.  The Employment

14  Agreement clearly, and purposely, applies broadly beyond disputes alleging breach of

15  the Employment Agreement.  As noted in the moving papers – and not disputed by

16  Cahn – the language of the jury waiver includes the broadest possible terminology.

17  The waiver clearly applies to disputes under the MIP, and the MIP does not say

18  differently. Given that (i) the Employment Agreement is the only contract that Monte

19  Cahn actually signed and (ii) the Employment Agreement specifically allows for

20  Monte Cahn's participation in the MIP, this lawsuit clearly is one "relating to or arising

21  in any way from" the Employment Agreement or "the matters contemplated hereby."

22          Once again, this Court's previous opinion in *Okura* is instructive.  There, a

23  December 1987 financing agreement contained a jury waiver provision that applied to

24  "any action, proceeding, or counterclaim arising out of or relating to this

25  Agreement…"  *Okura*, 783 F. Supp. at 488.  The provision was very similar to the

26  provision in this case.  This Court held that plaintiff's thirteenth cause of action for

27  breach of a letter agreement regarding the compensation for Messrs. Asakawa and

28  Kobori related to the December 1987 financing agreement containing the jury waiver

provision and, therefore, fell within the scope of the waiver. *Id.* at 489.  In *Okura*, the Court's focus was on whether the letter agreement on compensation was *related* to the December 1987 agreement not whether it was a separate agreement in and of itself.  So it should be here.  The MIP, which sets forth potential compensation for participants, is related to the Employment Agreement and falls within the jury waiver provision of the Employment Agreement.

        C.      <u>The Parol Evidence Rule Does Not Bar Enforcement of the Jury Waiver Provision</u>.

Plaintiff's reliance on the parol evidence rule to argue that the jury trial waiver cannot be applied to the MIP is frivolous.  California law *requires* the Employment Agreement and the MIP to be construed together.  *See* Cal. Civ. Code § 1642 ("Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together.").  Here, the Employment Agreement waives a jury trial with respect to any dispute related to or arising in any way from the Employment Agreement or the matters it contemplates (e.g., Cahn's bonus entitlement).  The MIP is not in any sense inconsistent with that provision; it is simply silent on the jury trial right.  Construed together, the Employment Agreement and the MIP clearly waive a jury trial in this case.

Importantly, even Cahn implicitly acknowledges that the jury waiver provision in the Employment Agreement does not contradict any provision in the MIP.  Instead, he offers the argument that the jury waiver provision contradicts the MIP's California choice of law provision.  Opp. at 7:5-6.  This tortured interpretation fails for two reasons.  <u>First</u>, as discussed above, state law has no bearing on the right to a jury trial in federal court.  <u>Second</u>, the MIP provides that California law will apply to its terms (i.e., interpretation of the contract provisions); it says nothing about what law will determine whether a jury is available.

D.    Enforcing the Bargained-For Jury Waiver Provision Does Not Violate the Seventh Amendment.

In a last-ditch effort to avoid the enforcement of a provision to which he explicitly agreed, Cahn offers up the specter of violations of the Seventh Amendment of the U.S. Constitution and platitudes about the inviolate right to a jury.  The law is clear, however, that Cahn's rights may be waived, and, in this case, it is beyond dispute that he waived his rights while being advised by counsel and in exchange for consideration.

Two of the cases cited by Plaintiff drive the point home.  Both the *Treo* and the *MZ Ventures* case acknowledge that the constitutional right to jury trial is protected, **not** by invalidating pre-dispute waivers, but by examining the circumstances under which they were executed.  Thus, it is appropriate to look at: (i) whether the waiver was knowing and voluntary, (ii) the relative bargaining power of the parties, (iii) whether the agreement was the subject of negotiation, (iv) whether the parties were represented by counsel, and (v) whether the clause is conspicuous.

Oversee addressed these inquiries in its moving papers.  Oversee demonstrated that Cahn claims to be an industry pioneer who allegedly had numerous other lucrative opportunities available when he signed his Employment Agreement.  SAC at ¶¶ 8, 10, 22.  Both the Employment Agreement and the MIP were negotiated over the course of months between counsel for Oversee and counsel for Cahn.  Greene Decl. at ¶ 4.  The waiver provision language specifically states that the parties consulted with counsel about it.  Employment Agreement, Section 22; Cal. Evid. Code § 622 ("The facts recited in a written instrument are conclusively presumed to be true as between the parties thereto . . . .").  And, the waiver provision appears in LARGE CAPITAL LETTERS in the middle of an agreement that is otherwise typed out in regular font. *See* Section 22.

Nowhere in Cahn's opposition does Cahn challenge any of that.  Nor can he.  He knows he had his own attorney.  He knows the parties exchanged multiple drafts over

the course of months.  He knows the provision was conspicuous.  He knows he read the

Employment Agreement, saw the provision, and signed the Agreement voluntarily.

## III.     CONCLUSION

The jury waiver provision applies and Cahn's demand for jury should be

stricken.


Dated:  December 2, 2011                    WILLENKEN WILSON LOH & LIEB LLP


By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET,
JEFFREY KUPIETZKY, and LAWRENCE NG

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.


Dated:  December 2, 2011                          WILLENKEN WILSON LOH & LIEB LLP


                                                  By:*/s/ William A. Delgado*
                                                  William A. Delgado
                                                  Attorneys for Defendants OVERSEE.NET,
                                                  JEFFREY KUPIETZKY, and LAWRENCE NG