UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | CS 12/6/2011 | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Respondent: |
|---|---|
| Kenneth D. Watnick | William A. Delgado |

**Proceedings:** RE DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO QUASH SUBPOENA TO ROBERT L. MORSE, JR.

The case is called. Counsel state their appearances.

On November 15, 2011, Defendants filed a motion for protective order to quash a subpoena to Robert L. Morse, Jr. (Dkt. No. 58.) On November 22, 2011, Defendants filed a supplemental memorandum. (Dkt. No. 86.) The matter came on for hearing on December 6, 2011.

Plaintiff Cahn noticed the deposition of Robert L. Morse, Jr., a director of ODN Holding Corp. ("ODN"), parent company of defendant Oversee.net ("Oversee").

This phase of discovery is limited to Cahn's first claim for breach of contract, Oversee's Management Incentive Plan ("MIP"). (Dkt. No. 26.) Cahn contends that Oversee breached its obligations to pay him pursuant to the MIP. (Joint Stipulation (JS) at 2.) According to Cahn, the MIP required Oversee to pay a pre-determined bonus if Cahn reached certain benchmarks, or performance goals, based on certain business segments' gross profits or EBITDA. (*Id.*) The business segments were TrafficClub, Domain Sales, Registrar Sales, and Oversee (the overall company). (*Id.*) According to Cahn, Oversee's Board of Directors was responsible for making determinations necessary for administration of the MIP and was required to certify whether performance goals had been achieved. (*Id.* at 3.)

"'While a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied, courts are sometimes willing to protect high-level corporate officers from depositions when the officer has no first hand knowledge of the facts of the case or where the officer's testimony would be repetitive.'" *Kennedy v. Jackson National Life Insurance Co.*, 2010 U.S. Dist. LEXIS 47866, *6 (N.D. Cal. April 22, 2010) (citation omitted); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 8295, *8 (N.D. Cal. Jan. 25, 2007) ("Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

"[C]ourts often consider: (1) whether the high level deponent has unique, non-cumulative knowledge of the facts at issue; and (2) whether there are other, less burdensome discovery methods." *DR Systems v. Eastman Kodak Co.*, 2009 U.S. Dist. LEXIS 83755, *6 (S.D. Cal. Sept. 14, 2009); *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 U.S. Dist. LEXIS 20481, *7 (S.D. Cal. Mar. 22, 2007) (collecting cases). "When a high-level corporate executive lacks unique or superior knowledge of the facts in dispute, courts have found that good cause exists to prohibit the deposition. However, when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* (footnotes omitted; collecting cases).

Based on the premise that Mr. Morse is a member of the relevant Board of Directors, Cahn argues that he has personal knowledge of the dispute. At a minimum, Cahn contends that Morse's ignorance of the MIP, its performance goals, or whether those goals have been achieved would bolster his breach of contract claims.

The crux of the parties' dispute is whether Morse is or was a member of the board that was responsible for administering the MIP. Mr. Morse states that he became a director of ODN, the parent of Oversee, on or about February 19, 2008. (Morse Decl. ¶ 3.) Mr. Morse states he is not on Oversee's Board of Directors. (*Id.* ¶ 6.) He did not play any role in negotiating the MIP or in calculating whether the performance goals in the MIP were achieved. (Morse Decl. ¶¶ 3-4.) The ODN Board of Directors never discussed setting an Oversee EBITDA target for the MIP, and did not set such a target. (*Id.* ¶ 5.)

Cahn attaches a screen shot of Oversee.net's webpage. Under the category "About Us," there is a "Board of Directors" page. That page lists Robert L. Morse, Jr., as a director. (Exh. 1 to Watnick Decl.) Cahn attaches a rough deposition transcript of Mr. Snyder, who testified that he attended meetings of the Oversee Board and identified Morse as a director. (Exh. 2 at 11[1] to Watnick Decl.) Snyder did not recall attending another company's board meetings while he was at Oversee. (*Id.*) At oral argument, Cahn's counsel represented that another employee had testified that Morse was a member of Oversee's board.

Plaintiff has made a sufficient showing of a need for a short deposition of Mr. Morse in light of the factual disputes as to whether Morse is on the relevant board, Plaintiff's contention that Morse's ignorance of the relevant issues is material to its claims, and the conflicting information from the depositions of other employees.

IT IS HEREBY ORDERED that Oversee's motion for protective order is DENIED IN PART. Mr. Morse is ordered to appear for 2 hours of deposition in San Francisco, California on or before January 9, 2012. The 2 hour time limit shall not include breaks or cross-examination by any Defendant. The parties shall set the deposition on a date and time in accordance with the schedules of Mr. Morse

---

[1] Page references are to the page numbers in the header created by CM/ECF. For example, the citation to page 11 is to page 11 of 25 in docket number 58-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

and counsel.

cc:     Parties

|  | 1 | 35 |
|---|---|---|
| Initials of Preparer | | mp |