UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | CS 12/6/2011 | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Respondent: |
| Kenneth D. Watnick | | William A. Delgado |

**Proceedings:**   RE  PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The case is called.  Counsel state their appearances.

On November 15, 2011, Plaintiff Monte Cahn ("Cahn") filed a motion to compel production of documents responsive to document request nos. 1-3, 5, 7, 9, 11, 13, 15-16, 26, 29, 36-37 and 54-55. (Dkt. No. 57.)  On November 22, 2011, Defendant Oversee.net ("Oversee") filed a supplemental memorandum.  (Dkt. No. 85.)  On November 22, 2011, Cahn filed a supplemental memorandum.  (Dkt. No. 82.)  The matter came on for hearing on December 6, 2011.

In summary, Cahn states that he seeks "the data and information necessary to confirm that [he] achieved the performance goals under the Management Incentive Plan. ("MIP")."  (Pltf's Supp. Mem. at 1.)

With respect to some of the issues, the court notes that Mr. Snyder's rough deposition transcript indicates he was and is general manager of registrar and aftermarket. (Snyder Depo. at 39,[1] Exh. 2 to Harrington Decl.)  At one point, Snyder testified about allocation of two types of revenue: (1) monetization revenue from Moniker owned-and-operated domain names conducted through DomainSponsor, which was allocated to DomainSponsor; (2) revenue associated with names owned by Moniker customers but auctioned off through SnapNames, which was allocated to SnapNames.  (Exh. 2 at 158-62; *see also* Snyder Decl. ¶ 5.)  Mr. Snyder spoke to Ms. Murray and perhaps others about the issue. (Exh. 2 at 172.)  When Moniker was being sold, the potential suitors were given information about the revenues at issue.  (*Id.* at 165-67.)  Snyder also testified about expense charges for credit card fees in connection with transactions that did not involve a credit card.  (*Id.* at 154-56, 158-59.)

For the reasons stated on the record, IT IS HEREBY ORDERED that Plaintiff's motion to

---

[1]  Page references are to the page numbers in the rough deposition transcript.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

compel is GRANTED IN PART as follows:

1. On or before December 13, 2011, counsel for both sides are ordered to meet and confer regarding Plaintiff's access to a database(s) of financial information underlying the summary MIP information previously produced by Oversee.[2]  Plaintiff's expert shall participate in this meet and confer.  Oversee may also have an expert witness and/or an individual(s) familiar with its IT (information technology) participate.  Counsel shall also meet and confer regarding a deadline for production of the agreed-upon database(s).

2. On or before December 13, 2011, counsel for both sides are ordered to meet and confer regarding:

    (a) search terms and custodian(s) for production of documents regarding Mr. Snyder's complaint about the allocation of Moniker-related revenue to DomainSponsor and SnapNames as described in this order;

    (b) whether there is a repository (electronic or otherwise) at Oversee of financial presentations made on a weekly, monthly, quarterly, or annual basis to Mr. Snyder or his predecessor during the relevant time period; and

    (c) identification of bates stamp numbers for one "product council" report.  Plaintiff's counsel shall review the document to determine whether he wishes to pursue production of such documents.

3. On or before December 20, 2011, Oversee shall produce:

    (a) The prospectus and presentations given to prospective purchasers of Moniker that contain financial information about Moniker's sales, revenues or profits;

    (b) Documents containing the target EBITDA for Oversee (the overall company) established for purposes of other senior executives' bonuses, and other targets established for purposes of Mr. Snyder's bonus.  In addition, Oversee shall produce documents indicating whether the employees achieved the respective targets described above.

    (c) The Google contract responsive to Request No. 16.  Oversee may designate the contract as "attorneys eyes only."  The provisions of the protective order shall apply except that access to "attorneys eyes only" information produced by Defendants shall be restricted to Plaintiff's counsel, persons in Plaintiff counsel's employ who are assisting in

---

[2]  Oversee states that it produced a notebook of financial information.  Plaintiff's supplemental memorandum attached Exhibit D to Elizabeth Murray's declaration (Exh. 1 to Harrington Decl.).  Ms. Murray also referenced OVER18659-63.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3800-SVW (AGRx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | Monte Cahn v. Oversee. net , et al. | | |

the conduct of this litigation, and experts who have read the protective order in this litigation and agreed to be bound by it.

(d) Documents described in paragraph 2(a)-(b) and, if agreed, 2(c).

Counsel are encouraged to produce documents on a rolling basis as they become ready for production, and not wait until the due date.

4. If the parties cannot resolve discovery disputes arising out of this order or the meet and confers required by this order, counsel for Plaintiff must contact the Clerk, Marine Pogosyan, at (213) 894-5419, to request a telephonic or in-person hearing. No further briefing is required. Counsel are reminded that, pursuant to the district judge's order, "[a]ny discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought promptly and directly to the attention of" the district judge. (Dkt. No. 3 ¶ 4.)

cc:   Parties

|  | 1 | 35 |
|---|---|---|
| Initials of Preparer | | mp |