William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual, | Case No. CV11-03800 SVW (AGRx) |
| Plaintiff, | |
| v. | **DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE REGARDING AMENDMENT BY THE BOARD OF THE MONIKER PERFORMANCE GOALS IN THE MIP** |
| OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10 | |
| Defendants. | |
| | DATE:    January 9, 2012 |
| | TIME:    10:00 a.m. |
| | PLACE:  Crtrm. 6 |
| | |
| | Complaint Filed:    May 3, 2011 |
| | Pretrial Conf. Date:  January 9, 2012 |
| | Trial Date:          January 17, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 9, 2012 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the above-entitled Court, Defendant Oversee.net ("Oversee") will, and hereby does, move this Court, *in limine*, for an order precluding plaintiff Monte Cahn ("Cahn"), his counsel, and witnesses from presenting or eliciting, or making any argument about or references to, evidence that the board of directors of either Oversee.net or ODN Holding Corporation (collectively the "Board") downwardly amended the performance goals of the business segments in the Management Incentive Plan ("MIP") to match the Oversee EBITDA budget goals.

This Motion is made on the ground that Plaintiff has already made binding judicial admissions in the Third Amended Complaint ("TAC") (as well as previously filed complaints) that the performance goals in the MIP were *not* modified.  TAC, ¶ 27(c).  In addition, both Cahn's expert witness and Cahn himself have previously stated that no amendments to the MIP performance goals were made.  There simply is no amendment to the MIP that downwardly amends the MIP performance goals in the manner that Cahn claims.  Since Cahn has already admitted that the MIP performance goals were not amended, any argument that he attempts to introduce to the contrary would simply serve to confuse and delay and, accordingly, should be excluded.  Fed. R. Evid. 403.

//

//

1    This Motion is based upon this Notice of Motion and Motion, the Memorandum

2    of Points and Authorities, the Declaration of Todd Greene filed on November 16, 2011

3    (Docket No. 67), the Declaration of Elizabeth Murray filed on November 16, 2011

4    (Docket No. 97), the Declaration of William Delgado, the exhibits attached to the

5    declarations, all pleadings, records and papers on file in this action, such matters of

6    which this Court may take judicial notice, and upon such other evidence and oral

7    argument as may be considered by the Court before or at the hearing on this Motion.

8    This Motion is made following a conference of counsel pursuant to Local Rule 7-3

9    which took place on December 2, 2011.

10   Dated:  December 12, 2011          WILLENKEN WILSON LOH & LIEB LLP

11

12                                     By:*/s/ William A. Delgado*_____

13                                     William A. Delgado
                                       Attorneys for Defendants OVERSEE.NET,
14                                     JEFFREY KUPIETZKY, and LAWRENCE NG

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   <u>INTRODUCTION</u>

Cahn has indicated that he intends to introduce argument that either the board of directors of Oversee.net or the board of directors of ODN Holding Corporation (collectively "Board") amended the MIP to lower the performance goals of the MIP business segments to match the company's *budget* goals.  Such argument must be excluded for four reasons.

<u>First</u>, in the Third Amended Complaint, Cahn takes exactly the opposite position; Plaintiff asserts that the Oversee failed to amend the MIP's performance goals.  TAC, ¶ 27(c) ("[n]o explicit changes were made to modify Cahn's performance goals under the MIP") and ¶ 43 ("failed to make the requisite amendment to the contract  . . .").  These allegations carried over from previous complaints filed by Cahn, all of which contain the same admission.  Cahn's allegations in his complaints are binding judicial admission that there was no modification of the performance goals of the MIP.  He cannot turn around now and say that the Board did, in fact, amend the performance goals under the MIP.

<u>Second</u>, Cahn has no admissible evidence from someone having personal knowledge of an amendment to the performance goals.

<u>Third</u>, Cahn's own expert witness has admitted that there were no modifications of the performance goals in the MIP.

<u>Fourth</u>, in deposition, Cahn admitted that although he discussed the *budget* goals for the registrar and aftermarket divisions of Moniker for 2009 and 2010, no one ever told him that these *budget* goals would act as an amendment of the performance goals in the MIP.

Having read Oversee's Motion for Summary Judgment and now realizing that there is no way he can ever show that the performance goals in the MIP were achieved, Cahn is now trying to backtrack and argue that they were downwardly adjusted.  Such

testimony is obviously contradicted by prior admissions and would only serve to confuse and delay and should, therefore, be precluded.

## II.    <u>STATEMENT OF FACTS</u>

<u>Background.</u>   In December 2007, Oversee acquired a business called Moniker. Plaintiff was Moniker's CEO and upon acquisition he became President of Moniker, and he remained with the company after the acquisition for a period of three years. Plaintiff executed the Employment Agreement, which ran from the transaction closing date in December, 2007 until December 31, 2010.   Declaration of Todd Greene, filed November 16, 2011 ("Greene Decl."), Ex. E (Docket No. 67).[1]   The MIP was "an additional inducement" offered to Cahn (and available to other participants) to accept employment with Oversee.   TAC, ¶ 21; MIP at Section 5(a), attached as Exhibit C to the Declaration of Elizabeth Murray, filed November 16, 2011 ("Murray Decl.").   The Employment Agreement entitles Cahn to participate in the MIP as one of the elements of Cahn's employment compensation.   Employment Agreement, ¶ 3(d) (attached as Greene Decl. Ex. E).   The MIP, like the Employment Agreement, covers three determination periods through December 31, 2010.   MIP, Section 15(e).   The MIP contains four business segments (TrafficClub, Registrar, Domain Sales, and Oversee). *Id*. at Schedule A.   The first three business segments (i.e., the Moniker business segments) have numerical performance goals that must be met for each of three determination periods before any payment would be due in respect of that segment. *Id*. at 3(b).

---

[1]   Both the Employment Agreement and the MIP have been filed with the Court various times under seal.   Rather than create additional work for the Court and its clerks by seeking to file these documents under seal, yet again, Oversee has elected to simply refer to its previous filings where the documents can be referenced.

1    Evidence and Argument to Be Excluded.  In its Motion for Summary Judgment,

2    Oversee established that the performance goals for Moniker business segments were

3    not met in any of the determination periods.   In his opposition to Oversee's Motion for

4    Summary Judgment, Cahn argued, for the first time, that the performance goals of the

5    Registrar and Domain Sales business segments of the MIP were downwardly adjusted

6    to be identical to the company's *budget* goals in 2009 and 2010.  For the reasons stated,

7    below, that argument should be disregarded and excluded from trial since it will only

8    serve to confuse and delay.

9

10   ## III.   **ARGUMENT**

11   In an effort to avoid the inescapable fact that the Moniker business segments did

12   not come anywhere close to meeting the performance goals under the MIP, Cahn is

13   now arguing that the goals for the 2009 and 2010 segments were, in fact, amended

14   downward.  That argument has no evidentiary support and, to the contrary, contradicts

15   everything Cahn has said to date.

16   First, this new argument contradicts the allegations contained in all four

17   complaints Cahn has filed with this Court.  *See, e.g.*, Third Amended Complaint at ¶

18   27(c) (admitting "[n]o explicit changes were made to modify Cahn's performance

19   goals under the MIP . . . .") and ¶ 43 (alleging breach because of a failure to "make the

20   requisite amendments to the contract)[2]; Second Amended Complaint at ¶¶ 25(a), 40

21   (same); First Amended Complaint ¶¶ 24(a), 36 (same); Complaint at ¶¶ 22, 32 (same).

22   For that reason alone, Cahn's sudden reversal should be disregarded since "factual

23   assertions in pleadings . . . are considered judicial admissions that bind the party who

24   made them."  *Siegel v. Warner Bros. Entertainment, Inc.,* 542 F. Supp. 2d 1098, 1133

25   (C.D. Cal. 2008).

26

27   -----

28   [2]   As the Court can easily see, the MIP did not contain any language *requiring* an
     amendment.

1   Nevertheless, there are additional reasons to disregard this argument.  <u>Second</u>,

2   Cahn's argument is supposedly based on the premise that someone told him that the

3   Board had amended the performance goals in the MIP or, in other words, inadmissible

4   hearsay.  Fed. R. Evid. 802.  This supposed amendment of the performance goals is

5   certainly not codified in any formal written document that specifically references either

6   Cahn's Employment Agreement or the MIP.  *Compare* Employment Agreement, §19

7   (requiring amendments to be in writing).  <u>Third</u>, Cahn's argument is refuted by his own

8   expert who states in his expert report that he "is not aware of modification or

9   amendments to Mr. Cahn's 2007 MIP that altered the terms of the agreement, the

10  Baseline Award amounts, or the Performance Goals amounts."  Expert Report of

11  Daniel Gallagher at p. 6 (Delgado Decl. Ex. A).  <u>Fourth</u>, this argument was refuted by

12  Cahn himself during his deposition.  Cahn testified that he discussed the re-forecasting

13  of EBITDA in 2008 and 2009 (for budgeting purposes) and that he "assumed" he was

14  operating under the re-forecast numbers but, essentially, that no one ever confirmed his

15  assumption and that he did not recall "the words MIP and the reforecast…being in the

16  same sentence."  Deposition Transcript of Monte Cahn, taken November 15, 2011 at

17  227:14-232:18 (Delgado Decl. Ex. B).[3]

18  Given that Cahn has already admitted (in numerous ways) that the performance

19  goals of the MIP were not amended, his presentation of argument to the contrary would

20  only serve to confuse and delay.  For these reasons, it should be precluded.  Fed. R.

21  Evid. 403.

22  //

23

---

24  [3]  In addition, Cahn's arguments also result in an absurdity where participants under the MIP would get a significant payment even if the performance goals were **downwardly** adjusted.  That, of course, runs contrary to the notion of a performance plan and the explicit purpose of the MIP.  *See* MIP, Section 1 ("The Plan is designed to reward…the Participants for **significant** contributions toward the continued or **improved profitability and growth** of the Company.") (emphasis added).

1

**IV.    <u>CONCLUSION</u>**

2

For the foregoing reasons, argument that the Board amended the performance

3

goals for the MIP business segments should be excluded.

4

Dated:  December 12, 2011                    WILLENKEN WILSON LOH & LIEB LLP

5

6

By:*/s/ William A. Delgado*

7

William A. Delgado
Attorneys for Defendants OVERSEE.NET,

8

JEFFREY KUPIETZKY, and LAWRENCE NG

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## __CERTIFICATE OF SERVICE__

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated:  December 12, 2011            WILLENKEN WILSON LOH & LIEB LLP


By:_/s/ William A. Delgado_____
William A. Delgado
Attorneys for Defendants OVERSEE.NET,
JEFFREY KUPIETZKY, and LAWRENCE NG