William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10<br><br>　　　　Defendants. | Case No. CV11-03800 SVW (AGRx)<br><br>**DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF OTHER LAWSUITS**<br><br>DATE:　　January 9, 2012<br>TIME:　　10:00 a.m.<br>PLACE:　Crtrm. 6<br><br>Complaint Filed:　　May 3, 2011<br>Pretrial Conf. Date: January 9, 2012<br>Trial Date:　　　　January 17, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 9, 2012 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the above-entitled Court, Defendant Oversee.net ("Oversee") will, and hereby does, move this Court, *in limine*, for an order excluding any reference, insinuation, questioning, argument, or evidence (testimony or documents) regarding other lawsuits brought against defendant Oversee.

This motion is brought pursuant to Federal Rule of Evidence 402 and 403, and is made on the grounds that other lawsuits brought against Oversee (particularly lawsuits by former Oversee employees) have no bearing on Cahn's claim that he was not properly paid under ***his*** employment agreement or the MIP. Even if such evidence was relevant, the prejudicial effect of such evidence would substantially outweigh its probative value as such evidence would require extensively exploring the allegations of other employees' lawsuits and, thus, needlessly extend the trial of this matter and create confusion by suggesting that a third party's allegations against Defendants somehow have bearing on the merits of Cahn's claims.

//
//

This Motion is brought pursuant to this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of William A. Delgado, the Declaration of Todd Greene filed on November 16, 2011 (Docket No. 67), the Declaration of Elizabeth Murray filed on November 16, 2011 (Docket No. 97), the exhibits attached thereto, all pleadings, records and papers on file in this action, such matters of which this Court may take judicial notice, and upon such other evidence and oral argument as may be considered by the Court before or at the hearing on this Motion. This Motion is made following a conference of counsel pursuant to Local Rule 7-3 which took place on December 2, 2011.

Dated: December 12, 2011         WILLENKEN WILSON LOH & LIEB LLP

By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a lawsuit about **one** former Oversee employee and whether he merits any payment under a performance incentive plan called the Management Incentive Plan, or MIP. It is not a lawsuit about whether Oversee has been sued in the past, why other former employees have sued Oversee, or, generally, about third party claims. In particular, this not a lawsuit about Oversee's "character" or pattern of behavior.

Nevertheless, it appears that Cahn is intent on trying to introduce into this case evidence of other employees' complaints about Oversee. Given that Cahn had a specific contractual relationship with Oversee, evidence of other employees' lawsuits is patently irrelevant to this particular lawsuit and should not be admitted. In addition, the presentation of evidence as to other lawsuits would result in a needless waste of time, accomplishing nothing. Perhaps Plaintiff hopes to succeed at trial by painting Defendants as "serial breachers" hoping that the Court will punish Defendants as such. But, again, this is not a lawsuit about Defendants' practices, in general. This is a lawsuit about one employee and what happened *to that employee*. An unnecessary and prejudicial detour into the irrelevant would be a disservice to this Court and the parties.[1]

## II. STATEMENT OF FACTS

Background. In December 2007, Oversee acquired a business called Moniker. Plaintiff was Moniker's CEO and upon acquisition he became President of Moniker, and he remained with the company after the acquisition for a period of three years. Plaintiff executed the Employment Agreement, which ran from the transaction closing

---

[1] As the Court is aware, Oversee believes this matter will be tried to the Court and not a jury. Nevertheless, if this case is tried to a jury, the danger of having a jury confused by irrelevant and prejudicial evidence would be even greater.

date in December, 2007 until December 31, 2010.  Declaration of Todd Greene, filed November 16, 2011 ("Greene Decl."), Ex. E (Docket No. 67).[2]  The MIP was "an additional inducement" offered to Cahn (and available to other participants) to accept employment with Oversee.  TAC, ¶ 21; MIP at Section 5(a), attached as Exhibit C to the Declaration of Elizabeth Murray, filed November 16, 2011 ("Murray Decl.").  The Employment Agreement entitles Cahn to participate in the MIP as one of the elements of Cahn's employment compensation.  Employment Agreement, ¶ 3(d) (attached as Greene Decl. Ex. E).  The MIP, like the Employment Agreement, covers three determination periods through December 31, 2010.  MIP, Section 15(e).  The parties agreed that the terms of the MIP would be governed by California law.  *Id*. at Section 13.

The Evidence and Argument to be Excluded.   In his Third Amended Complaint, Cahn references lawsuits by former employees as evidencing Oversee's "deceitful strategy."  TAC at ¶ 38.  At the deposition of former Chief Executive Officer, Jeffrey Kupietzky, counsel for Cahn attempted to probe into other lawsuits (and their confidential settlements) on the theory that these other lawsuits showed a "pattern and practice of misconduct."  Deposition Transcripts of Jeffrey Kupietzky, taken October 26, 2011, at 5:10-7:6 (attached as Delgado Decl. Ex. A).   Evidence and argument of this nature should be excluded.

Like any substantial company, Oversee has sued and been sued by third parties.  Among these lawsuits are lawsuits by Oversee against former employees and lawsuits by former employees against Oversee.  *This* lawsuit, however, is just about Cahn's employment relationship with Oversee.  Cahn's suit is not about Oversee's litigation,

---

[2]  Both the Employment Agreement and the MIP have been filed with the Court various times under seal.  Rather than create additional work for the Court and its clerks by seeking to file these documents under seal, yet again, Oversee has elected to simply refer to its previous filings where they documents can be referenced.

1  in general or even its employment practices.  Therefore, disputes that other third parties
2  (including former employees) had with the company are irrelevant here.
3       Moreover, the allegations in other lawsuits are precisely that: allegations not
4  facts.  They cannot be used in this case to prove *anything*, let alone that Oversee
5  allegedly had a "pattern" of breaching its employment-related contracts.  The existence
6  of a handful of others lawsuits does not even indicate a pattern, yet it would likely
7  cause confusion and prejudice Oversee.
8       This case is not a class action.  It is about one particular former Oversee
9  employee.  The evidence in this trial should focus solely on Cahn's employment at
10 Oversee.
11
12 **III.    ARGUMENT**
13      A.    <u>The Existence of Other Lawsuits Is Not Relevant to This Dispute</u>.
14       Federal Rule of Evidence 402 specifically provides that "[e]vidence which is
15 not relevant is not admissible."  Rule 402 defines relevant evidence as "evidence
16 having any tendency to make the existence of any fact that is of consequence to the
17 determination of the action more probably or less probably that it would be without the
18 evidence."
19      Here, the existence of other lawsuits against Oversee is patently irrelevant to this
20 dispute.  Plaintiff has no standing to pursue a lawsuit against Oversee on behalf of
21 former employees.  Plaintiff has not alleged that Oversee had discriminatory or unfair
22 employment practices generally.  Plaintiff's allegations focus solely his own
23 relationship with Oversee, and Oversee's alleged commitments to him under his
24 employment agreement and the MIP.  Put simply, nothing about the existence of other
25 lawsuits proves or disproves any disputed fact of consequence in this case.  As a result,
26 evidence and argument of other lawsuits is plainly irrelevant and inadmissible.
27
28

B.  **Even if Relevant, Evidence of Other Lawsuits Should Be Excluded From Trial as Confusing, Prejudicial, and a Waste of Time**.

Pursuant to Federal Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Thus, this Court must balance the probative value (if any) of evidence that also has a prejudicial effect, and "[t]he determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decisions of this kind under Rule 403."  *U.S. v. Garcia*, 730 F. Supp. 2d 1159, 1173 (C.D. Cal. 2010).  Where, as here, the evidence is of "very slight (if any) probative value, . . . even a modest likelihood of unfair prejudice or a small risk of misleading the jury" will justify excluding that evidence. *U.S. v. Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011).

Here, there is nothing probative about the existence of other lawsuits by third parties.  The existence or subject matter of other lawsuits says nothing about whether Cahn merits payment under the MIP.  The existence of other lawsuits does not speak to the alleged breaches of which Cahn complains.

On the other hand, the danger that such evidence would prejudice Oversee (particularly if there is a jury, though there should not be one) is substantial.  Plaintiff may seek to introduce evidence of other lawsuits in an effort to paint Defendants as having abusive employment practices in the hopes of having the decision in this matter rendered on something other than the actual evidence, as it relates to Cahn.  And, even if a jury is not particularly "inflamed," there is a significant danger they will nevertheless be confused, left wondering what the existence of other lawsuits has to do with this case.

As if the prejudicial danger to Oversee was not sufficient, evidence of other lawsuits – whose facts are totally different from the instant case – is likely to consume

a vast amount of time and result in numerous "trials within a trial" as the parties begin to evaluate the merits of the other lawsuits, the similarities to the one at hand, etc. Given that none of these items has any bearing on what happened to Plaintiff in **this** case, these "trials within a trial" are nothing more than a needless distraction which will take up an undue amount of time.

## IV.  CONCLUSION

The existence of other lawsuits brought by third parties, including former Oversee employees, is irrelevant to this trial, which focuses on Cahn's allegations related to his employment with Oversee.  Even if it could somehow be relevant, the danger of prejudice and confusion, and the unnecessary delay such evidence would cause, mitigates in favor of exclusion.  For these reasons, this Court should exclude all arguments, evidence, and references to the existence of such other lawsuits.

Dated:  December 12, 2011        WILLENKEN WILSON LOH & LIEB LLP


By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: December 12, 2011       WILLENKEN WILSON LOH & LIEB LLP


By: */s/ William A. Delgado*
    William A. Delgado
    Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG