William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10<br><br>  Defendants. | Case No. CV11-03800 SVW (AGRx)<br><br>**DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE REGARDING COMPENSATION OF OTHER OVERSEE SENIOR MANAGEMENT**<br><br>DATE:  January 9, 2012<br>TIME:  10:00 a.m.<br>PLACE: Crtrm. 6<br><br>Complaint Filed:  May 3, 2011<br>Pretrial Conf. Date: January 9, 2012<br>Trial Date:  January 17, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 9, 2012 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the above-entitled Court, Defendant Oversee.net ("Oversee") will, and hereby does, move this Court, *in limine*, for an order precluding plaintiff Monte Cahn ("Cahn"), his counsel and witnesses from presenting or eliciting, or making any argument about or references to, evidence regarding the compensation of other Oversee senior management personnel, most of whom are not even parties to this action.

This Motion is brought pursuant to Federal Rules of Evidence 402 and 403, and is made on the ground that the amount of compensation received by other Oversee senior management bears no relation to Cahn's claim in this case for the allegedly improper non-payment of his compensation, or the amount thereof. Moreover, the heightened privacy interests such other individuals have in their financial condition far outweigh the minimal relevance, if any, that such information holds. Introduction of such evidence would serve only to harass these other individuals, confuse the issues, and waste time.

//
//

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Todd Greene filed on November 16, 2011 (Docket No. 67), the Declaration of Elizabeth Murray filed on November 16, 2011 (Docket No. 97), the exhibits attached to the declarations, all pleadings, records and papers on file in this action, such matters of which this Court may take judicial notice, and upon such other evidence and oral argument as may be considered by the Court before or at the hearing on this Motion.  This Motion is made following a conference of counsel pursuant to Local Rule 7-3 which took place on December 2, 2011.

Dated:  December 12, 2011        WILLENKEN WILSON LOH & LIEB LLP

By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The MIP that is at issue provides that participants are entitled to certain bonus compensation only if various business segments hit specific financial performance goals that are set out Schedule A. Nowhere in the MIP is the compensation of other Oversee personnel ever stated as a basis for awarding or calculating Cahn's potential bonus compensation nor is there any comparison to such compensation levels. Yet, Cahn seems intent on injecting into this trial evidence of the compensation received by other Oversee senior management. Given that such evidence bears no relevance whatsoever to Cahn's claims for compensation, it should not be admitted.

Undoubtedly, Cahn seeks to introduce this evidence in order to harass these other individuals by having their compensation information become publicly available. Plainly, this is irrelevant and inappropriate, especially in light of the fact that an individuals' personal financial information enjoys substantially heightened legal protection.

## II. STATEMENT OF FACTS

<u>Background</u>. In December 2007, Oversee acquired a business called Moniker. Plaintiff was Moniker's CEO and upon acquisition he became President of Moniker, and he remained with the company after the acquisition for a period of three years. Plaintiff executed the Employment Agreement, which ran from the transaction closing date in December, 2007 until December 31, 2010. Declaration of Todd Greene, filed November 16, 2011 ("Greene Decl."), Ex. E (Docket No. 67).[1] The MIP was "an

---

[1] Both the Employment Agreement and the MIP have been filed with the Court various times under seal. Rather than create additional work for the Court and its clerks by seeking to file these documents under seal, yet again, Oversee has elected to simply refer to its previous filings where the documents can be referenced.

additional inducement" offered to Cahn (and available to other participants) to accept employment with Oversee. TAC, ¶ 21; MIP at Section 5(a), attached as Exhibit C to the Declaration of Elizabeth Murray, filed November 16, 2011 ("Murray Decl."). The Employment Agreement entitles Cahn to participate in the MIP as one of the elements of Cahn's employment compensation. Employment Agreement, ¶ 3(d) (attached as Greene Decl. Ex. E). The MIP, like the Employment Agreement, covers three determination periods through December 31, 2010. MIP, Section 15(e). The parties agreed that the terms of the MIP would be governed by California law. *Id*. at Section 13.

The Evidence and Argument to be Excluded . Cahn's operative complaint asserts claims for breach of contract and fraud, amongst others, on the grounds that Oversee failed to pay him bonus compensation to which he was entitled under the MIP, or, otherwise, Oversee undertook efforts to undermine Cahn's ability to earn the promised bonus compensation. Significantly, nothing in the MIP pegs Cahn's award or level of bonus compensation to the compensation paid to other Oversee senior management. Yet, it is anticipated that Cahn will seek to introduce evidence of these other individuals' compensation, most of whom are not even parties to this action.

### III. ARGUMENT

#### A. Compensation Paid to Other Oversee Senior Management Is Irrelevant.

Evidence of compensation paid to other Oversee senior management fails the fundamental definition of relevance under Fed. R. Evid. Rule 401. This case has been bifurcated so that the only claim at issue relates to the MIP and whether Cahn was entitled to certain bonus compensation under the MIP. However, nowhere in the MIP is the compensation paid to other Oversee personnel referenced as a basis for the award

or level of bonus compensation potentially due to Cahn.[2] Accordingly, evidence of such other personnel's compensation is utterly irrelevant and, as such, should be excluded.

> B. Even if Relevant, the Minimally Probative Value of Evidence of the Compensation of Other Oversee Employees Is Far Outweighed by the Heightened Legal Interest in the Privacy of Such Information.

Even assuming that evidence of other Oversee personnel's compensation is relevant, its minimally probative value pales in comparison with the heightened privacy interests that these individuals have in keeping their personal financial information confidential. The right of privacy in one's personal financial affairs is a fundamental interest protected both by the California Constitution and U.S. Constitution. *See City of Santa Barbara v. Adamson*, 27 Cal. 3d 123, 130 (1980) (referencing Art. I, sec. 1 of the California Constitution, and the Third, Fourth, Fifth and Ninth Amendments to the U.S. Constitution). This right enjoys such heightened legal protection that, even under the far more liberal standards of discovery[3], personal financial information that are directly relevant to an action may be disclosed only under "narrowly circumscribed" circumstances. *Id*. at 165.

In this case, where the governing contract does not even reference the compensation of other Oversee senior management, the relevance (if any) of evidence on this subject is substantially outweighed by the countervailing privacy interest held by these individuals. Moreover, it is apparent that Cahn merely seeks to publicize this

---

[2]  Admittedly, there was an amendment to the MIP in November 2008 which the parties have referred to as the ICP. The ICP guaranteed Cahn at least the average of the senior team, subject to discretionary input from the team. That said, Cahn has not alleged any breach of the ICP or that any money is owed to him under the ICP.

[3]  Indeed, Magistrate Judge Rosenberg denied Plaintiff's motion to compel production of such information.

private information in an effort to embarrass these individuals in having their private information publicly disseminated. Moreover, the introduction of evidence on such a collateral issue would also confuse the trier of fact and waste time, because the fact-finder will have to sift through and understand the financial details of multiple unrelated individuals.  Fed. R. Evid. Rule 403.

## IV. CONCLUSION

For the foregoing reasons, evidence of the compensation of other Oversee senior management should be excluded.

Dated:  December 12, 2011                    WILLENKEN WILSON LOH & LIEB LLP

By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: December 12, 2011  WILLENKEN WILSON LOH & LIEB LLP


By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG