William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10<br><br>　　　　Defendants. | Case No. CV11-03800 SVW (AGRx)<br><br>**DEFENDANT OVERSEE.NET'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE UNDISCLOSED WITNESSES**<br><br>DATE:　　January 9, 2012<br>TIME:　　10:00 a.m.<br>PLACE:　Crtrm. 6<br><br>Complaint Filed:　　May 3, 2011<br>Pretrial Conf. Date: January 9, 2012<br>Trial Date:　　　　January 17, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 9, 2012 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the above-entitled Court, Defendant Oversee.net ("Oversee") will, and hereby does, move this Court, *in limine*, for an order precluding plaintiff Monte Cahn ("Cahn") from presenting evidence of witnesses that were not disclosed in Cahn's Initial Disclosures.

This Motion is brought pursuant to Federal Rule of Civil Procedure 37(c)(1) on the basis that during the meeting of counsel before the final pretrial conference pursuant to Local Rule 16-2, Cahn provided Oversee with a witness list containing the names of previously undisclosed witnesses. Having not been earlier disclosed pursuant to Rule 26, these witnesses should be excluded from trial.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of William A. Delgado, the exhibits attached to the declarations, all pleadings, records and papers on file in this action, such matters of which this Court may take judicial notice, and upon such other evidence and oral argument as may be considered by the Court before or at the hearing on this Motion. Counsel for Cahn was notified that Oversee would file the present motion on December 9, 2011.

Dated: December 12, 2011          WILLENKEN WILSON LOH & LIEB LLP


By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

During and shortly after the pretrial meeting of counsel, Cahn identified various trial witnesses heretofore undisclosed. The federal rules specifically prohibit Cahn from eliciting trial testimony from undisclosed witnesses unless the failure to disclose is "substantially justified or harmless." Cahn's failure is neither. Cahn has known of the existence of the witnesses for months and, to the extent he sought to have them give trial testimony, could have disclosed them months ago. Instead, he purposefully chose to wait until the pretrial meeting of counsel to identify the individuals. Nevertheless, Cahn's failure to disclose them earlier pursuant to Rule 26(a) and 26(e) means that these witnesses are unavailable to Cahn for purposes of trial.

## II. STATEMENT OF FACTS

Plaintiff served his Rule 26 initial disclosures on September 15, 2011. Declaration of William A. Delgado, dated December 12, 2011 ("Delgado Decl."), ¶ 2. Cahn has not provided a supplemental disclosure. *Id*. On December 8, 2011, the parties met and conferred pursuant to Local Rule 16-2 at which time Cahn provided Oversee with a witness list. *Id*. at ¶¶ 3-4. Later that day, Cahn provided Oversee with an amended witness list because his original witness list did not include their expert witness. *Id*. at ¶ 5. And, even later that day, counsel for Cahn sent an e-mail noting that the witness list should also have included Michael Berkens. *Id*. at ¶ 6.

Cahn's witness list (and follow-up e-mail regarding Berkens) includes the following witnesses who do not appear in Cahn's Initial Disclosures and have not otherwise been disclosed to Oversee: Stacey Peterson, Elizabeth Murray, NameDrive US, LLC, Bob Morse, Tigran Sinanyan, Steve Yeich, Peter Celeste, Rob McClinton,

David Coombs, Don Waters, Mike Berkens.  In this motion, Oversee seeks to exclude any testimony by Steve Yeich, Rob McClinton, Don Waters, and Mike Berkens.[1]

### III.   ARGUMENT

Federal Rule of Civil Procedure 37(c)(1) provides that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The rule is straightforward as is its application here.

It is undisputed that Yeich, McClinton, Waters, and Berkens were not disclosed in Cahn's Rule 26(a) initial disclosures.  It is also undisputed that Cahn has not provided a supplemental disclosure under Rule 26(e) with the names of these individuals.  As a result, Cahn has not provided Oversee with either an address or telephone number for them or the subject(s) of discoverable information they might have.  Fed. R. Civ. P. 26(a)(1)(A)(i).

There is no justification for Cahn's failure to identify these individuals much less a substantial one.  It is not as though Cahn just recently learned of these individuals.  Cahn has produced various documents with the names of each of Yeich, McClinton, and Waters on it throughout the course of the litigation.  Delgado Decl. ¶ 12, and Exs. G-I.  If he intended to call these individuals as trial witnesses, he should have identified them weeks if not months ago, rather than waiting until the pretrial meet and confer.  Clearly, Cahn intends to force Oversee to spend the weeks leading up to trial on last-

---

[1]   Oversee is not seeking to exclude the other, undisclosed witnesses for the following reasons: Ms. Peterson and Ms. Murray have already been deposed, and Bob Morse will be deposed before January 9, 2011.  Delgado Decl. at ¶ 7.  NameDrive is under subpoena with a deposition scheduled for December 16, 2011.  *Id.* at ¶ 8.  Tigran Sinanyan and David Coombs are current Oversee employees.  *Id.* at ¶ 9.

minute depositions as opposed to conducting expert discovery and preparing for trial. The Court should not permit such gamesmanship.

The failure to disclose Michael Berkens is particularly egregious. Michael Berkens is Plaintiff's current business partner in a company called "Right of the Dot." Delgado Decl. at ¶ 10. According to an online article that can be reached from the company's "About Us" webpage, Right of the Dot LLC was launched in February 2011, months before this lawsuit was filed. *Id*. at ¶ 11. It is difficult to believe that, since February 2011, Cahn and Berkens have not discussed this lawsuit, and that Cahn just *recently* discovered that Berkens has information that Cahn would like to present at trial. It is more likely that Cahn has known for months that he intended to call Berkens as a witness but deliberately withheld Berkens' name.

Notably, Oversee recently traveled to South Florida to depose another witness in this case, William Gross, on December 5, 2011. Oversee has reason to believe that Berkens resides in South Florida, so it may be that Cahn purposefully withheld Berkens' name until after the Gross deposition so that, if Oversee wants to depose Berkens, it would have to incur the expense (in terms of both attorney time and cost) of having to make two cross-country trips instead of one. That, too, is pure gamesmanship.

Neither is Cahn's failure to identify these witnesses harmless. This matter is scheduled to go to trial in little over a month, and the parties are still in the process of finishing written discovery, conducting the depositions of percipient witnesses who *were* identified, and conducting expert discovery. And, of course, the parties are in the midst of preparing for trial itself. Put simply, the parties are operating at maximum capacity without having to address Cahn's sudden disclosure of surprise witnesses.

//
//

## IV. CONCLUSION

For the foregoing reasons, evidence of the compensation of other Oversee senior management should be excluded.

Dated: December 12, 2011　　　　WILLENKEN WILSON LOH & LIEB LLP


By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated:  December 12, 2011               WILLENKEN WILSON LOH & LIEB LLP


                                        By: */s/ William A. Delgado*                .
                                            William A. Delgado
                                            Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG