William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10<br><br>   Defendants. | Case No. CV11-03800 SVW (AGRx)<br><br>**DEFENDANTS' OPPOSITION TO MONTE CAHN'S MOTION *IN LIMINE* #1 EXCLUDING ANY SUMMARIES BASED ON VOLUMINOUS RECORDS NOT PRODUCED DURING DISCOVERY**<br><br>DATE: January 9, 2011<br>TIME: 3:00 p.m.<br>PLACE: Crtrm. 6<br><br>Complaint Filed: May 3, 2011<br>Pretrial Conf. Date: January 9, 2012<br>Trial Date: January 17, 2012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff's Motion is a non-starter. It seeks evidence preclusion on the grounds that source documents for the summaries purportedly have not been "produced." However, both Fed. R. Evid. 1006 and Fed. R. Civ. P. 26(a)(1) require only that pertinent documents be identified and made available for review – obligations which Plaintiff admits Oversee has fulfilled. Plaintiff also inappropriately seeks to re-litigate a discovery dispute that Magistrate Judge Rosenberg has already decided. He now objects to the schedule she set, even though he had previously *agreed* to the schedule.

Moreover, as the hearing before Magistrate Judge Rosenberg revealed, the reason why Plaintiff has not examined the source data for the summaries is because his counsel—despite having brought three *ex parte* applications and receiving six weeks of additional time to prepare an expert report—never bothered to consult with his expert to determine what specific data he needs to review until December 6th. Rather, Magistrate Judge Rosenberg had to order that Plaintiff consult with his expert and confer with Oversee to identify the specific data he actually needs. This Motion should be summarily denied.

## II. STATEMENT OF FACTS.

### A. Magistrate Judge Rosenberg Has Already Considered Plaintiff's Contentions Regarding Access to "Source Data."

On December 6, 2011, Magistrate Rosenberg heard Plaintiff's Motion to Compel Production of Documents ("Motion to Compel") (Docket No. 57). One of the subjects of the Motion to Compel included, as here, "source data" for determining Plaintiff's performance under the Management Incentive Plan ("MIP"). *See* Motion to Compel at 2 (seeking documents "relating to the performance of the business segments that are the subject of Cahn's MIP, including documents relating to the bonus plans").

**B.     As Confirmed During the Hearing on Plaintiff's Motion to Compel, Oversee Has Already Identified the Source Data.**

Oversee attached as Exhibit D to the Declaration of Elizabeth Murray in Support of Oversee's Motion for Summary Judgment a summary of financial data showing that the requisite performance goals for the Moniker Business Segments in the MIP were not achieved ("Summary"). Thereafter, Oversee provided Plaintiff with a binder annotating the information presented in the Summary by identifying specific sources and databases from which line items in the Summary were derived (hereinafter "Binder"). During the hearing on the Motion to Compel, Plaintiff acknowledged his receipt of the Binder. *See* Transcript of Dec. 6, 2011 Hearing on Plaintiff's Motion to Compel Production of Documents ("Hearing Tr."), at 15-16 (attached as Ex. A to the Declaration of William A. Delgado ("Delgado Dec.")); Order on Plaintiff's Motion to Compel ("Order") (Docket No. 106) at fn.2.

Oversee is – and has always been – willing to allow Plaintiff to examine the relevant data from the underlying sources and databases, and Plaintiff does not contend otherwise.[1] However, since the underlying sources and databases contain voluminous financial information regarding all aspects of Oversee's operations, it is neither practical nor necessary to produce or review them in their entirety. Indeed, Plaintiff's counsel has admitted as much. *See* Hearing Tr. at 19 (responding to Court's question as to whether Plaintiff actually wanted copies of all source documents, even at granular

---

[1]    Oversee's objections to Plaintiff's requests for production have always focused on the facts that (i) they are entirely overbroad as written and (ii) to the extent Plaintiff has identified specific documents, those requests have been, until December 6, 2011, exclusively focused on irrelevant transient reports and presentations that were not based on audited data. *See, e.g.,* Joint Stipulation Regarding Plaintiff Monte Cahn's Motion to Compel at 15:14-16:1 (Docket No. 57-1) (explaining irrelevance of unaudited information). It is not Oversee's fault that Cahn has spent the better part of this litigation seeking irrelevant documents instead of relevant ones, particularly when Oversee stated that objection throughout.

level such as invoices and check registers, Plaintiff's counsel said, "And if I told you 'Yes,' I think I would have my client ripping my head off").

Oversee has repeatedly affirmed its willingness to provide underlying source data if Plaintiff identifies them with particularity. *See* Hearing Tr. at 31 (Oversee reiterated that, "again, what I represented during the meet and confer was if [Plaintiff] can identify things with particularity, I'm happy to work with you"); see also Joint Stipulation at 5:5-13 ("Most importantly, though, Plaintiff's motion also fails to honestly recognize Oversee's position through: Oversee can identify and produce documents and categories of documents that are identified with reasonable particularity, as is required by the Federal Rules. Oversee has restated that position time and time and time again"); Declaration of William A. Delgado, dated November 14, 2011 (Docket No. 57-3), Ex. H (November 3, 2011 meet and confer letter stating "your statement that Oversee is refusing to produce financial documents is inaccurate. As I indicated during our call, if you identify for me a reasonably particular list of documents (like the ones in your ex parte), I will commit to providing a prompt response that will include a statement of objections, an appropriate privilege log, if necessary, and a prompt production. You refused this offer…")

C. <u>As Revealed During the Hearing on Plaintiff's Motion to Compel, Plaintiff Has Not Identified With Particularity the Source Data He Wishes to Examine</u>.

During the hearing on Plaintiff's Motion to Compel, Magistrate Judge Rosenberg commented several times upon Plaintiff's failure to specify what underlying source data he wishes to examine. For example, she observed that Plaintiff's discovery requests, which asked for "all documents that related to financial performance," are "fairly broad ranging" and "it's hard to imagine any . . . document[] that wouldn't [fall into such a category]." Hearing Tr. at 32-33.

Significantly, when Magistrate Judge Rosenberg asked Plaintiff's counsel whether he had yet consulted with his expert to ascertain what specific source data he needs to examine, counsel admitted that he had not done so. *See* Hearing Tr. at 55 (Court asked Plaintiff's counsel, "Have you talked to your expert? Does he need anything less than quarterly?" Plaintiff's counsel responded, "I can – I have not").

This concession was utterly baffling, given that Plaintiff filed three different *ex parte* applications to continue his deadline to file an expert report and received six additional weeks to do so. One would have thought that, at some point between August 29, 2011 and December 6, 2011, Plaintiff's counsel would have consulted with their expert to determine what documents he actually needed to issue an expert report so that he could request such documents, particularly since Plaintiff bears the burden of proof. This is especially true given that, in its opposition to Plaintiff's third *ex parte* application, Oversee specifically opposed Plaintiff's application by arguing, in part, "[i]f an expert actually were working on this project, he or she would be able to provide a list of accounting records supposedly required to complete a report." *See* Defendant Oversee.net's Memorandum of Points and Authorities in Opposition to *Ex Parte* Application to Continue Plaintiff's Deadline for Expert Reports at 1:20-2:3 (Docket No. 54). There is no justification why no accounting list was ever provided in response to that argument, much less a justification of why Plaintiff's counsel did not even bother to speak to their expert to ask him for such a list.[2]

Ultimately, Magistrate Judge Rosenberg concluded that the only logical way to go about producing source data is for the parties and their experts to confer so that Plaintiff can identify with particularity specific records – or search terms designed to

---

[2] Nor has Plaintiff ever bothered to take a 30(b)(6) deposition of someone familiar with Oversee's accounting records so that he could formulate a cogent request for production. Nor has Plaintiff ever bothered to depose Oversee's controller, Betsy Niksefat, who would have personal knowledge of Oversee's accounting system, despite the fact that her name appears on Oversee's and Cahn's Rule 26 Initial Disclosures.

retrieve specific records – from the sources and databases listed in the Binder that Plaintiff wishes to examine. *See* Hearing Tr. at 21 ("what I think you need to do is probably have your experts on the phone . . .[T]hey're going to have to talk to each other and figure out how to do this") and 55 (instructing Plaintiff to "ask [Plaintiff's expert] what would be relevant from the expert's point of view; how detailed does he need this")).

D. <u>Plaintiff Expressly Assented to the Schedule Set Forth in Magistrate Rosenberg's Order on Plaintiff's Motion to Compel</u>.

In light of the fact that Plaintiff had not consulted with his expert to identify with particularity what source data he wished to examine, Magistrate Judge Rosenberg ordered the parties and their experts to meet and confer by December 13, 2011 to, amongst other things, formulate search terms and coordinate access to the underlying sources and databases, and determine a schedule for the production of that data. Order at 2.

Near the conclusion of the hearing on Plaintiff's Motion to Compel, Magistrate Judge Rosenberg specifically asked Plaintiff's counsel whether he was amenable to the above-described schedule and he agreed:

Court: Okay. So, you want to do all of the meet-and-confers by December 13?

Delgado (counsel for Oversee): Right.

Court: Okay. And, then, production will be by December 20th, with the exception of the database, which I will leave for counsel to negotiate and then call in if you can't agree. [Pause]. Okay, how is that?

Watnick (counsel for Plaintiff): That's fine. I appreciate your patience. [].

Hearing Tr. at 74.

//

//

## III. ARGUMENT.

### A. Oversee Has Already Complied with Fed. R. Evid. 1006 and Fed. R. 26(a)(1) by Identifying and Making Available the "Source Data."

In seeking to exclude the Summary on the ground that Oversee has purportedly failed to "produce" the underlying source data, Plaintiff reveals a fundamental misunderstanding of what Fed. R. Evid. 1006 and Fed. R. Civ. P. 26(a)(1) actually require. Fed. R. Civ. P. 26(a)(1)(A)(ii) states clearly that, in lieu of producing copies of the initial disclosure documents, a party may provide a "description by category and location" of such documents. Similarly, Fed. R. Evid. 1006, far from requiring the proponent of a summary to affirmatively produce the underlying source data, permits the party to identify the data and make them "available for examination or copying." *See also Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 8 (1st Cir. 1996).

Here, Oversee has already adequately identified and made available the source data underlying the Summary. In the Binder that Oversee provided, the sources of the financial line items in the Summary are identified by the particular database or report from which the information was derived. Plaintiff does not deny that he has received this Binder, nor does he deny that Oversee has agreed to produce specific records from the listed databases, provided that he identifies them with particularity. Indeed, Plaintiff concedes that, since these databases contain voluminous information regarding all aspects of Oversee's operations, it is neither practical nor necessary for Oversee to download or produce the databases in their entirety. Plaintiff can constructively examine the source data once he identifies the specific records he needs.

### B. Despite Oversee's Consistent Willingness to Cooperate, Plaintiff Never Identified the "Source Documents" He Wishes to Examine.

At the hearing on Plaintiff's Motion to Compel, it became abundantly clear that Plaintiff had yet to identify the specific records he allegedly needs. Throughout the

meet and confer process, Oversee reiterated its willingness to provide data and documents in response to requests for specific records. However, when Magistrate Judge Rosenberg asked Plaintiff's counsel whether he had consulted with his expert to try to formulate search terms or identify the source data he wants with particularity, he admitted that he had not. In light of that fact, Magistrate Judge Rosenberg's Order on Plaintiff's Motion to Compel requires Plaintiff to consult with his experts so that he may formulate search terms and provide Oversee with particularized requests for source data.

Under these circumstances, Plaintiff's complaints about tardy disclosure and production are disingenuous. Oversee has already disclosed to Plaintiff the various sources and databases which contain the underlying information presented in the Summary. Evidence preclusion should not be imposed against Oversee when it is Plaintiff who has not figured out and told Oversee which specific records he wishes to examine.

To be clear, Oversee does not contend that Plaintiff must make Rule 34 requests in order to trigger its disclosure obligations under Fed. R. Evid. 1006 or Fed. R. Civ. P. 26(a)(1). However, where, as here, the Summary is generated from a voluminous mass of data, Oversee has already identified the sources and databases from which such data were derived, and Plaintiff concurs that it does not wish to download the sources and databases in their entirety, it is incumbent upon Plaintiff to specify what data he wishes to obtain therefrom.

C. <u>Plaintiff Is Inappropriately Seeking Reconsideration of Magistrate Judge Rosenberg's Order on Plaintiff's Motion to Compel.</u>

Plaintiff's Motion is an inappropriate attempt to re-litigate the Motion to Compel that Magistrate Judge Rosenberg has already decided. As in the Motion to Compel, this Motion concerns Oversee's alleged failure to disclose the "source data" for the Summary. During the course of the hearing on the Motion to Compel, it became

apparent that the reason why Plaintiff had not examined the source data was not due to any lack of cooperation on Oversee's part, but rather Plaintiff's failure to identify any source data with particularity.

Accordingly, Magistrate Judge Rosenberg ordered Plaintiff to consult with his experts to formulate search terms and particularized requests for the source data he wishes to examine. Specifically, she ordered the parties to meet and confer on search terms and the scope of requests by December 13, 2011.[3] Significantly, Plaintiff's counsel assented to this schedule at the hearing on the Motion to Compel.

Inexplicably, Plaintiff has now undergone a change of heart. He is objecting to Magistrate Judge Rosenberg's schedule as unworkable and prejudicial. From a legal standpoint, there is no basis for his objection because Fed. R. Evid. 1006 does not require source data to be produced before trial, only that it be made available for examination before the summary is introduced into evidence at trial. *See* Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE – FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2011), ¶8:558; *Square Liner 360 Degrees, Inc. v. Chisum*, 691 F.2d 362, 376 (8th Cir. 1982) (source materials should be made available "prior to [summary's] introduction" as evidence at trial). But, more importantly, Plaintiff's attempt to relitigate the Motion to Compel and walk back from a schedule he had agreed to smack of bad faith. As such, this Motion is not well taken and should be denied.

//

//

---

[3] The parties did meet and confer on December 13, 2011. Delgado Decl. at ¶ 3. Oversee produced a first set of documents responsive to the meet and confer on December 15, 2011 and is in the process of identifying and producing additional documents. *Id.* at ¶ 4.

## IV. CONCLUSION.

For the foregoing reasons, Plaintiff's Motion should be denied in its entirety.

Dated:  December 19, 2011           WILLENKEN WILSON LOH & LIEB LLP

                                    By:*/s/ William A. Delgado*
                                    William A. Delgado
                                    Attorneys for Defendants OVERSEE.NET,
                                    JEFFREY KUPIETZKY, and LAWRENCE NG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated:  December 19, 2011        WILLENKEN WILSON LOH & LIEB LLP


By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG