1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11

MONTE CAHN,

CASE NO. CV11-03800 SVW (AGRx)

12

Plaintiff,

13

vs.

The Honorable Stephen V. Wilson
[Magistrate Judge Alicia G. Rosenberg]

14

OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual; LAWRENCE NG, an individual; and Does 1 through 10,

15

**FINAL PRETRIAL CONFERENCE ORDER**

16

17

Defendants.

Complaint Filed:    May 3, 2011
Final Pretrial Conf.:  January 9, 2012
Trial Date:          January 17. 2012

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and L.R. 16, IT IS ORDERED:

1.     The parties in this case are:  Plaintiff Monte Cahn; Defendant Oversee.net; Defendant Jeff Kupietzky; and Defendant Lawrence Ng.  Messrs. Kupietzky and Ng are not defendants in the First Claim for Relief.

Each of these parties has been served and has appeared. All of Plaintiff's other claims have been bifurcated from the trial of Plaintiff's first claim for relief for breach of contract.  All parties named in the first breach of contract claim have appeared.

The pleadings which raise the issues are:  The Third Amended Complaint. Defendants have not yet filed an Answer.

2.     Federal jurisdiction and venue are invoked upon the grounds: Cahn filed suit in the United States District Court of California.  There is complete diversity between the named plaintiff and defendants.  Venue is proper in this District because Oversee's principal place of business is Los Angeles, California. The facts requisite to federal jurisdiction are admitted.

3.     Plaintiff estimates trial will take 5-7 trial days.  Defendant estimates 4 days.

4.     The trial of the first breach of contract claim is to be a non- jury trial.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       At least seven (7) days prior to the trial date each party shall lodge and serve

2   by e-mail, fax, or personal delivery the findings of fact and conclusions of law the

3   party expects the Court to make upon proof at the time of trial as required by L.R.

4   52-1.

5

6       5.    The following facts are admitted and require no proof: None.

7

8       6.    The following facts, though stipulated, shall be without prejudice to

9   any evidentiary objection:

10       a.    In 2007, Oversee entered into negotiations with Seevast to

11       purchase Moniker.

12       b.    The bonus structure in the proposed MIP was based on

13       performance goals in four categories: the Registrar, Domain

14       Sales, TrafficClub, and Oversee EBITDA.

15       c.    The first three segments, the Moniker Business Segments, had

16       pre-determined performance goals for all three determination

17       periods.

18       d.    All of the business segments had pre-negotiated bonus awards

19       ("baseline awards") for each determination period.

20       e.    Concurrent with the MIP, Cahn entered into an employment

21       agreement with Oversee.

22       f.    Plaintiff Monte Cahn is a citizen of the State of Florida.

23       g.    Defendant Oversee.net ("Oversee") is a California corporation

24       with its principal place of business in Los Angeles, California.

25       h.    Doe defendants are deemed dismissed with respect to the first

26       claim for relief.

27       i.    The Court has jurisdiction over this matter based upon diversity

28       jurisdiction. Venue is proper in the Central District of California.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

2

FINAL PRETRIAL CONFERENCE ORDER

1             j.       The terms of the MIP were negotiated between Oversee and Mr.

2                 Cahn.  Both parties were represented by counsel in connection

3                 with negotiating the terms of the MIP.

4             k.      No payments have been made to Mr. Cahn under the MIP.

5

6       7.      <u>Claims and Defenses to be Presented at Trial:</u>

7 **Plaintiff:**

8            a.      Plaintiff plans to pursue the following claims for breach of the

9 Management Incentive Plan against the following defendants:

10

11     Claim 1: Defendant Oversee.net breached its obligations under the

12 Management Incentive Plan and failed to pay Monte Cahn monies owed

13 under the Management Incentive Plan.

14

15           b.      The elements required to establish Plaintiff's claims are:

16                 1.      The existence of a contract;

17                 2.      Plaintiff's performance or excuse for non-performance;

18                 3.      Defendant's breach; and

19                 4.      Resulting damage to plaintiff.

20 (*See* Judicial Counsel of California Civil Jury Instructions, 303 (2011); and *EPIS,*

21 *Inc. v. Fidelity Guarantee Life Insu. Co.,* 156 F. Supp.2d 1116, 1124 (N.D. Cal.

22 2001).)

23

24            c.      Key evidence Plaintiff relies on for each of the claims is:

25                 (1)     The parties entered into the Management Incentive Plan

26                     on December 14, 2007.

27                 (2)     Under the MIP, Cahn would be able to earn up to

28                     $13,000,000 through a goal oriented bonus structure.  The

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

bonus structure set forth under the MIP was based on Cahn's attainment of certain performance goals in four categories: the Registrar Business Segment, the Domain Sales Business Segment, the TrafficClub Business Segment, and Oversee EBITDA.  The first three segments, known as the "Moniker Business Segments", each had pre-determined performance goals to be achieved during three defined determination periods.  The performance goal for the fourth segment, Oversee EBITDA, was labeled "TBD" and was to be set by the Board, in consultation with Cahn each year.  All of the business segments had pre-negotiated bonus awards ("baseline awards") for each determination period.

(3)     The MIP set forth three alternative methods by which Cahn would be able to calculate his performance awards.  First, if the actual performance under any of the four business segments reached 70% of the performance goal, Cahn would be entitled to that percentage of the business segment baseline award that that business segment achieved.  Alternatively, if one of the Moniker Business Segments reached between 55% - 70% of its performance goal, and the total Moniker Business Segments' performance was at least 100% of the total Moniker Business Segments' goal, Cahn would be entitled to 90% of the baseline award for the segment that was below the 70% benchmark.  Finally, if two of the Moniker Business Segments performed below 70% of their respective performance goals, but the total Moniker Business

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Segments' performance was at least 100% of the total

2   Moniker Business Segments' goal, Cahn would be entitled

3   to 80% of the baseline award for the segments that were

4   below the 70% benchmark.

5   (4)   In order to ensure appropriate incentives, the MIP

6   provided that the Board could modify the performance

7   goals from time to time.  The Board was required to obtain

8   Cahn's written approval for any material amendment or

9   modification to the Plan which would adversely affect

10   Cahn.

11   (5)   Cahn's attainment of the performance goals was to be

12   determined, in good faith, by the Oversee Board of

13   Directors.  In connection with calculating whether the

14   goals had been attained, Oversee could not take any action

15   to manipulate Moniker's financials if it would have the

16   effect of preventing the attainment of the performance

17   goals under the MIP.  Additionally, each year the BOD

18   was required to certify whether the goals had been attained

19   and Cahn had the right to challenge the validity of this

20   certification.

21   (6)   Cahn was never provided with any contemporaneous

22   financial accounting or reporting of his MIP performance

23   during the term of his employment.

24   (7)   Oversee failed to provide Cahn with the required Interim

25   Financial Statements or the Determination Period

26   Financial Statements for any of the determination periods,

27   as expressly required under the terms of the MIP.

28   (8)   The Oversee Board failed to certify whether Cahn had

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

FINAL PRETRIAL CONFERENCE ORDER

1          attained his goals in any of the three determination

2          periods, as also required under the terms of the MIP.

3  (9)    The MIP provided that the overall Oversee EBITDA

4          Performance Goal shall be determined, from time to time,

5          by the Board in consultation with Monte Cahn.

6  (10)   Oversee's Board set the annual Oversee EBITDA

7          performance goal on an annual basis and disclosed this

8          goal to Cahn and other executives and employees.

9  (11)   Oversee achieved the annual Oversee performance goal

10          for Quarter 4 2007, 2008, 2009, and 2010.

11  (12)   Oversee failed to pay Cahn $3.2 million in bonuses that

12          were owed as a result of the achievement of the Oversee

13          EBITDA Goal under the MIP.

14  (13)   The MIP provided that Cahn was entitled to bonus awards

15          of $400,000 for 2008, $600,000 for 2009, and $600,000

16          for 2010 relating to TrafficClub Gross Profit.

17  (14)   The term "Gross Profit" is defined under the MIP as total

18          revenues from customers of the TrafficClub Business

19          Segment less all cost of goods sold relating thereto

20          (including revenue share payments); provided, however, in

21          the case of Shared Customers, Gross Profit shall be

22          determined by multiplying (i) the Gross Profit from such

23          Shared Customers by (ii) the Applicable Shared Customer

24          Percentage.

25  (15)   The term "TrafficClub Business Segment" is defined in

26          the MIP to mean the business of Moniker relating to the

27          monetization of internet domain names through rotation of

28          such internet domain names on third party parking

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

6

FINAL PRETRIAL CONFERENCE ORDER

1    platforms.

2    (16)   "Shared Customers" is defined to mean existing customers

3           of Moniker's TrafficClub Business Segment and

4           DomainSponsor as of December 14, 2007.

5    (17)   The term "'Applicable Customer Percentage" means the

6           percentage determined as follows: (i) the gross revenues

7           received by Moniker from its upstream advertiser partners

8           in respect of the domain names owned by all Shared

9           Customers participating in the TrafficClub Business

10          Segment during the full month preceding the adoption date

11          of this Plan (the "Moniker Shared Customer Revenue")

12          divided by (ii) the sum of (A) the Moniker Shared

13          Customer Revenue and (B) the gross revenues received by

14          the Company from its upstream advertiser partners in

15          respect of the domain names owned by all Shared

16          Customers participating in the DomainSponsor

17          monetization platform during the full month preceding the

18          adoption date of this Plan.

19   (18)   On January 31, 2008, just over one month after the merger

20          of Oversee and Moniker, Oversee shut down TrafficClub

21          and combined TrafficClub into Domain Sponsor.

22   (19)   Cahn offered to consent to the combination of TrafficClub

23          and Domain Sponsor, provided that Cahn would receive

24          credit under the MIP for the revenues of the combined

25          division.

26   (20)   Oversee never secured Cahn's written consent to the

27          modification of the TrafficClub Business Segment of the

28          MIP.

FINAL PRETRIAL CONFERENCE ORDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(21)   After TrafficClub and Domain Sponsor were combined, Cahn was appointed the Vice President of the DomainSponsor business division, with sales responsibility for the combined division.

(22)   Based on the combination of TrafficClub and DomainSponsor, Account managers from Traffic Club were also responsible for DomainSponsor and vice versa.

(23)   After this combination, Oversee stopped tracking the TrafficClub Business Segment, as defined under the MIP.

(24)   Oversee did not provide Cahn with credit under the MIP for any new or increased monetization customers or revenues that were generated by as a result of Moniker's efforts after TrafficClub was closed down.

(25)   Cahn is owed $1.6 million in bonus payments in connection with the TrafficClub Business Segment.

(26)   Cahn was entitled to bonuses of up to $2 million with respect to the Registrar Business Segment and up to $4.2 million in connection with the Domain Sales Business Segment.

(27)   During the MIP Determination Periods, Oversee diverted Moniker's revenues to other divisions of Oversee that were not a part of Cahn's MIP.  These totality of these revenues exceeded over a million dollars.  Oversee recently admitted the impropriety of these accounting practices.  In connection with Oversee's recent efforts to sell the company, Oversee has returned these same revenues back to Moniker and provided potential purchasers with this alternative analysis of Moniker's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       financial performance.

2       (28)   Section 3 of the MIP provides that the Oversee Board had

3               the right to change the performance goals with respect to

4               the Performance Goals under the MIP.

5       (29)   In 2009 and 2010, the Board modified the performance

6               goals in the MIP and so informed Cahn.  The Board

7               determined that the performance goal in 2009 for the

8               registrar business was $1.2 million while the performance

9               goal for the domain business was (1.9 million).

10      (30)   The Board determined that the combined performance

11              goal in 2010 for the Registrar and Domain Sales business

12              segments was $1,488,000.

13      (31)   Cahn exceeded the performance goals for the registrar and

14              domain sales segments in 2008, 2009, and 2010.

15      (32)   By agreement of the parties, Cahn had absolute discretion

16              to designate additional participants under the MIP.  If

17              Cahn did not designate any additional participants; he was

18              entitled to the full amount of the MIP.

19

20  **Defendants:**

21          a.      Defendant plans to pursue the following counterclaims and

22  affirmative defenses:  Defendant reserves its right to file counterclaims but has not

23  done so.  Defendant denies the allegations contained in paragraphs (1)-(32), above,

24  and in addition, intends to rely on equitable estoppel as an affirmative defense.

25

26          b.      The elements required to establish Defendant's counterclaims

27  and affirmative defenses are:

28  / / /

4849-4185-8062.1

122879.2

FINAL PRETRIAL CONFERENCE ORDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   The affirmative defense of equitable estoppel has four elements: (1) the party

2   to be estopped must be apprised of the facts; (2) he must intend that his conduct be

3   acted upon, or must so act that the party asserting the estoppel had a right to believe

4   it was so intended; (3) the other party must be ignorant of the true state of facts; and

5   (4) he must rely upon the conduct to his injury. *Green v. Travelers Indemnity Co.*,

6   185 Cal. App. 3d 544, 556 (1986).

7

8         c.     Key evidence Defendant relies on for each counterclaim and

9   affirmative defense is:

10   Cahn and Oversee entered into the ICP in November 2008.  Pursuant to its

11   terms, Cahn could receive payments under the ICP or the MIP but not both.  Cahn

12   accepted payments under the ICP for 2008 and 2009.  Cahn never notified Oversee

13   that he was accepting his ICP payments under protest, or that he reserved a claim

14   that he should be paid under the MIP.  Oversee would not have paid Cahn under the

15   ICP if Cahn had instead demanded payment under the MIP.  Having accepted his

16   ICP payments, Cahn is estopped from seeking payments under the MIP for 2008 and

17   2009.

18

19        8.     In view of the admitted facts and the elements required to establish the

20   claims, counterclaims and affirmative defenses, plaintiff contends that the following

21   issues remain to be tried:

22         a.     Whether Oversee breached the MIP;

23         b.     Whether Cahn achieved the performance goals under the MIP;

24         c.     The amount of damages owed to Cahn.

25   Defendant Oversee disputes plaintiff's formulation of the issues.

26   Oversee contends that the following issues remain to be tried:

27         a.     Whether, as to the Moniker Business Segments, Cahn achieved

28   the performance goals in the MIP so that the MIP's offer of bonus compensation

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1
122879.2
10
FINAL PRETRIAL CONFERENCE ORDER

1  may be enforced as a contractual obligation;

2          b.     Whether the provision in the MIP allowing awards based upon

3  Oversee EBITDA left as "TBD" is enforceable;

4          c.     Whether Cahn's acceptance of payments under the ICP estops

5  him from claiming any right to payment under the MIP for the 2008 and 2009

6  performance periods; and

7          d.     Whether Cahn's failure to designate MIP participants in

8  accordance with the provisions of the MIP renders his claims speculative or

9  otherwise unenforceable.

10

11       9.     Cahn does not believe that discovery is complete.  Expert depositions

12  have not been scheduled; the parties are working cooperatively to set their

13  respective expert depositions at an appropriate date.

14       Additionally, Oversee has failed to produce documents in accordance with a

15  Court Order dated December 6, 2011 [Doc. No. 206].   Cahn is in the process of

16  filing a further motion for sanctions.  Additionally, the Court Ordered deposition of

17  Robert Morse is set for January 5, 2012.  Cahn is also trying to secure the attendance

18  of Josh Armstrong, who failed to appear for deposition in accordance with his

19  representations.

20       Oversee believes that document discovery is complete and that any failures by

21  Cahn to obtain documents he now contends he requires to support his claim is based

22  upon his failure to seek production of those documents in accordance with Rule 34.

23  Oversee expects the Morse deposition to proceed as scheduled on January 5, 2012;

24  Oversee has no information about the status of the Armstrong deposition and has no

25  power to compel Mr. Armstrong to appear for deposition.

26       There is presently a protective order in place pursuant to which the parties

27  have filed documents under seal.  Consistent with that protective order, the court

28  will be asked to consider sealing certain evidence offered at the trial of the matter.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1
122879.2

11

FINAL PRETRIAL CONFERENCE ORDER

10.     Cahn contends that all disclosures under F.R.Civ.P. 26(a)(3) have been made.  Oversee disputes that contention and notes in particular that Cahn has identified trial witnesses who have never appeared in his disclosures.  This issue is raised more particularly in Oversee's Motion *In Limine* No. 5.  Also, Cahn contends that Oversee is precluded from relying on documents and information that were not timely produced, if at all.  Cahn has filed a motion in limine (Cahn's Motion in Limine No. 1) to preclude reference to these documents as well as any summaries of such documents.

The joint exhibit list of the parties has been filed under separate cover [Doc. No. 164] as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Exhibit Nos.: 13, 79, 80, 99, 100, 102, 108, 120, 127-132, 242, 302, 306, 309, 312, 313, 314, 323, 324, 364, 365, 375-393, 397-423

The objections and grounds therefor are:

1.     Exhibit 13:  Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

2.     Exhibit 79:  Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

3.     Exhibit 80:  Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

4.     Exhibit 99:  Hearsay, FRE 802.  Lack of authentication, FRE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

12

FINAL PRETRIAL CONFERENCE ORDER

1   901.  Failure to produce source data, FRE 1006 (subject of
2   Cahn's Motion in Limine No. 1).
3   5.   Exhibit 100: Hearsay, FRE 802.  Lack of authentication, FRE
4        901.  Failure to produce source data, FRE 1006 (subject of
5        Cahn's Motion in Limine No. 1).
6   6.   Exhibit 102: Hearsay, FRE 802.  Lack of authentication, FRE
7        901.
8   7.   Exhibit 108: Hearsay, FRE 802.  Lack of authentication, FRE
9        901.  Failure to produce source data, FRE 1006 (subject of
10       Cahn's Motion in Limine No. 1).
11  8.   Exhibit 120: Hearsay, FRE 802.  Lack of authentication, FRE
12       901.  Failure to produce source data, FRE 1006 (subject of
13       Cahn's Motion in Limine No. 1).
14  9.   Exhibit 127: Hearsay, FRE 802.  Lack of authentication, FRE
15       901.  Failure to produce source data, FRE 1006 (subject of
16       Cahn's Motion in Limine No. 1).
17  10.  Exhibit 128: Hearsay, FRE 802.  Lack of authentication, FRE
18       901.  Failure to produce source data, FRE 1006 (subject of
19       Cahn's Motion in Limine No. 1).
20  11.  Exhibit 129: Hearsay, FRE 802.  Lack of authentication, FRE
21       901.  Failure to produce source data, FRE 1006 (subject of
22       Cahn's Motion in Limine No. 1).
23  12.  Exhibit 130: Hearsay, FRE 802.  Lack of authentication, FRE
24       901.  Failure to produce source data, FRE 1006 (subject of
25       Cahn's Motion in Limine No. 1).
26  13.  Exhibit 131: Hearsay, FRE 802.  Lack of authentication, FRE
27       901.  Failure to produce source data, FRE 1006 (subject of
28       Cahn's Motion in Limine No. 1).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

13

14.    Exhibit 132: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

15.    Exhibit 242:  Relevance, FRE 402, 403.

16.    Exhibit 302: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

17.    Exhibit 306: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

18.    Exhibit 309:Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

19.    Exhibit 312: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

20.    Exhibit 313: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

21.    Exhibit 314: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

22.    Exhibit 323: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

23.    Exhibit 324: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

24.    Exhibit 364: Hearsay, FRE 802.  Lack of authentication, FRE 901.

25.    Exhibit 365: Relevance, FRE 402, 403.  Tax privilege.

26.    Exhibit 375:Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

27.    Exhibit 376: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

28.    Exhibit 377: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

29.    Exhibit 378: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

30.    Exhibit 379: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

31.    Exhibit 380: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

32.    Exhibit 381: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

33.    Exhibit 382: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

34.    Exhibit 383: Hearsay, FRE 802.  Lack of authentication, FRE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

15

FINAL PRETRIAL CONFERENCE ORDER

1   901.  Failure to produce source data, FRE 1006 (subject of

2   Cahn's Motion in Limine No. 1).

3   35.   Exhibit 384: Hearsay, FRE 802.  Lack of authentication, FRE

4   901.  Failure to produce source data, FRE 1006 (subject of

5   Cahn's Motion in Limine No. 1).

6   36.   Exhibit 385: Hearsay, FRE 802.  Lack of authentication, FRE

7   901.  Failure to produce source data, FRE 1006 (subject of

8   Cahn's Motion in Limine No. 1).

9   37.   Exhibit 386: Hearsay, FRE 802.  Lack of authentication, FRE

10  901.  Failure to produce source data, FRE 1006 (subject of

11  Cahn's Motion in Limine No. 1).

12  38.   Exhibit 387: Hearsay, FRE 802.  Lack of authentication, FRE

13  901.  Failure to produce source data, FRE 1006 (subject of

14  Cahn's Motion in Limine No. 1).

15  39.   Exhibit 388: Hearsay, FRE 802.  Lack of authentication, FRE

16  901.  Failure to produce source data, FRE 1006 (subject of

17  Cahn's Motion in Limine No. 1).

18  40.   Exhibit 389: Hearsay, FRE 802.  Lack of authentication, FRE

19  901.  Failure to produce source data, FRE 1006 (subject of

20  Cahn's Motion in Limine No. 1).

21  41.   Exhibit 390: Hearsay, FRE 802.  Lack of authentication, FRE

22  901.  Failure to produce source data, FRE 1006 (subject of

23  Cahn's Motion in Limine No. 1).

24  42.   Exhibit 391: Hearsay, FRE 802.  Lack of authentication, FRE

25  901.  Failure to produce source data, FRE 1006 (subject of

26  Cahn's Motion in Limine No. 1).

27  43.   Exhibit 392: Hearsay, FRE 802.  Lack of authentication, FRE

28  901.  Failure to produce source data, FRE 1006 (subject of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

16

FINAL PRETRIAL CONFERENCE ORDER

1          Cahn's Motion in Limine No. 1).

2     44.   Exhibit 393: Relevance, FRE 402, 403.

3     45.   Exhibit 397  Hearsay, FRE 802.  Lack of authentication, FRE

4           901.  Failure to produce source data, FRE 1006 (subject of

5           Cahn's Motion in Limine No. 1).

6     46.   Exhibit 398: Hearsay, FRE 802.  Lack of authentication, FRE

7           901.  Failure to produce source data, FRE 1006 (subject of

8           Cahn's Motion in Limine No. 1).

9     47.   Exhibit 399: Hearsay, FRE 802.  Lack of authentication, FRE

10          901.  Failure to produce source data, FRE 1006 (subject of

11          Cahn's Motion in Limine No. 1).

12    48.   Exhibit 400: Hearsay, FRE 802.  Lack of authentication, FRE

13          901.  Failure to produce source data, FRE 1006 (subject of

14          Cahn's Motion in Limine No. 1).

15    49.   Exhibit 401: Hearsay, FRE 802.  Lack of authentication, FRE

16          901.  Failure to produce source data, FRE 1006 (subject of

17          Cahn's Motion in Limine No. 1).

18    50.   Exhibit 403: Hearsay, FRE 802.  Lack of authentication, FRE

19          901.  Failure to produce source data, FRE 1006 (subject of

20          Cahn's Motion in Limine No. 1).

21    51.   Exhibit 403: Hearsay, FRE 802.  Lack of authentication, FRE

22          901.  Failure to produce source data, FRE 1006 (subject of

23          Cahn's Motion in Limine No. 1).

24    52.   Exhibit 404: Hearsay, FRE 802.  Lack of authentication, FRE

25          901.  Failure to produce source data, FRE 1006 (subject of

26          Cahn's Motion in Limine No. 1).

27    53.   Exhibit 405: Hearsay, FRE 802.  Lack of authentication, FRE

28          901.  Failure to produce source data, FRE 1006 (subject of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1                                     17

122879.2                          FINAL PRETRIAL CONFERENCE ORDER

1    Cahn's Motion in Limine No. 1).

2    54.    Exhibit 406: Hearsay, FRE 802.  Lack of authentication, FRE

3    901.  Failure to produce source data, FRE 1006 (subject of

4    Cahn's Motion in Limine No. 1).

5    55.    Exhibit 407: Hearsay, FRE 802.  Lack of authentication, FRE

6    901.  Failure to produce source data, FRE 1006 (subject of

7    Cahn's Motion in Limine No. 1).

8    56.    Exhibit 408: Hearsay, FRE 802.  Lack of authentication, FRE

9    901.  Failure to produce source data, FRE 1006 (subject of

10    Cahn's Motion in Limine No. 1).

11    57.    Exhibit 409: Hearsay, FRE 802.  Lack of authentication, FRE

12    901.  Failure to produce source data, FRE 1006 (subject of

13    Cahn's Motion in Limine No. 1).

14    58.    Exhibit 410: Hearsay, FRE 802.  Lack of authentication, FRE

15    901.  Failure to produce source data, FRE 1006 (subject of

16    Cahn's Motion in Limine No. 1).

17    59.    Exhibit 411: Hearsay, FRE 802.  Lack of authentication, FRE

18    901.  Failure to produce source data, FRE 1006 (subject of

19    Cahn's Motion in Limine No. 1).

20    60.    Exhibit 412: Hearsay, FRE 802.  Lack of authentication, FRE

21    901.  Failure to produce source data, FRE 1006 (subject of

22    Cahn's Motion in Limine No. 1).

23    61.    Exhibit 413: Hearsay, FRE 802.  Lack of authentication, FRE

24    901.  Failure to produce source data, FRE 1006 (subject of

25    Cahn's Motion in Limine No. 1).

26    62.    Exhibit 414: Hearsay, FRE 802.  Lack of authentication, FRE

27    901.  Failure to produce source data, FRE 1006 (subject of

28    Cahn's Motion in Limine No. 1).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

18

FINAL PRETRIAL CONFERENCE ORDER

63.   Exhibit 415: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

64.   Exhibit 416: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

65.   Exhibit 417: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

66.   Exhibit 418: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

67.   Exhibit 419: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

68.   Exhibit 420: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

69.   Exhibit 421: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

70.   Exhibit 422: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

71.   Exhibit 423: Hearsay, FRE 802.  Lack of authentication, FRE 901.  Failure to produce source data, FRE 1006 (subject of Cahn's Motion in Limine No. 1).

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

FINAL PRETRIAL CONFERENCE ORDER

1   Defendant objects to Exhibit Nos.:  4, 6, 18, 20, 21, 22, 23, 25, 26, 27, 34, 37,

2   38, 41, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64,

3   65, 66, 67, 68, 69, 70, 71, 72, 73, 78, 82, 84, 92, 93, 94, 95, 96, 97, 101, 105, 106,

4   107, 109, 110, 113, 124, 126, 133, 134, 135, 136, 137, 143, 144, 145, 146, 148, 151,

5   157, 200, 201, 202, 203, 206, 208, 209, 210, 211, 212, 213, 215, 219, 220, 221, 222,

6   223, 224, 226, 228, 229, 230, 231, 232, 233, 237, 238, 239, 240, 241, 242, 245, 246,

7   247, 249, 250, 251, 252, 256, 257, 258, 259, 260, 261, 300, 316, 317, 318, 319, 331,

8   332, 334, 339, 340, 358, 363, 370, 373, 433, 434, 437.  The grounds for objection

9   are set forth in the table below.

10

11   Furthermore, both parties intend to supplement the exhibit list with

12   documents produced subsequent to the preparation of the joint exhibit list.  Both

13   parties also reserve the right to object to the inclusion of any later identified or

14   produced documents.

15

16   Objections in the table below are made pursuant to the following Rules of

17   Evidence:  Relevance:  **Rules 401, 402, and 403**; Cumulative: **Rule 403**; Attorney-

18   Client Privilege: **Rule 501** (incorporating Cal. Evid. Code §§ 950-954); Trade

19   Secrets: **Rule 501** (incorporating Cal. Evid. Code § 1060, *et seq.*); Hearsay:  **Rules**

20   **602 and 802**; Authenticity: **Rule 901**; Best Evidence: **Rule 1004**.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---|---|---|---|
| 4 | Project Mercury Communications Plan, December 2007 - January 2008, Final Content, dated 12/28/07 (MCAHN000266-MCAHN000295) | Hearsay | No obj. to non-hearsay use |
| 6 | E-mail chain ending 2/1/10 from Craig Snyder to Monte Cahn re: O&O Inventory List - Building a Quicker Process (MCAHN002574-MCAHN002581) | Relevance | |
| 18 | E-mail dated 1/9/08 from Monte Cahn to Jeff Kupietzky and Lawrence Ng re: Two part email on my call with Marchex… (OVER001530-OVER001531) (same as exhibit 90) | "Part 1" (re Marchex): Hearsay | No objection to "Part 2" (re TrafficClub) |
| 20 | E-mail chain ending 1/18/08 from Monte Cahn to Jeff Kupietzky re: Snapnames Current Treatment of Revenue to Moniker (MCAHN002062-MCAHN002063) | Hearsay | No obj. to non-hearsay use |
| 21 | E-mail chain ending 2/4/08 from Monte Cahn to Jeff Navach re: Travel to Portland? (OVER001557-OVER001564) | Hearsay | No obj. to non-hearsay use |
| 22 | E-mail chain ending 2/29/08 from Jeff Navach to Monte Cahn re: Touching Base on Customer Balances (OVER001697-OVER001698) | Hearsay; Relevance | |
| 23 | E-mail chain ending 10/20/10 from Monte Cahn to Rob McClinton and Craig Snyder re: Items (MCAHN002724-MCAHN002728) | Hearsay | |
| 25 | E-mail chain ending 4/1/08 from Jeff Kupietzky to Steve Yi re: lowfares.co.uk (MCAHN002377-MCAHN002389) | Authenticity | Multiple email threads |
| 26 | E-mail chain ending 5/12/08 from Mason Cole to Monte Cahn re: TRAFFIC Release Ready (MCAHN000243-MCAHN000246) | Hearsay | No obj. to non-hearsay use |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 27 | E-mail dated 8/13/08 from Monte Cahn to Jeff Kupietzky re: Auctions for Next Year (MCAHN002442) | Hearsay | |
| 34 | E-mail chain ending 7/9/08 from Monte Cahn to Jeff Kupietzky, Monte Cahn, Steve Yeich and Victor Pitts re: Registrations Flat? (MCAHN002777-MCAHN002779) | Hearsay | |
| 37 | E-mail chain ending 3/25/08 from Monte Cahn to Steve Yeich, John Inghem and Romain Komorn re: Access to TClub Data (MCAHN002045-MCAHN002049) | Hearsay | |
| 38 | Collection of e-mails between Stephen O' Neill and Monte Cahn, dated 10/28/11 | Hearsay | |
| 41 | Printouts from Oversee.net website, dated 11/7/11 | Hearsay | |
| 44 | E-mail chain ending 11/22/09 from Craig Snyder to Monte Cahn (MCAHN002529-MCAHN002532) | Hearsay | |
| 45 | E-mail chain ending 11/29/09 from Craig Snyder to Monte Cahn re: Registrar Budget 2010 (MCAHN002631-MCAHN002639) | Hearsay | |
| 46 | E-mail chain ending 12/5/09 from Jeff Kupietzky to Monte Cahn, Aaron Kvitek, Craig Snyder and Michele Van Tilborg re: Call with Michael Ward…(MCAHN003012-MCAHN003016) | Hearsay | |
| 47 | E-mail chain ending 12/5/09 from Craig Snyder to Monte Cahn re: Google Alert - ricklatona.com (MCAHN002552-MCAHN002555) | Hearsay | |
| 48 | E-mail dated 12/8/09 from Monte Cahn to Craig Snyder re: Important Things (OVER001781-OVER001782) | Hearsay | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---|---|---|---|
| 50 | E-mail chain ending 1/23/10 from Craig Snyder to Monte Cahn re: Wk 52 Summary (MCAHN002784-MCAHN002786) | Hearsay; Best Evidence (R. 1004) | |
| 51 | E-mail chain ending 2/3/10 from Craig Snyder to Monte Cahn re: 2010 Showcase Auction Schedule (MCAHN002481-MCAHN002485) | Hearsay | |
| 52 | E-mail chain ending 2/6/10 from Craig Snyder to Monte Cahn re: [Domain Name Wire] New Comment On: Escrow.com Offers… (MCAHN002722-MCAHN002723) | Hearsay | |
| 53 | E-mail chain ending 2/9/10 from Craig Snyder to Monte Cahn re: Follow up from DFG and .CO (MCAHN002546-MCAHN002548) | Relevance | |
| 54 | E-mail chain ending 3/24/10 from Craig Snyder to Monte Cahn re: February Registrar Questions (MCAHN002537-MCAHN002543) | Hearsay | |
| 55 | E-mail dated 3/31/10 from John Mauriello to Rachel Ng re: Sensitive Portfolio (MCAHN002352) | Hearsay; Relevance; Authenticity | |
| 56 | E-mail chain ending 5/14/10 from Monte Cahn to Jeff Kupietzky re: Commission Detail for DSS (MCAHN002976-MCAHN002989) | Hearsay; Relevance; Authenticity | Multiple threads and out of order |
| 57 | E-mail chain ending 6/18/10 from Craig Snyder to Monte Cahn and DL-FLL Sales re: Live Auction (MCAHN002564-MCAHN002565) | Relevance | |
| 58 | E-mail chain ending 6/22/10 from Craig Snyder to Monte Cahn and Michele Van Tilborg re: A "red light" auction? (MCAHN002486-MCAHN002488) | Hearsay; Relevance | |

FINAL PRETRIAL CONFERENCE ORDER

4849-4185-8062.1

122879.2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 59 | E-mail dated 6/24/10 from Craig Snyder to Jeff Kupietzky, et al. (MCAHN002499-MCAHN002500) | Relevance | |
| 60 | E-mail chain ending 9/9/10 from Craig Snyder to Monte Cahn re: O&O List for Sale (MCAHN002582-MCAHN002583) | Relevance | |
| 61 | E-mail chain ending 10/12/10 from Monte Cahn to Jeff Kupietzky re: Press Release for the Extended Auction (MCAHN002971-MCAHN002972) | Hearsay; Relevance | |
| 62 | E-mail chain ending 10/12/10 from Monte Cahn to Mason Cole re: Press Release for the Extended Auction (MCAHN002413-MCAHN002415) | Hearsay; Relevance | |
| 63 | E-mail chain ending 11/1/10 from Craig Snyder to Monte Cahn re: Appraisals (MCAHN002494-MCAHN002496; MCAHN002499-MCAHN002500) | Atty/Client Priv.; Authenticity | 2 threads |
| 64 | E-mail dated 11/28/10 from Monte Cahn to Craig Snyder re: Going to need all the supporting documentation… (OVER001785) | Hearsay | |
| 65 | E-mail chain ending 12/7/10 from Craig Snyder to Monte Cahn re: restaurants.com update (MCAHN002417-MCAHN002421) | Relevance | |
| 66 | E-mail chain ending 1/28/11 from Craig Snyder to Monte Cahn re: Q4 Commissions (OVER001968) | Hearsay | |
| 67 | E-mail chain ending 1/28/11 from Monte Cahn to Craig Snyder re: Q4 Commissions (OVER001969-OVER001970) | Hearsay | |

FINAL PRETRIAL CONFERENCE ORDER

4849-4185-8062.1

122879.2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 68 | E-mail chain ending 1/28/11 from Craig Snyder to Monte Cahn re: Q4 Commissions (OVER001971-OVER001972) | Hearsay | |
| 69 | E-mail chain ending 1/29/11 from Monte Cahn to Craig Snyder re: Q4 Commissions (OVER001981-OVER001982) | Hearsay | |
| 70 | E-mail chain ending 1/30/11 from Monte Cahn to Craig Snyder re: Q4 Commissions (OVER002003-OVER002007) | Hearsay | |
| 71 | Monte Cahn's handwritten notes | Hearsay | |
| 72 | Moniker.com Confidential Information Memorandum, dated May 2007 (OVER009941-OVER009981) | Hearsay | No obj. to non-hearsay use |
| 73 | Moniker Management Presentation, dated May 2007 (OVER009982-OVER010018) | Hearsay | No obj. to non-hearsay use |
| 74 | Employment Agreement between Oversee.net and Monte Cahn, dated 12/14/07 (OVER001454-OVER001472) (same as exhibit 9) | | Same as ex. 9 |
| 78 | E-mail chain ending 11/7/07 from Monte Cahn to Jeff Navach and Josh Armstrong re: ….MGT agreement (OVER000625-OVER000627) | Hearsay | No obj. to non-hearsay use |
| 82 | E-mail chain ending 12/12/07 from Bill Gross to Hamed Meshki re: Revised MIP (attachments) (OVER001326-OVER001362) | Hearsay | No obj. to non-hearsay use |
| 84 | E-mail chain ending 12/13/07 from Bill Gross to Hamed Meshki re: Revised MIP (attachments) (OVER001383-OVER001387) | Hearsay | No obj. to non-hearsay use |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---|---|---|---|
| 90 | E-mail dated 1/9/08 from Monte Cahn to Jeff Kupietzky and Lawrence Ng re: Two part email on my call with Marchex… (OVER001530-OVER001531) (same as exhibit 18) | | Same as ex. 18 |
| 92 | E-mail chain ending 5/12/08 from Monte Cahn to Jeff Kupietzky re: domainsponsor credit (MCAHN000822-MCAHN000823)(same as exhibit 113) | Hearsay | |
| 93 | E-mail chain ending 7/9/08 from Monte Cahn to Jeff Kupietzky, et al. re: Registrations flat? (MCAHN002388-MCAHN002389) | Hearsay | |
| 94 | E-mail chain ending 8/13/08 from Jeff Navach to Monte Cahn re: Seevast (OVER001740-OVER001743) | Hearsay | |
| 95 | E-mail chain ending 12/2/09 from Craig Snyder to Monte Cahn re: Since we are not meeting (MCAHN003089-MCAHN003092) | Hearsay | |
| 96 | E-mail dated 7/13/08 from Monte Cahn to Jeff Kupietzky re: Preliminary Plan (MCAHN002749-MCAHN002751) | Hearsay | |
| 97 | E-mail chain ending 10/28/11 to Stephen O'Neill re: Address Please | Hearsay | |
| 101 | E-mail chain ending 11/7/07 from Jeff Navach to Tigran Sinanyan, Stacey Peterson and Jack Williamson re: Mercury Operating Expenses (OVER000641) | Authenticity; Relevance | Attachment missing |
| 105 | E-mail chain ending 5/31/08 from Monte Cahn to Jeff Kupietzky re: License for Escrow in California (MCAHN000770-MCAHN000771) (same as exhibit 147) | Hearsay | |

4849-4185-8062.1

122879.2

FINAL PRETRIAL CONFERENCE ORDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 106 | E-mail chain ending 8/8/08 from Monte Cahn to Stacey Peterson re: for our call today (MCAHN023857-MCAHN023859) | Hearsay | |
| 107 | E-mail chain ending 8/27/08 from Monte Cahn to Steve Yeich re: BU SG&A detail (MCAHN023241) | Hearsay | |
| 109 | E-mail chain ending 10/19/07 from Monte Cahn to Josh Armstrong re: Mercury CEO Comp Materials (OVER000328-OVER000330) | Atty/Client Priv.; Hearsay | |
| 110 | E-mail chain ending 11/11/07 from Monte Cahn to Jeff Navach and Bill Gross re: 3-year financial targets (MCAHN002272-MCAHN002273) | Hearsay | |
| 113 | E-mail chain ending 5/12/08 from Monte Cahn to Jeff Kupietzky re: domainsponsor credit (MCAHN000822-MCAHN000823) (same as exhibit 92) | Hearsay | |
| 124 | E-mail chain ending 12/12/07 from Hamed Meshki to Bill Gross re: Revised MIP (MCAHN001959-MCAHN001961) | Hearsay | No obj. to non-hearsay use |
| 126 | E-mail dated 12/14/07 from Bill Gross to Hamed Meshki re: v3 Insert Target EBITDA.DOC (attachments) (OVER001392-OVER001395) | Hearsay | No obj. to non-hearsay use |
| 128 | Oversee.net, MIP Calculations (OVER018659-OVER018663) | | Withdrawn |
| 129 | Declaration of Elizabeth Murray in Support of Overseee.net's Motion for Summary Judgment, dated 11/16/11 | | Withdrawn |
| 132 | Oversee.net 2007 Management Incentive Plan Revised Calculations (OVER022837-OVER022959) | | Withdrawn |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 133 | E-mail chain ending 10/30/09 from Craig Snyder to Monte Cahn, David Coombs and Amber Duong re: Commissions (MCAHN002514-MCAHN002518) | Hearsay; Cumulative | See ex. 245 |
| 134 | E-mail dated 8/4/08 from Victor Pitts to Lawrence Ng re: Request from Lawrence Ng (OVER002297) | Hearsay; Best Evidence; Authenticity | Words on document are cut off |
| 135 | E-mail chain ending 8/13/09 from Monte Cahn to Betsy Niksefat re: Revenue Update (MCAHN002734-MCAHN002737) | Hearsay | |
| 136 | E-mail chain ending 1/30/11 from Monte Cahn to Liz Murray re: Separation Agreement and Related Agreements (OVER002015-OVER002020) | Hearsay | |
| 137 | E-mail chain ending 2/21/07 from Monte Cahn to Lawrence Ng re: DomainSponsor Invitation (MCAHN001847-MCAHN001849) | Hearsay | |
| 143 | E-mail chain ending 2/1/08 from Monte Cahn to Lawrence Ng re: How did everything go today? (MCAHN002055-MCAHN002056) | Hearsay | |
| 144 | E-mail chain ending 3/5/08 from Aaron Kvitek to Monte Cahn and Jeff Kupietzky re: Mike Berkens moving all names from Skenzo to DS (OVER001706-OVER001709) | Hearsay | |
| 145 | E-mail chain ending 8/5/08 from Jeff Kupietzky to Monte Cahn re: Request from Lawrence Ng (OVER002296-OVER002297) | Hearsay | |
| 146 | E-mail dated 5/23/08 from Monte Cahn to Lawrence Ng re: California Escrow (MCAHN000800) | Hearsay | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

28

FINAL PRETRIAL CONFERENCE ORDER

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 148 | E-mail dated 7/28/08 from Monte Cahn to Lawrence Ng re: call and update (MCAHN002806-MCAHN002807) | Hearsay | |
| 150 | Consolidated Financial Statements, ODN Holding Corporation, Years Ended December 31, 2008 and 2007 With Report of Independent Auditors (OVER002485-OVER002521) (same as exhibit 127) | | Same as 127 |
| 151 | Consolidated Financial Statements, ODN Holding Corporation, Years Ended December 31, 2009 and 2008 With Report of Independent Auditors (OVER002447-OVER002472; OVER002477-OVER002484) | | Same as 130, but 5 pages missing |
| 157 | E-mail dated 7/13/08 from Monte Cahn to Jeff Kupietzky re: Preliminary Plan (MCAHN002801-MCAHN002803) | | Hearsay |
| 200 | E-mail dated May 11, 2008 (Bates No. MCAHN000428) | Hearsay | |
| 201 | July 03, 2008 email from Jeff Kupietzky to Monte Cahn, Steve Yeich and Lawrence Ng (Bates Nos. MCAHN002760 – MCAHN002762) | Hearsay | |
| 202 | August 26, 2008 email from Stacey Peterson to Steve Yeich and Monte Cahn (Bates No. MCAHN002763) | Authenticity | Attachment missing? |
| 203 | E-mail string dated May 13, 2008 (Bates Nos. MCAHN000807 – MCAHN000811) | Hearsay | |
| 206 | E-mail string dated August 05, 2008 (Bates Nos. OVER000108) | Hearsay | |
| 208 | E-mail string dated October 21, 2008 (Bates Nos. OVER001746 – OVER001747) | Hearsay | No obj. to non-hearsay use |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---|---|---|---|
| 209 | E-mail string dated November 12, 2008 (Bates Nos. OVER001758 – OVER001761) | Cumulative; Hearsay | See ex. 211 |
| 210 | E-mail string dated November 11, 2008 (Bates Nos. OVER001756 – OVER001757) | Cumulative; Hearsay | See ex. 211 |
| 211 | E-mail string dated November 12, 2008 (Bates Nos. OVER002352 – OVER002355) | Hearsay | No obj. to non-hearsay use |
| 212 | November 12, 2008 email from Jeff Kupietzky to Monte Cahn, Josh Armstrong (Bates Nos. MCAHN002434 – MCAHN002437) | Cumulative; Hearsay | See ex. 213 |
| 213 | November 12, 2008 email from Jeff Kupietzky to Monte Cahn, Josh Armstrong (Bates Nos. MCAHN003031– MCAHN003034) | Hearsay | No obj. to non-hearsay use |
| 215 | January 16, 2011 email from Monte Cahn to Craig Snyder (Bates Nos. OVER001824) | Hearsay; Best Evidence | |
| 219 | E-mail string dated January 09, 2009 (Bates No. OVER001770) | Hearsay | |
| 220 | E-mail string dated January 14, 2009 (Bates Nos. OVER001777 – OVER001778) | Cumulative | See ex. 218 (218 more complete) |
| 221 | January 20, 2009 email from Jeff Kupietzky to Monte Cahn (Bates No. MCAHN000001) | Authenticity | Attachment missing |
| 222 | E-mail string dated April 06, 2009 (Bates Nos. OVER000015 – OVER000017) | Hearsay | |
| 223 | May 07, 2009 email from Jeff Kupietzky to Monte Cahn (Bates Nos. MCAHN003064 – MCAHN003069) | Hearsay | |
| 224 | March 26, 2009 email from Jeff Kupietzky to Monte Cahn (Bates Nos. MCAHN003060 – MCAHN003063) | Hearsay | |

4849-4185-8062.1

FINAL PRETRIAL CONFERENCE ORDER

122879.2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 226 | July 14, 2008 email from Monte Cahn to Lawrence Ng (Bates Nos. MCAHN002799– MCAHN002805) | Hearsay | |
| 228 | January 5, 2008 email from Jeff Kupietzky to Monte Cahn, et al. (Bates Nos. MCAHN002089-2091) | Hearsay | |
| 229 | E-mail string dated January 14, 2010 (Bates Nos. MCAHN002764 – MCAHN002766) | Hearsay; Best Evidence | |
| 230 | E-mail string dated February 05, 2010 (Bates Nos. MCAHN002767 – MCAHN002770) | Hearsay | |
| 231 | April 26, 2010 email from Monte Cahn to Jeff Kupietzky (Bates Nos. MCAHN002931– MCAHN002933) | Hearsay; Relevance | |
| 232 | January 13, 2009 email from Jeff Kupietzky to Monte Cahn, et al. (Bates Nos. MCAHN002917-2920) | Hearsay; Relevance | |
| 233 | May 13, 2008 email from Jeff Kupietzky to Monte Cahn (Bates Nos. MCAHN002476-2477) | Hearsay | |
| 237 | E-mail dated January 16, 2011 (Bates No. OVER001825) | Hearsay; Best Evidence; Cumulative | Same as ex. 215 |
| 238 | E-mail string dated January 16, 2011 (Bates Nos. OVER001836 – OVER001838) | Hearsay; Best Evidence; Cumulative | See ex. 240 |
| 239 | E-mail string dated January 16, 2011 (Bates Nos. OVER001830 – OVER001832) | Hearsay; Best Evidence; Cumulative | See ex. 240 |
| 240 | E-mail string dated January 16, 2011 (Bates Nos. OVER001839 – OVER001842) | Hearsay; Best Evidence | |
| 241 | E-mail string dated March 10, 2011 (Bates Nos. OVER002105 – OVER002109) | Hearsay | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

FINAL PRETRIAL CONFERENCE ORDER

122879.2

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 242 | Incentive Compensation Plan (the "Plan") Monte Cahn (the "Employee") (Bates Nos. OVER002435 – OVER002442) | Authenticity | Incomplete document; complete doc. is ex. 28 |
| 245 | E-mail string dated October 30, 2009 (Bates Nos. MCAHN002514 - MCAHN002521) | Hearsay; Best Evidence; Cumulative | |
| 246 | Declarations of Craig Snyder; William A. Delgado and Elizabeth Murray in Support of Opposition to Cahn's Ex Parte Application | Relevance | |
| 247 | Email from Cahn to Kupietzky dated May 11, 2008 (Bate No. MCAHN000824) | Hearsay | |
| 249 | The expert report of David Callaghan | Hearsay | |
| 250 | Google contract | Trade Secret; Relevance | |
| 251 | August 12, 2008 email from Jeff Kupietzky to Monte Cahn (Bates Nos. MCAHN002780-2782) | Hearsay | |
| 252 | October 28, 2008 email from Monte Cahn to Jeff Kupietzky (Bates Nos. MCAHN002787-2790) | Hearsay | |
| 256 | July 29, 2009 email from Jeff Kupietzky to Monte Cahn (Bates Nos. MCAHN002894-2897) | Hearsay | |
| 257 | January 21, 2009 email from Jeff Kupietzky to Monte Cahn (Bates Nos. MCAHN002929-2930) | Hearsay | |
| 258 | October 20, 2010 email from Monte Cahn to Rob McClinton and Craig Snyder (Bates Nos. MCAHN002961-2966) | Hearsay | |
| 259 | August 13, 2008 email from Monte Cahn to Jeff Kupietzky (Bates Nos. MCAHN003025-3026) | Hearsay | |
| 260 | August 13, 2009 email from Monte Cahn to Betsy Niksefat (Bates Nos. MCAHN003051-3055) | Hearsay | |

FINAL PRETRIAL CONFERENCE ORDER

4849-4185-8062.1

122879.2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---|---|---|---|
| 261 | December 31, 2008 email from Jeff Kupietzky to Monte Cahn (Bates Nos. MCAHN003057-3059) | Hearsay | |
| 262 | Documents provided to potential purchasers of Moniker. | | Not ID'd; objections reserved |
| 300 | E-mail chain ending 1/20/09 from Monte Cahn to Jeff Kupietzky re: Some Data (MCAHN019805-MCAHN019806) | Hearsay | |
| 316 | E-mail chain ending 11/27/07 from Monte Cahn to Jeff Navach re: allocation for retention up front portion (OVER001263-OVER001266) | Hearsay | |
| 317 | E-mail dated 11/28/07 from Monte Cahn to Lawrence Ng re: please reply to my email (MCAHN000763) | Hearsay; Relevance | |
| 318 | E-mail chain ending 11/28/07 from Monte Cahn to Jeff Navach re: allocation for retention up front portion (MCAHN002133-MCAHN002134) | Hearsay | |
| 319 | E-mail dated 12/3/07 from Jeff Navach to Monte Cahn re: Touching Base (OVER001267-OVER001268) | Hearsay | |
| 332 | E-mail chain ending 1/3/08 from Monte Cahn to Mason Cole re: Headline (MCAHN002092-MCAHN002095) | Hearsay | |
| 334 | E-mail chain ending 1/5/08 from Jeff Kupietzky to Monte Cahn re: domainhop (MCAHN001679-MCAHN001680) | Hearsay | |
| 339 | E-mail chain ending 1/10/08 from Monte Cahn to Arthur Lathrop re: feedback (MCAHN002067-MCAHN002084) | Hearsay | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection(s) | Comment |
|---------|-------------|--------------|---------|
| 340 | E-mail dated 1/16/08 from Ryan Berryman to Lawrence Ng, et al. re: Product Council - Agenda and Materials (attachment) (MCAHN001772-MCAHN001781) | Relevance | |
| 358 | E-mail chain ending 4/24/08 from Monte Cahn to Lance Martinez and Steve Yeich re: corporate names to manage (MCAHN002253-MCAHN002261) | Hearsay | |
| 363 | E-mail chain ending 5/13/08 from Monte Cole re: TRAFFIC Release Ready (MCAHN000814-MCAHN000816) | Hearsay | |
| 370 | E-mail dated 5/27/08 from Monte Cahn to Lawrence Ng re: California Auction License (MCAHN000794) | Hearsay | |
| 373 | E-mail chain ending 6/7/08 from Mason Cole to Monte Cahn and Genie White re: Moniker Interview (MCAHN002568-MCAHN002571) | Hearsay | |
| 433 | E-mail chain from Peter Celeste to Monte Cahn re: Follow Up from Our Call dated 8/23/09 (MCAHN004160-MCAHN004161) | Hearsay | |
| 434 | E-mail chain from Peter Celeste to Monte Cahn re: Comp Plan dated 2/7/09 (MCAHN004246-MCAHN004249) | Hearsay | |
| 437 | E-mail dated 12/16/09 from Jeff Kupietzky to DL-staff, DL-staff Portland and DL-staff Florida re: What's Happening - December (MCAHN003949-MCAHN003953) | Hearsay | |

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1

122879.2

FINAL PRETRIAL CONFERENCE ORDER

1    11.    Witness lists of the parties have been filed with the Court [Doc. Nos.

2  163 and 167].

3

4    Only the witnesses identified in the lists will be permitted to testify (other

5  than rebuttal witnesses).

6

7    Each party intending to present evidence by way of deposition testimony has

8  marked such depositions in accordance with L.R. 16-2.7. For this purpose, the

9  following depositions shall be lodged with the Clerk as required by L.R. 32-1:

10        a.    Jeff Kupietzky

11        b.    Craig Snyder

12        c.    Stephen Rue O'Neill

13        d.    Stacey Peterson

14        e.    Jeff Navach

15        f.    Elizabeth Murray

16        g.    Lawrence Ng

17        h.    David Subar

18        i.    Robert Morse, deposition set for January 5, 2012.

19        j.    Josh Armstrong, deposition date pending.

20        k.    William Gross

21

22    Defendant objects to the presentation of testimony by deposition of the

23  following witnesses: Stacey Peterson, Jeff Navach, and David Subar on the ground

24  that use of their depositions is not permitted by any exception identified in Rule

25  32(a)(2)-(8).  Defendant reserves objections to the use of the Robert Morse and Josh

26  Armstrong depositions pending completion of same.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

12.    The following law and motion matters and motions in limine, and no
others, are pending or contemplated:

a.    December 20, 2011 Briefing to Magistrate Judge Rosenberg
Regarding the Scope of December 6, 2011 Court-Ordered production;

b.    Cahn's Motion in Limine to exclude any summaries or
compilations based on voluminous records which Oversee has failed to produce to
Cahn during discovery so that he and his expert could review the data prior to trial;

c.    Cahn's Motion in Limine to exclude any parol evidence that
weeks to revise and/or contradict the definitions of "Oversee EBITDA" and "Target
EBITDA" in the MIP;

d.    Cahn's Motion in Limine to exclude evidence of participants
under the MIP;

e.    Oversee's Motion in Limine to exclude evidence regarding
Oversee's Board of Directors setting the Oversee EBITDA performance goal;

f.    Oversee's Motion in Limine to exclude evidence of any
amendment by the Board of the Directors of Cahn's performance goals under the
MIP;

g.    Oversee's Motion in Limine to exclude evidence of other
lawsuits;

h.    Oversee's Motion in Limine to exclude evidence regarding the
compensation of other executives;

i.    Oversee's Motion in Limine to exclude undisclosed witnesses;

j.    Cahn's Motion for Rule 37 sanctions against Oversee based on
failure to comply with Court Order;

k.    Cahn's Motion to Compel Deposition of Josh Armstrong.

Oversee has not seen, and is not aware of, the motions identified in sub-
paragraphs 12. j. and k., above, and thus does not stipulate that they are pending or
that additional motions may not be brought once the contents of these undisclosed

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    motions are disclosed.

2

3        13.    Bifurcation of the following issues for trial is ordered.

4

5        Pursuant to the Court's August 29, 2011 Order [Doc. No. 26], the Court has

6    bifurcated all of Cahn's claims except for the first claim for breach of contract.  The

7    parties are only proceeding to trial on Cahn's first claim for breach of the MIP.

8

9        14.    The foregoing admissions having been made by the parties, and the

10   parties having specified the foregoing issues remaining to be litigated, this Final

11   Pretrial Conference Order shall supersede the pleadings and govern the course of the

12   trial of this cause, unless modified to prevent manifest injustice.

13

14   Dated:            , 20_____.

15

16                                    _____

17                                    UNITED STATES DISTRICT JUDGE

18

19   Approved as to form and content.

20

21   _____/s/ Kenneth D. Watnick_____

22   Kenneth D. Watnick

23   Attorney for Plaintiff Monte Cahn

24

25   _____/s/ Michael C. Lieb_____

26   Michael C. Lieb

27   Attorney for Defendants Oversee.net, Jeff Kupietzky, and Lawrence Ng

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-4185-8062.1                          37
                            FINAL PRETRIAL CONFERENCE ORDER
122879.2