UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER re MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), MOTION TO STRIKE PURSUANT TO RULE 12(f) [111]

## I. INTRODUCTION

On May 3, 2011, Plaintiff Monte Cahn filed a Complaint against Defendants Oversee.net, Jeff Kupietzky, and Lawrence Ng alleging a total of ten claims: (1)-(3) three separate breach of contract claims; (4) breach of the covenant of good faith and fair dealing; (5) breach of fiduciary duty; (6) an accounting; (7) intentional misrepresentation; (8) negligent misrepresentation; (9) conversion; and (10) unfair competition under California Business and Profession Code § 17200. (Complaint ¶¶ 28-93). On June 1, 2011, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) and a Motion to Strike pursuant to Rule 12(e). On June 22, 2011, Plaintiff filed a First Amended Complaint ("FAC"), eliminating the claim for breach of fiduciary duty. On July 15, 2011, Defendant filed a Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6) and Motion to Strike pursuant to Rule 12(f) ("MTD"), which the Court granted in an Order on August 25, 2011. (Dkt. 22). Specifically, the Court's August 25, 2011 Order dismissed Plaintiff's Fourth, Sixth, Eighth, Ninth and Tenth Claims.

On September 6, 2011, Plaintiff filed his Second Amended Complaint ("SAC") alleging seven claims: (1)-(3) three separate breach of contract claims; (4) an Accounting; (5) Fraud; (6)-(7) two separate claims for Conversion. On September 23, 2011, Defendants the instant Motion to Dismiss and Motion to Strike seeking dismissal of Plaintiff's Fifth, Sixth and Seventh Claims. On November 9, 2011, the Court granted that Motion, dismissing Plaintiff's Fifth, Sixth and Seventh Claims without prejudice. (Dkt. No. 49). On November 21, 2011, Plaintiff filed his Third Amended Complaint ("TAC"). (Dkt. No. 87). Plaintiff's TAC alleges seven claims for relief: (1) Breach of Contract - Management Incentive Plan; (2) Breach of Contract - Commission Plan; (3) Breach of Contract - Restaurants.com; (4) Accounting; (5) Fraud; (6) Conversion and (7) Conversion. On December 8, 2011, Defendants filed the instant Motion to Dismiss Plaintiff's TAC. (Dkt. No. 111).

Defendants' Motion is DENIED in part and GRANTED in part for the reasons set forth in this Order.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

## II.  FACTUAL ALLEGATIONS[1]

In 2005, Plaintiff Cahn sold his company, Domain Systems, Inc. d/b/a Moniker.com ("Moniker"), to Seevast Corporation, who then sold Moniker to Defendant Oversee.net ("Oversee") in December 2007. (TAC ¶¶ 10-12). Oversee insisted that Cahn join Oversee for a period of at least three years as an explicit condition of the agreement to purchase Moniker. (Id. ¶ 12). Plaintiff alleges that Defendants Jeff Kupietzky and Lawrence Ng, who were "primarily responsible" for negotiating on behalf of Oversee, made a series of statements and promises in or around 2007 designed to induce Plaintiff to join Oversee after its acquisition of Moniker. (Id. at ¶ 13-20). Plaintiff alleges that, as an additional inducement for Plaintiff to join Oversee, Oversee proposed a "Management Incentive Plan" ("MIP") under which Plaintiff could earn up to $13,000,000 if certain performance goals were met. (Id. at ¶ 21). The parties reached a mutual agreement regarding the sale of Moniker to Oversee on or around December 14, 2007. (Id. at ¶ 25).

Plaintiff alleges that, subsequent to the acquisition of Moniker by Oversee, Defendants engaged in affirmative acts designed to prevent Plaintiff from obtaining benefits under the MIP. (Id. at ¶¶ 27a-s). Plaintiff alleges that, on or around June 4, 2010, Oversee offered him additional compensation through a Commission Plan under which Plaintiff was to receive a pre-determined percentage payment of certain individual sales transaction. (Id. at ¶ 32). Plaintiff alleges that Defendants denied him full compensation under the Commission Plan through improper diversion of revenue and accounting errors. (Id. at ¶ 33).

Defendants argue that: (1) Plaintiff's Fifth, Sixth and Seventh Claims for Relief all fail to state a claim upon which relief can be granted; (2) Plaintiff's Fifth Claim fails to plead fraud with particularity as required under Rule 9(b); and (3) Plaintiff's Seventh Claim was filed without the requisite leave of court under Rule 15(d).[2] Additionally, Defendants move to strike Plaintiff's prayer for punitive damages pursuant to Rule 12(f), arguing that Plaintiff has failed to plead a claim entitling him to such relief.

//
//
//

---

[1] See the Court's November 9, 2011 Order (Dkt. No. 49) for a detailed factual summary.

[2] While Defendants are correct that Plaintiff did not seek leave to amend as required under Rule 15(d), the Court expressly dismissed the claims at issue in Plaintiff's SAC without prejudice. Accordingly, the Court will treat Plaintiff's TAC as though it had, in fact, granted Plaintiff leave to amend.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

## II. LEGAL STANDARD

### A. Motion to Dismiss

On a motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989) (quoting Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986)).

Claims for fraud must meet the heightened pleading requirements of Rule 9(b). Fed. R. Civ. P. 9(b). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). The Ninth Circuit clarified the requirements of Rule 9(b) in In re Glenfed Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). When pleading fraud, a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." Id. at 1548 n. 7 (quoting J.W. Moore et al., Moore's Federal Practice § 9.03, at 9-19-21 (2d. ed. 1994)). Moreover, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation and quotation omitted).

### B. Motion to Strike

Rule 12(f) permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter" either on its own or upon a party's motion. Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is that which has no important relationship to the claim, and impertinent matter is that which does not pertain and is unnecessary to the issues in question. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382, at 706-07 (1990)), rev'd on other grounds, 510 U.S. 517, 534-35 (1994).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

### III. DISCUSSION

    A.    **Plaintiff's Fifth Claim for Fraud**

    In its November 9, 2011 Order, the Court dismissed Plaintiff's Fifth Claim for Fraud, noting that "[m]any of the statements contained in Plaintiff's amended fraud claim are vague and unspecific, and constitute non-actionable puffery." (Dkt. No. 49, p. 4). Defendants argue that Plaintiff has again failed to plead a fraud claim that conforms with Rule 9(b). (Mot. at 5-8). Defendants have provided a chart that purports to demonstrate the Plaintiff has merely reshuffled his allegations of fraud without adding enough detail to survive the instant Motion. The Court disagrees. Rather, the Court agrees with Plaintiff that the allegations contained in Paragraphs 69-76 of Plaintiff's TAC sufficiently plead a claim for fraud.

    As Plaintiff notes, courts have held that an allegation of fraud where "[t]he fraud was entering into the [contract] with only a limited intention of performing . . . is a sufficient averment" under Rule 9(b). Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. Cal. 1973). The Court agrees with Plaintiff that his TAC contains sufficient factual allegations "necessary to demonstrate that Oversee . . . entered into the MIP with only a limited intention, or any intention at all, of performing." (Opp. at 8; TAC ¶¶ 69-76). Furthermore, "[o]ne circumstance in which courts have routinely recognized the availability of both a fraud and a contract action is a case in which a party contends that it was fraudulently induced to enter into a contract." StreamCast Networks, Inc. v. IBIS LLC, 2006 U.S. Dist. LEXIS 97607, *29-30 (C.D. Cal. May 1, 2006) (citing Erlich v. Menezes, 21 Cal.4th 543, 551-52 (1999); Lazar v. Superior Court of Los Angeles County, 12 Cal.4th 631, 645 (1996); Campbell v. Birch, 19 Cal.2d 778, 791 (1942) ("it has long been the rule that where a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for the fraud"); Agosta v. Astor, 120 Cal.App.4th 596, 603 (2004) ("An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract. In such cases, the plaintiff's claim does not depend upon whether the defendant's promise is ultimately enforceable as a contract. If it is enforceable, the [plaintiff] . . . has a cause of action in tort as an alternative at least, and perhaps in some instances in addition to his cause of action on the contract") (citations omitted)); Harris v. Atlantic Richfield Co., 14 Cal.App.4th 70, 78(1993) ("when one party commits a fraud during the contract formation or performance, the injured party may recover in contract and tort")). The Court finds that Plaintiff's TAC adequately alleges that Defendants "commit[ed] a fraud during the contract formation or performance." StreamCast Networks, 2006 U.S. Dist. LEXIS 97607 at *30. Accordingly, Defendants' Motion is DENIED as to Plaintiff's Fifth Claim for Fraud.

    B.    **Plaintiff's Sixth Claim for Conversion**

    In its November 9, 2011 Order, the Court held that California's two-year statute of limitations

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

barred Plaintiff's Sixth Claim for Conversion. (Dkt. No. 49, p. 6). Plaintiff again argues that the discovery rule tolls that statute of limitations. (Opp. at 16) (citing Strasberg v. Odyssey Group, 51 Cal.App.4th 906 (1996)). The Court agrees with Defendants that Plaintiff allegation that he "only recently discovered this information because of Oversee's concealment" insufficient to invoke the discovery rule. (TAC ¶ 93); See, e.g. General Bedding Corp. v. Echevarria, 947 F.2d 1395, 1397 (9th Cir. 1991) ("The rule is that the plaintiff must plead and prove the facts showing: (a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake.") (internal citation omitted)). As Defendants note, the Court has given Plaintiff multiple chances to amend his Sixth Claim for Conversion. The Court agrees with Defendant that Plaintiff has again failed to plead a viable claim that is not time-barred. Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's Sixth Claim for Conversion WITH PREJUDICE.[3]

### C.    Plaintiff's Seventh Claim for Conversion

Plaintiff's Seventh Claim for Conversion alleges conduct that took place between August 16, 2011 and August 31, 2011. (TAC ¶¶ 99-102). Specifically, Plaintiff alleges that he was "locked out" of his personal account with Oversee containing over 3,000 personal domain names during that period, and that as a result, he lost fifteen days of revenue from those domain names. (Id. ¶¶ 99-103). As the Court noted in dismissing the same claim from Plaintiff's SAC, Plaintiff's Seventh Claim for Conversion is simply a claim for money damages, as opposed to a claim for the alleged converted property itself, in this case, Plaintiff's domain names. "[M]oney cannot be the subject of an action for conversion unless a specific sum capable of identification is involved." Haigler v. Donnelly, 18 Cal.2d 674, 681, 117 P.2d 331 (1941). Again, Plaintiff has been given multiple chances to cure the defects in his Complaint. He has failed to do so with regards to his Seventh Claim. Therefore, the Court GRANTS Defendants' Motion as to Plaintiff's Seventh Claim for Conversion WITH PREJUDICE.

### D.    Plaintiff's Prayer for Punitive Damages

As noted above, the Court concludes that Plaintiff has adequately plead his fraud claim. Accordingly, Defendant's Motion to Strike is DENIED.

## IV.    CONCLUSION

---

[3]The Court agrees with Defendants that Plaintiff has failed to plead and/or establish the existence of a fiduciary duty, and that Plaintiff has not provided any authority for the proposition that Oversee owes a fiduciary duty to domain name owners such as Plaintiff. (Reply at 9).

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

     Defendants' Motion to Dismiss is DENIED as to Plaintiff's Fifth Claim.  Defendants' Motion is GRANTED WITH PREJUDICE as to Plaintiff's Sixth and Seventh Claims.  Defendants' Motion to Strike Plaintiff's prayer for punitive damages is DENIED.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |