**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
E-Mail: barber@lbbslaw.com
KENNETH D. WATNICK, SB# 150936
E-Mail: watnick@lbbslaw.com
SONJA HARRINGTON, SB# 261053
E-Mail: sharrington@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for MONTE CAHN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONTE CAHN,<br><br>Plaintiff,<br><br>vs.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual; LAWRENCE NG, an individual; and Does 1 through 10,<br><br>Defendants. | CASE NO. CV11-03800 SVW (AGRx)<br><br>The Honorable Stephen V. Wilson<br><br>**MONTE CAHN'S RESPONSE TO OVERSEE'S NOTICE OF PENDING DISCOVERY DISPUTES**<br><br>Date: January 9, 2012<br>Time: 3:00 p.m.<br>Crtrm.: 6<br><br>Complaint Filed: May 3, 2011<br>Final Pretrial Conf.: January 10, 2012<br>Trial Date: January 17. 2012 |

# I. INTRODUCTION

In its Notice of Pending Discovery Disputes, Oversee.net ("Oversee") improperly attempts to blame Monte Cahn ("Cahn") for Oversee's discovery misconduct. Cahn has been required to obtain two Court Orders compelling Oversee to produce the financial data and information that relate to the performance of the business segments under the Management Incentive Plan ("MIP"). [Doc. Nos. 106 and 218.] Despite these discovery orders and this Court's ruling on Oversee's unsourced summary spreadsheet in its Order denying Oversee's Motion for Summary Judgment [pp. 3-4 of Doc. No. 209], Oversee refuses to produce critical data and information. Oversee appears intent on distracting Cahn from trial preparation and forcing him to prepare and file an application pursuant to FRCP 37.

In addition to erroneously blaming Mr. Cahn for Oversee's discovery abuse, Oversee's Notice of Pending Discovery Disputes discloses that, on Friday, January 13, 2012, Oversee will file an objection to Magistrate Rosenberg's January 5, 2012 Order requiring the production of missing data and information relating to the TrafficClub Business Segment of the MIP. [Order dated January 5, 2012, Doc. No. 218.] Oversee should have been produced this information in response to requests for production that were propounded in September 2011. Oversee's objection seeks to ensure that Cahn does not obtain critically relevant information before the January 17, 2012 trial date. This Court should grant appropriate relief for Oversee's discovery conduct.

Oversee's Notice of Pending Discovery Disputes also seeks to mislead the Court with respect to Magistrate Rosenberg's statements, during a December 6 Discovery Hearing, about Oversee's obligation to produce information relating to the MIP performance goals as well as a discussion about whether Cahn's access to Oversee's database obviated the need for review and production Oversee's monthly or weekly reports. Oversee's Notice also improperly dismisses and rebuffs Cahn's repeated attempts to secure Oversee's voluntary compliance with the FRCP.

Finally, during the evening of January 9, 2012, Oversee advised that it planned to produce some of the requested revenue and COGS information on Wednesday, January 11, 2012. Oversee confirmed that it will not produce all requested information relating to the TrafficClub Business Segment. Oversee also advised that it is "considering" whether it will produce all requested information for the 112 registrars that form the basis of the Registrar Business Segment of the MIP.

## II. OVERSEE HAS NOT COMPLIED WITH MAGISTRATE JUDGE ROSENBERG'S ORDERS

This action relates to Oversee's breach of its obligations under the MIP. Oversee's multiple breaches are undisputed and include a failure to maintain and/or disclose to Mr. Cahn the performance of the business segments that are the subject of the MIP.

Since discovery commenced in September 2011, Cahn has been requesting that Oversee produce the data and information that would allow Cahn to confirm that he had met the performance goals for the MIP business segments. Oversee refused to produce this information. Thus, Cahn filed a Joint Stipulation to compel production of documents. [Doc. No. 57.]

While the Joint Stipulation was pending, Oversee filed a motion for summary judgment that was relied on a one page, unsourced summary spreadsheet, Exhibit D to the Declaration of Elizabeth Murray. Then, after filing the motion, Oversee produced some additional summary spreadsheets but refused to produce the source data and information for the unsourced spreadsheet. As a result, on December 6, 2011, Magistrate Rosenberg granted Cahn's motion to compel and ordered Oversee to produce the data and information relating to the performance of the business segments that are the subject of the MIP. [Doc. No. 118.]

To date, Oversee has not fully complied with this Order. In an effort to excuse its noncompliance, Oversee claims that the Magistrate "**agreed**" that Cahn's

lack of access was due to the "vagueness" of the term "source documents" and "its potential to encompass tens of millions of documents." (P. 2:28-3:5 of Notice of Pending Discovery Disputes.) This claim is not true.

Instead, during the hearing, Magistrate Rosenberg correctly recognized that Cahn was entitled to the "back up" for the unsourced summary spreadsheet and correctly asked Oversee's counsel to explain "what kind of back-up is there? . . . When she's [Ms. Murray] drawing the numbers, where is she drawing them from." (Pp. 13, 14 and 17-19 of Hearing Transcript, Ex. "1," attached hereto.) Oversee's counsel responded by claiming that "if you boil it down to the most granular level, and you're talking invoices and check registrars and stuff like that, what you're talking about is literally tens of millions of those types of documents." (*Id.*, at 19.) Magistrate Rosenberg correctly recognized that Cahn was not seeking a data dump. She explained that "I'm not sure that that's what they want. . . . I don't think he going to go invoice by invoice and try to reconstruct the entire financial history of Moniker." Instead, in response to Cahn's request, the Magistrate correctly ordered production of the data and information that would allow Cahn to fully evaluate the summary spreadsheet and "cross examine" Ms. Murray about it. (P. 18 of Hearing Transcript, Ex. 1, attached hereto.) Oversee cannot blame its incomplete production on confusion about the meaning of Oversee "source documents" or uncertainty as to the data and information that would relate to a summary spreadsheet attached as an exhibit to Oversee's motion for summary judgment..

Oversee falsely attributes its incomplete production to the absurd claim that that, during the December 6 hearing, Cahn's counsel stated that he had not consulted with Cahn's expert to determine the type of summary information he actually needed. (P. 3: 5-15 of Notice, citing page 55 of Hearing Transcript.) In fact, Oversee references a portion of the hearing transcript where the Magistrate questions whether Cahn required access to the weekly and daily Oversee reports in given that the Magistrate was ordering Oversee to provide Cahn access to the

database with all of the transactions at issue. (Pp. 54-55 of Hearing Transcript, Ex. 2, attached hereto.)

> THE COURT: But if you're going to be getting access to a database with all the different -- with all of the transactions in it from which they're pulling this number, do you need the weekly and monthly, you know, or quarterly tracking reports?

P. 54 of the Hearing Transcript, Ex. "2.

In response to the Court's inquiry, Cahn's counsel stated that he was not certain if Cahn's expert would require weekly or monthly reports in light of the Court's Order. (P. 55 of Hearing Transcript, Ex. 2.) Additionally, Oversee fails to explain how this exchange prevented it from fully complying with its production obligations.

Oversee blames its incomplete production on vague requests by Cahn's expert during a meeting on December 13, 2011. Not surprisingly, Oversee does not attach the "vague requests" or show that it requested clarification of these "vague" requests.

Oversee falsely accuses Cahn of a purported delay in seeking access to Oversee's financial database. On December 20, 2011, Oversee filed a supplemental brief which claimed that Oversee would comply, by December 23, 2011, with Magistrate Rosenberg's December 6 Order and that Oversee would allow Cahn's expert to obtain access to the database to the extent that he wanted further information. [Doc. No. 174.] Oversee purported to complete its production on Tuesday, December 27, 2011. After determining that Oversee's production was incomplete, Cahn sent a letter on January 5, 2012 requesting missing data and information from the database. It is disingenuous, at best, for Oversee to accuse Cahn of delay because Cahn did not request additional information until his expert reviewed Oversee's belated production of December 23 and December 27.

Oversee claims that Cahn is now seeking overbroad requests for information. These contentions are incorrect. Cahn continues to seek the back up data and information that would allow him to evaluate, respond, and refute the summary spreadsheet that forms the basis of Oversee's defense. Oversee cannot claim to be ignorant of this information.

## III. OVERSEE SEEKS TO DELAY PRODUCTION OF CRITICAL INFORMATION BY FILING AN OBJECTION ON FRIDAY, JANUARY 13, 2011

Oversee's Notice of Pending Disputes is also significant in its disclosure that Oversee will not produce documents relating to the TrafficClub Business Segment in accordance with Magistrate Rosenberg's January 5 Order. Instead, Oversee advises that it will file an objection on Friday, January 13.

Oversee has no valid grounds for objecting to the January 5 Order. However, Oversee recognizes that its objection will ensure that Cahn does not secure critically relevant information before the January 17, 2012 trial date. It will also prejudice trial preparation and expert witness preparation. Cahn respectfully submits that the Court should take appropriate steps to prevent Oversee from continuing to conceal information that should have been disclosed several months ago.

## IV. CONCLUSION

The Court should issue an unequivocal order directing Oversee to immediately and fully comply with the Court's Orders and Oversee's discovery obligations. To the extent that Oversee continues to disregard these Orders, the Court should grant appropriate relief.

DATED: January 10, 2012

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Kenneth D. Watnick
Kenneth D. Watnick
Attorneys for MONTE CAHN