William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10<br><br>Defendants. | Case No. CV-11-03800 SVW (AGRx)<br><br>**DEFENDANT OVERSEE.NET'S APPLICATION TO FILE UNREDACTED DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY AND EXHIBITS A AND B TO THE DIRECT EXAMINATION DECLARATION OF GEORGE G. STRONG, JR. UNDER SEAL**<br><br>Complaint Filed: May 3, 2011<br>Pretrial Conf. Date: January 9, 2012<br>Trial Date: January 17, 2012 |

APPLICATION TO FILE UNDER SEAL

# APPLICATION

## I. Introduction

Pursuant to Local Rule 79-5, Defendant Oversee.net applies for permission to file under seal an unredacted version of the Direct Examination Declaration of Jeffrey Kupietzky and Exhibits A and B to the Direct Examination Declaration of George G. Strong, Jr., all of which contain confidential financial information of Oversee which, if disclosed to the public, could be harmful to Oversee's competitive standing.

## II. Good Cause Exists for Filing Under Seal.

Local Rule 79-5 provides as follows:

> No case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.

For purposes of discovery, Magistrate Judge Rosenberg determined that good cause existed for the entry of a Protective Order in this case. Docket No. 38. The Protective Order allows the parties to designate certain materials as "CONFIDENTIAL," thereby limiting their disclosure to the parties and attorneys in this lawsuit and prohibiting dissemination of designated materials to the public.

For purposes of trial-related documents, there is still "compelling reason" to seal the two documents at issue. Indeed, the U.S. Supreme Court has noted that sealing of judicial records may be particularly appropriate to protect confidential business information:

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of

inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, **or as sources of business information that might harm a litigant's competitive standing.**

*Nixon v. Warner Commns., Inc.*, 435 U.S. 589, 598 (1978) (internal citations omitted) (emphasis added). It is within the discretion of the trial court to seal such documents. *Id.* at 599.

Here, the Direct Examination of Jeffrey Kupietzky provides details of the business model, business strategies, compensation strategies, and financial condition of Oversee over a three year period, including EBITDA projections and EBITDA performance. Oversee is a private company which does not publicize such confidential information. Indeed, Oversee limits the disclosure of its financial information even within its own organization. Allowing public access to such information would allow Oversee's competitors unfettered access to Oversee's confidential financial information and significantly harm Oversee's competitive standing. On the other hand, this is not a matter (e.g., a criminal trial) where there is a strong interest in public disclosure. The public's common law right to access can be satisfied with a redacted version of the Kupietzky examination that omits only the specific confidential information at issue.

Similarly, Exhibit A to the Direct Examination of George G. Strong, Jr. (Mr. Strong's Rebuttal Expert Witness Report) and Exhibit B (an errata for the Report) also contain confidential information about Oversee and, specifically, the Registrar and Domain Sales Business Segments in the Oversee.net 2007 Management Incentive Plan ("MIP"). Strong exhibits A and B contain confidential financial information at an even

more granular level which, if obtained by Oversee's competitors, could be dissected, analyzed, and subsequently used against Oversee. Mr. Strong's declaration will be filed publicly so that the public's right to access is already satisfied as a result of having a document that provides an explanation-summary of the exhibits themselves.

For the foregoing reasons, Oversee respectfully requests that the foregoing documents be filed under seal by the Clerk of the Court so that the Court can nevertheless review them in connection with trial on January 24, 2012. Oversee proposes that it file a redacted version of the Kupietzky Examination through the CM/ECF system for public access.

Dated: January 13, 2011

WILLENKEN WILSON LOH & LIEB LLP

By: _____
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG