William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual, | Case No. CV11-03800 SVW (AGRx) |
| Plaintiff, | **DEFENDANT OVERSEE.NET'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL (DOCKET NO. 218)** |
| v. | |
| OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10 | |
| Defendants. | Complaint Filed: May 3, 2011<br>Pretrial Conf. Date: January 10, 2012<br>Trial Date: January 24, 2012 |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 72(a), Defendant Oversee.net ("Oversee") hereby objects to the Order on Plaintiff's Motion to Compel issued January 5, 2012 by Magistrate Judge Rosenberg (Docket No. 218). Oversee requests that this Court review and reverse the order insofar as it requires production of information regarding "existing customers of DomainSponsor as of the date of the MIP acquisition and whose business with DomainSponsor expanded after January 1, 2008."

This Objection is based on and supported by the facts and arguments set forth in the accompanying Memorandum of Points and Authorities. The Objection is further supported by the case file, the testimony and evidence to be presented at the January 24, 2012 trial, all matters of which the Court can take judicial notice, and the arguments of counsel that the Court may entertain

Dated: January 18, 2012                          WILLENKEN WILSON LOH & LIEB LLP


By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

It is Oversee's understanding that the Court will hear testimony, evidence, and arguments on the issue raised herein at the trial on January 24, 2012. Nevertheless, to preserve its rights under Federal Rule 72(a), which requires the filing of an objection within 14 days of entry of the Magistrate Judge's Ruling, Oversee has filed this written objection.

## II. INTRODUCTION

At issue is the extent to which Cahn is entitled to the production of Oversee records pertaining to customers of its DomainSponsor monetization service. Judge Rosenberg ordered the production of records of new DomainSponsor customers (i.e., people who became customers after creation of the Management Incentive Plan ("MIP")) that Cahn could identify as having been brought to DomainSponsor by his efforts. Oversee does not object to that aspect of the ruling.

However, Judge Rosenberg also ordered production of records pertaining to people who were *existing* DomainSponsor customers when the MIP became effective if Cahn claimed that he enhanced that customer's business relationship with DomainSponsor ("Enhanced Customers"). Existing DomainSponsor customers are explicitly excluded from the definition of "TrafficClub Customer" in the MIP. The MIP contains no provision for crediting the MIP Participants with business generated by Enhanced Customers. Therefore, such information is patently irrelevant to this dispute, and it is competition-sensitive information that, under Judge Rosenberg's order, would be shared with a competitor.

Indeed, in her Order of January 5, 2012, Judge Rosenberg noted that Cahn's attempts to justify discovery concerning Enhanced Customers was "strained."

Nevertheless, she ordered the production of customer information for "Enhanced Customers." Oversee objects to that production.

### III. STATEMENT OF FACTS

The MIP contains four business segments: TrafficClub, Registrar, Domain Sales and Oversee. The MIP defines "TrafficClub Customers" as:

> (i) those existing customers of Moniker's TrafficClub Business Segment as of the adoption date of this Plan that were not customers of the Company on the date of this Plan or at any time during the twelve (12) months prior to the date of this Plan, (ii) any new customers of any domain name monetization business of Moniker or the Company added after the adoption date of this Plan which (A) were not customers of the Company at any time during the twelve (12) months prior to becoming a customer of the domain monetization business of Moniker or the Company and (B) became customers of the Company or Moniker substantially as a result of the efforts of Monte Cahn or another employee of the Company performing services for Moniker and (iii) those customers of Moniker's TrafficClub Business Segments as of the date of the Plan that were also customers of DomainSponsor (such customers in this clause (iii) referred to as, "Shared Customers").

MIP, Section 15(aa).

### IV. ARGUMENT

Oversee's position is straightforward: Section 15(k) requires that Gross Profit originate from "customers of the TrafficClub Business Segment." Section 15(aa) explicitly defines "TrafficClub Customers" and establishes three categories: (i) existing TrafficClub customers as of the date of the MIP (December 14, 2007); (ii) new customers of TrafficClub or DomainSponsor who (a) were *not* Oversee customers in the prior 12 months and (b) who "*became* customers" "substantially as a result of the efforts" of Cahn or his group; and (iii) shared customers, defined as people who were both TrafficClub and DomainSponsor customers as of the date of the MIP. Nowhere

does that definition allow credit for Enhanced Customers (i.e., a customer of *only* DomainSponsor at the time of the acquisition whose business with Oversee expanded as a result of Cahn's efforts). In fact, Section 15(aa) explicitly rejects that concept by requiring that "new" customers (i) be added after the adoption of the MIP and (ii) not be an existing customer of Oversee within the previous 12 months.

Cahn's position is untenable. Essentially, Cahn "does not agree that his entitlement is limited to the class of persons identified in paragraph 15(aa) of the MIP." Order at p. 2. Instead, Cahn "contends that the phrase 'customers of Moniker's TrafficClub Business Segment' in the definition of gross profit does not refer to 'TrafficClub Customers' defined in paragraph 15(aa) of the MIP." *Id*. at fn. 2. Magistrate Judge Rosenberg found that Cahn's "interpretation is strained. Cahn does not explain why the term TrafficClub Customers is defined in the MIP at all if it does not apply to the phrase 'customers of Moniker's TrafficClub Business Segment.'" *Id*.

In that respect, Magistrate Judge Rosenberg's Order is right. Cahn's interpretation—which is premised on completely ignoring the existence of Section 15(aa)—is strained *and* unsupportable under law. *See also* Cal. Civ. Code 1641 ("The whole of a contract is to be taken together, **so as to give effect to every part**, if reasonably practicable, **each clause helping to interpret the other**.") (emphasis added). Clearly, Section 15(aa) defines a TrafficClub Customer for purposes of measuring Gross Profit. And, the definition of Section 15(aa) does not support Cahn's contention that a "TrafficClub Customer" can be an "Enhanced Customer." In fact, it explicitly rejects that contention.

Nevertheless, and apparently because she wanted to avoid invading the province of the trial court by interpreting the MIP, Magistrate Judge Rosenberg ordered the production of financial information that pertains to "Enhanced Customers." Order at p. 4. Oversee objects the production of such information. If, in fact, Cahn is not entitled to credit for "Enhanced Customers," then Cahn, a competitor of Oversee, should not be privy to Oversee's financial information for these individuals.

As noted above, trial of this matter will provide Cahn with an opportunity to support his contentions about Enhanced Customers with evidence and argument. Unless this Court agrees with Cahn's contention that MIP Participants are entitled to credit for Enhanced Customers, Judge Rosenberg's ruling should be reversed to the extent that it permits discovery concerning Enhanced Customers.

## IV.  CONCLUSION

For the foregoing reasons, Oversee objects to the Order issued by Judge Rosenberg and requests that the Court overrule the Order insofar as it requires production of confidential information with respect to "Enhanced Customers."

Dated:  January 18, 2012              WILLENKEN WILSON LOH & LIEB LLP

By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: January 18, 2012           WILLENKEN WILSON LOH & LIEB LLP

By: */s/ William A. Delgado* .
    William A. Delgado
    Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG