William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| MONTE CAHN, an individual, | Case No. CV11-03800 SVW (AGRx) |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANTS OVERSEE.NET, JEFFREY KUPIETZKY AND LAWRENCE NG'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10 | |
| Defendants. | |
| | Complaint Filed:     May 3, 2011 |
| | Pretrial Conf. Date: January 10, 2012 |
| | Trial Date:          January 24, 2012 |

Come now Defendants Oversee.net, Jeffrey Kupietzky, and Lawrence Ng (collectively "Defendants") and for their answer to Plaintiff Monte Cahn's Third Amended Complaint ("TAC"), state as follows:

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

## PARTIES

3. Defendants are without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, deny each and every allegation contained therein.

4. Admitted.

5. Defendants admit that, at certain times mentioned in the TAC, Kupietzky was an individual residing in California and served as either President or Chief Executive Officer of Oversee. Except as expressly admitted, the allegations contained in this paragraph are denied.

6. Defendants amidt that Ng is an individual, co-founder of Oversee, and the Chairman of the Board of Directors of ODN Holding Corporation. Except as expressly admitted, the allegations contained in this paragraph are denied.

7. Defendants are without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, deny each and every allegation contained therein.

8. Defendants are without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, deny each and every allegation contained therein.

9. Defendants are without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, deny each and every allegation contained therein.

10. Defendants are without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, deny each and every allegation contained therein.

11. Admitted.

12. Oversee admits that in 2007, Oversee approached Seevast with an offer to purchase Moniker, and that the parties engaged in extensive negotiations. Oversee further admits that it sought to continue to employ Cahn after the acquisition of Moniker. Except as expressly admitted, the allegations in this paragraph are denied.

13. Defendants deny each and every allegation contained in this paragraph.

14. Defendants deny each and every allegation contained in this paragraph.

15. Defendants deny each and every allegation contained in this paragraph.

16. Defendants deny each and every allegation contained in this paragraph.

17. Defendants deny each and every allegation contained in this paragraph.

18. Defendants admit that Mr. Cahn was provided an Employment Agreement with Oversee which conferred upon him the position of President of Moniker and that the Employment Agreement states he would have "the normal duties, responsibilities, functions and authority as are normally associated with and appropriate for such position; provided that [Cahn] shall be subject to the supervision and direction of the Chief Executive Officer of [Oversee.]" Except as expressly admitted, the allegations in this paragraph are denied.

19. Defendants admit that the Employment Agreement contemplates that Cahn would report directly to Oversee's CEO. Except as expressly admitted, the allegations in this paragraph are denied.

20. Defendants deny each and every allegation contained in this paragraph.

21. Defendants admit that Oversee and Cahn negotiated a performance based Management Incentive Plan ("MIP") which, had its performance goals been met at 110%, would have provided for compensation up to $13 million. Defendants further admit that the MIP was divided into three Determination Periods from October 1, 2007

to December 31, 2010. Defendants further admit that the MIP has four business segments: TrafficClub, Registrar, Domain Sales, and Oversee. Defendants further admit that the performance under the MIP was to be ultimately determined on the Determination Period Financial Statements. Except as expressly admitted, the allegations contained in this paragraph are denied.

22. Defendants deny each and every allegation contained in this paragraph.

23. Defendants deny each and every allegation contained in this paragraph.

24. Defendants deny each and every allegation contained in this paragraph.

25. Defendants admit that Oversee's acquisition of Moniker closed on or about December 14, 2007. Except as expressly admitted, the allegations contained in this paragraph are denied.

26. Defendants deny each and every allegation contained in this paragraph.

27. Defendants deny each and every allegation contained in this paragraph.

 a. Defendants deny each and every allegation contained in this paragraph.

 b. Defendants deny each and every allegation contained in this paragraph.

 c. Defendants admit that the Performance Goals for the Moniker Business Segments in the MIP were not amended. Except as expressly admitted, the allegations contained in this paragraph are denied.

 d. Defendants admit that Oversee acquired SnapNames prior to acquiring Moniker. Defendants admit that SnapNames was and is the leading drop catching, back order and expired name services company in the industry. Defendants admit that, after Oversee acquired SnapNames, SnapNames lost Network Solutions as a client. Except as expressly admitted, the allegations contained in this paragraph are denied.

 e. Defendants deny each and every allegation contained in this paragraph.

 f. Defendants deny each and every allegation contained in this paragraph.

 g. Defendants admit that some of the projections exchanged during the negotiations contemplated an increase in Moniker's staff but deny that

such projections constituted representations of fact.  Except as expressly admitted, the allegations contained in this paragraph are denied.

   h.  Defendants deny each and every allegation contained in this paragraph.

   i.  Defendants deny each and every allegation contained in this paragraph.

   j.  Defendants deny each and every allegation contained in this paragraph.

   k.  Defendants deny each and every allegation contained in this paragraph.

   l.  Defendants deny each and every allegation contained in this paragraph.

   m.  Defendants admit that Oversee implemented a code freeze for a period of time in an attempt to properly integrate and fix Moniker's technology but that this freeze was regularly ignored and undermined by Moniker staff.  Except as expressly admitted, the allegations contained in this paragraph are denied.

   n.  Defendants admit that, at a certain point, Cahn reported to Peter Celeste and, later, Craig Snyder.  Except as expressly admitted, the allegations contained in this paragraph are denied.

   o.  Defendants admit that Cahn had to have certain expenses approved just as he would have irrespective of who he reported to and what position he held.  Except as expressly admitted, the allegations contained in this paragraph are denied.

   p.  Defendants admit that Oversee did not obtain a California escrow license.  Except as expressly admitted, the allegations contained in this paragraph are denied.

   q.  Defendants admit that employees of Moniker were laid off.  Except as expressly admitted, the allegations contained in this paragraph are denied.

   r.  Defendants deny each and every allegation contained in this paragraph.

   s.  Defendants deny each and every allegation contained in this paragraph.

28. Defendants admit that TrafficClub customers were transitioned to DomainSponsor in 2008 as a result of Skenzo terminating its feed to TrafficClub. Except as expressly admitted, the allegations contained in this paragraph are denied.

29. Defendants deny each and every allegation contained in this paragraph.

30. Defendants admit that Cahn was not entitled to any cash award under the MIP and, therefore, Cahn did not receive any cash awards under the MIP. Except as expressly admitted, the allegations contained in this paragraph are denied.

31. Defendants deny each and every allegation contained in this paragraph.

32. Defendants admit that, in 2010, Cahn and Oversee executed the 2010 Monte Cahn Commission Plan and that the document speaks for itself. Except as expressly admitted, the allegations contained in this paragraph are denied.

33. Defendants deny each and every allegation contained in this paragraph.

34. Defendants deny each and every allegation contained in this paragraph.

35. Defendants deny each and every allegation contained in this paragraph.

36. Defendants deny each and every allegation contained in this paragraph.

37. Admitted.

38. Defendants deny each and every allegation contained in this paragraph.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT – 2007 MANAGEMENT INCENTIVE PLAN
### (Against Oversee)

39. Oversee incorporates the responses to Paragraphs 1 through 38 as though fully set forth herein.

40. Oversee denies each and every allegation contained in this paragraph.

41. Admitted.

42. Oversee denies each and every allegation contained in this paragraph.

43. Oversee denies each and every allegation contained in this paragraph.

44. Oversee denies each and every allegation contained in this paragraph.

## SECOND CLAIM FOR RELIEF

## BREACH OF CONTRACT – COMMISSION PLAN 2010

### (Against Oversee)

45. Oversee incorporates the responses to Paragraphs 1 through 38 as though fully set forth herein.

46. Oversee admits that Oversee and Cahn entered into a valid, enforceable, written Commission Plan on or about May 24, 2010. Except as expressly admitted, the allegations contained in this paragraph are denied.

47. Oversee denies each and every allegation contained in this paragraph.

48. Oversee denies each and every allegation contained in this paragraph.

49. Oversee denies each and every allegation contained in this paragraph.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONTRACT – RESTAURANTS.COM
### (Against Oversee)

50. Oversee incorporates the responses to Paragraphs 1 through 38 as though fully set forth herein.

51. Oversee denies each and every allegation contained in this paragraph.

52. Oversee denies each and every allegation contained in this paragraph.

53. Oversee denies each and every allegation contained in this paragraph.

54. Oversee denies each and every allegation contained in this paragraph.

55. Oversee denies each and every allegation contained in this paragraph.

## FOURTH CLAIM FOR RELIEF
## ACCOUNTING
### (Against Oversee)

56. Oversee incorporates the responses to Paragraphs 1 through 38 as though fully set forth herein.

57. Oversee denies each and every allegation contained in this paragraph.

58. Oversee denies each and every allegation contained in this paragraph.

59. Oversee denies each and every allegation contained in this paragraph.

60. Oversee denies each and every allegation contained in this paragraph.

61. Oversee denies each and every allegation contained in this paragraph.

62. Oversee denies each and every allegation contained in this paragraph.

## FIFTH CLAIM FOR FRAUD

## FRAUD

## (Against All Defendants)

63. Defendants incorporate their responses to Paragraphs 1 through 38 as though fully set forth herein.

64. Defendants deny each and every allegation contained in this paragraph.

65. Defendants deny each and every allegation contained in this paragraph.

66. Defendants deny each and every allegation contained in this paragraph.

67. Defendants deny each and every allegation contained in this paragraph.

68. Defendants admit that, during the negotiations with Seevast for the purchase of Moniker, Oversee reduced its initial offer.

69. Defendants deny each and every allegation contained in this paragraph.

    a. Defendants deny each and every allegation contained in this paragraph.

    b. Defendants deny each and every allegation contained in this paragraph.

    c. Defendants deny each and every allegation contained in this paragraph.

    d. Defendants deny each and every allegation contained in this paragraph.

    e. Defendants deny each and every allegation contained in this paragraph.

    f. Defendants deny each and every allegation contained in this paragraph.

    g. Defendants deny each and every allegation contained in this paragraph.

    h. Defendants deny each and every allegation contained in this paragraph.

    i. Defendants deny each and every allegation contained in this paragraph.

    j. Defendants deny each and every allegation contained in this paragraph.

    k. Defendants deny each and every allegation contained in this paragraph.

    l. Defendants deny each and every allegation contained in this paragraph.

    m. Defendants deny each and every allegation contained in this paragraph.

n.  Defendants deny each and every allegation contained in this paragraph.

o.  Defendants deny each and every allegation contained in this paragraph.

p.  Defendants deny each and every allegation contained in this paragraph.

q.  Defendants deny each and every allegation contained in this paragraph.

r.  Defendants admit that Oversee acquired SnapNames prior to acquiring Moniker and that SnapNames was and is the leading drop catching, back order and expired name services company in the industry. Except as expressly admitted, the remaining allegations in this paragraph are denied.

s.  Defendants deny each and every allegation contained in this paragraph.

t.  Defendants deny each and every allegation contained in this paragraph.

u.  Defendants admit that Moniker's staff was reduced in connection with an Oversee-wide reduction in force. Except as expressly admitted, the remaining allegations in this paragraph are denied.

v.  Defendants deny each and every allegation contained in this paragraph.

w.  Defendants deny each and every allegation contained in this paragraph.

x.  Defendants deny each and every allegation contained in this paragraph.

y.  Defendants deny each and every allegation contained in this paragraph.

z.  Defendants deny each and every allegation contained in this paragraph.

aa. Defendants admit that Oversee implemented a code freeze for a period of time in an attempt to properly integrate and fix Moniker's technology but that this freeze was regularly ignored and undermined by Moniker staff. Except as expressly admitted, the allegations contained in this paragraph are denied.

bb. Defendants admit that, at a certain point, Cahn reported to Peter Celeste and, later, Craig Snyder. Except as expressly admitted, the allegations contained in this paragraph are denied.

  cc. Defendants admit that Cahn had to have certain expenses approved just as he would have irrespective of who he reported to and what position he held.  Except as expressly admitted, the allegations contained in this paragraph are denied.

  dd. Defendants admit that Oversee did not obtain a California escrow license.  Except as expressly admitted, the allegations contained in this paragraph are denied.

  ee. Defendants admit that employees of Moniker were laid off.  Except as expressly admitted, the allegations contained in this paragraph are denied.

  ff. Defendants deny each and every allegation contained in this paragraph.

70. Defendants admit that prior to February 2007, Oversee was providing a DomainSponsor feed to TrafficClub.  Defendants further admit that Oversee terminated its relationship with TrafficClub, at that time, because of Google's concern about "fourth party relationships" which are prohibited by Google's contract with Oversee.  Except as expressly admitted, the allegations contained in this paragraph are denied.

71. Defendants admit that TrafficClub customers were transitioned to DomainSponsor in or about January-February 2008.  Except as expressly admitted, the allegations contained in this paragraph are denied.

72. Defendants deny each and every allegation contained in this paragraph.
73. Defendants deny each and every allegation contained in this paragraph.
74. Defendants deny each and every allegation contained in this paragraph.
75. Defendants deny each and every allegation contained in this paragraph.
76. Defendants deny each and every allegation contained in this paragraph.
77. Defendants deny each and every allegation contained in this paragraph.
78. Defendants deny each and every allegation contained in this paragraph.
79. Defendants deny each and every allegation contained in this paragraph.
80. Defendants deny each and every allegation contained in this paragraph.

81. Defendants deny each and every allegation contained in this paragraph.

82. Defendants deny each and every allegation contained in this paragraph.

83. Defendants deny each and every allegation contained in this paragraph.

### SIXTH CLAIM FOR RELIEF

### CONVERSION

### (Against Oversee)

84. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

85. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

86. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

87. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

88. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

89. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

90. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

91. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

92. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

93. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

94. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

95. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

96. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

## SEVENTH CLAIM FOR RELIEF

### (Against Oversee)

97. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

98. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

99. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

100. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

101. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

102. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

103. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

104. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

105. This claim has been dismissed with prejudice. Court Order, dated January 6, 2012 (Docket No. 219). No response is needed.

## RESPONSE TO PRAYER FOR RELIEF

Wherefore Defendants deny all requested relief by Plaintiff and pray for judgment on all counts as set forth above, further requesting that they be entitled to recover for its costs and whatever further relief as the Court deems just in this matter.

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses, Defendants state as follows:

### First Affirmative Defense

The complaint and each claim for relief therein fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The complaint and each claim for relief therein are barred by the applicable statute of limitations.

### Third Affirmative Defense

The complaint and each claim for relief therein are barred by the equitable doctrine of laches.

### Fourth Affirmative Defense

The complaint and each claim for relief therein are barred by the equitable doctrine of waiver.

### Fifth Affirmative Defense

The complaint and each claim for relief therein are barred by the equitable doctrine of estoppel.

### Sixth Affirmative Defense

Plaintiff's claim for damages is barred, in whole or in part, because the purported damages are too speculative or uncertain.

### Seventh Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Eighth Affirmative Defense

The Defendants allege that the happenings, events, or occurrences alleged in the TAC and the injuries, damages and losses, if any, sustained as a result thereof, were caused directly or proximately by the breach, negligence, omissions, fault, or recklessness of Plaintiff, and, therefore, Plaintiff is not entitled to any relief whatsoever.

### Ninth Affirmative Defense

The injures and damages alleged by Plaintiff, if any, were proximately caused by persons or entities other than the Defendants, whether named or not named in this action.

### Tenth Affirmative Defense

Defendants are entitled to a set-off as a result of payments made to Plaintiff.

### Eleventh Affirmative Defense

The setting of an Oversee EBITDA Performance Goal would have been an idle act, any failure of which would not have caused Cahn any harm or given rise to any damages.

### Additional Affirmative Defenses

Defendants reserve the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

Dated: January 20, 2012              WILLENKEN WILSON LOH & LIEB LLP

By: */s/ William A. Delgado*                .
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: January 20, 2012                    WILLENKEN WILSON LOH & LIEB LLP

By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

---

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
14