William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10<br><br>　　　　Defendants. | Case No. CV11-03800 SVW (AGRx)<br><br>**DEFENDANT OVERSEE.NET'S EVIDENTIARY OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF MONTE CAHN**<br><br>Complaint Filed:　May 3, 2011<br>Pretrial Conf. Date: January 10, 2012<br>Trial Date:　　　　January 24, 2012 |

Defendant Oversee.net submits the following evidentiary objections to the Direct Testimony Declaration of Monte Cahn

## OBJECTIONS TO THE DECLARATION OF MONTE CAHN

| Paragraph in Cahn Declaration | Objection |
|---|---|
| 14. Reference to Trial Exhibits 302 and 392. | 14. Cahn relies on two exhibits, but objects to their admissibility. He cannot do both. |
| 21. "Instead of adding the cost of the MIP to the purchase price, Oversee decided to take the cost of the MIP off of the purchase price and use the difference to fund the MIP." | 21. Lacks foundation; hearsay. Fed. R. Evid. 602, 802. |
| 25. "…$10,000,000 of which had been funded by the discount provided by Seevast on the Moniker Purchase." | 25. Lacks foundation; hearsay. Fed. R. Evid. 602, 802. |
| 30. "It was my understanding that these bonuses were funded by the $10 million reduction in Oversee's purchase price for Moniker and that was to be applied to my MIP." | 30. Lacks foundation; hearsay. Fed. R. Evid. 602, 802. |
| 32. " The goal for each determination period was to be set by the Oversee Board of Directors ('Board') during that period, and the Board was to consult with me in setting the goals each year." | 32. Best evidence rule. Fed. R. Evid. 1002. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | 33. "I understood that there was only one EBITDA goal that was set for the company, and I understood that my EBITDA goal would be the same as the Company EBITDA goal that all other Sr. Executives and employees were to be measured by." | 33. Relevance. Fed. R. Evid. 402; Unexpressed intent is not parol evidence and is not admissible. *Vaillette v. Fireman's Fund Ins. Co.,* 18 Cal. App. 4th 680, 690 (1993). |
| 8<br>9 | 34. "Instead, the Board approved a target EBITDA for the company as a whole." | 34. Lacks foundation; hearsay. Fed. R. Evid. 602, 802. |
| 10<br>11<br>12<br>13<br>14 | 34. "I understood and believed that the company would compensate me based on this goal." | 34. Relevance. Fed. R. Evid. 402; Unexpressed intent is not parol evidence and is not admissible. *Vaillette v. Fireman's Fund Ins. Co.,* 18 Cal. App. 4th 680, 690 (1993). |
| 15<br>16 | 35. Entire paragraph. | 35. Best evidence rule. Fed. R. Evid. 1002. |
| 17<br>18<br>19<br>20<br>21<br>22<br>23 | 36. "Under the MIP, Oversee was also required to provide me with the Interim Financial Statements or the Determination Period Financial Statements so that I would be able to verify Moniker's financial performance each year." | 36. Best evidence rule. Fed. R. Evid. 1002. |
| 24<br>25<br>26<br>27 | 37. "The MIP also required that the Board certify whether I had attained my goals in each of the three determination periods." | 37. Best evidence rule. Fed. R. Evid. 1002. |
| 28 | | |

| | |
|---|---|
| 39. "Although Oversee was in breach of numerous obligations under the MIP, at all relevant times, I fully performed my responsibilities to the company." | 39. Improper lay testimony. Fed. R. Evid. 701. |
| 42. "The combination of DomainSponsor and TrafficClub was a material modification to the terms of the MIP." | 42. Improper lay testimony. Fed. R. Evid. 701; Best evidence rule. Fed. R. Evid. 1002. |
| 43. "I also understood that if I expanded any existing customers of DomainSponsor, I would also receive credit under my MIP since the two entities were now combined as one." | 43. Relevance. Fed. R. Evid. 402; Unexpressed intent is not parol evidence and is not admissible. *Vaillette v. Fireman's Fund Ins. Co.,* 18 Cal. App. 4th 680, 690 (1993). |
| 47. "…I had persuaded Mike Berkens to move all names from Skenzo to DomainSponsor…" | 47. Lacks foundation; hearsay. Fed. R. Evid. 602, 802. |
| 49. Entire paragraph. | 49. Lacks foundation; hearsay. Fed. R. Evid. 602, 802. |
| 51. Entire paragraph. | 51. Lacks foundation; hearsay. Fed. R. Evid. 602, 802. |
| 57. "After the merger Oversee made numerous accounting mistakes in its financial tracking and analysis of the Moniker business segments resulting in significant accounting problems and irregularities for Moniker and for my performance under the MIP." | 57. Lacks foundation; hearsay. Fed. R. Evid. 602, 802. |

| | |
|---|---|
| 58. Entire paragraph. | 58. Irrelevant to this phase of the trial. Fed.R.Evid. 402; 403. |
| 59. Entire paragraph. | 59. Irrelevant to this phase of the trial. Fed. R. Evid. 402; 403.  Lacks foundation; hearsay.  Fed. R. Evid. 602, 802. Improper lay testimony.  Fed. R. Evid. 701. |
| 60. Entire paragraph. | 60. Irrelevant to this phase of the trial. Fed. R. Evid. 402; 403.  Lacks foundation; hearsay.  Fed. R. Evid. 602, 802.  Improper lay testimony.  Fed. R. Evid. 701. |
| 61. Entire paragraph. | 61. Irrelevant to this phase of the trial. Fed. R. Evid. 402; 403.  Lacks foundation; hearsay.  Fed. R. Evid. 602, 802.. |
| 62. Entire paragraph. | 62. Irrelevant to this phase of the trial. Fed. R. Evid. 402, 403. |
| 63. Entire paragraph. | 63. Irrelevant to this phase of the trial. Fed. R. Evid. 402, 403. |
| 64. Entire paragraph. | 64. Irrelevant to this phase of the trial. Fed. R. Evid. 402, 403. |
| 65. Entire paragraph. | 65. Irrelevant to this phase of the trial. Fed. R. Evid. 402, 403. |
| 67. "I understood that the Oversee EBITDA goal communicated to me in 2009 applied to all Oversee employees." | 67. Lacks foundation; hearsay.  Fed. R. Evid. 602, 802. |

| | |
|---|---|
| 71. Entire paragraph. | 71. Irrelevant to this phase of the trial. Fed. R. Evid. 402, 403. |
| 73. "I understood that the Oversee EBITDA goal communicated to me in 2009 applied to all Oversee employees." | 67. Relevance. Fed. R. Evid. 402. |

Dated: January 20, 2012        WILLENKEN WILSON LOH & LIEB LLP


By:/s/ *William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET,
JEFFREY KUPIETZKY, and LAWRENCE NG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated:  January 20, 2011         WILLENKEN WILSON LOH & LIEB LLP


By:*/s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG