**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
    E-Mail: barber@lbbslaw.com
KENNETH D. WATNICK, SB# 150936
    E-Mail: watnick@lbbslaw.com
SONJA HARRINGTON, SB# 261053
    E-Mail: sharrington@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for MONTE CAHN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONTE CAHN,<br><br>            Plaintiff,<br><br>     vs.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual; LAWRENCE NG, an individual; and Does 1 through 10,<br><br>            Defendants. | CASE NO. CV11-03800 SVW (AGRx)<br><br>The Honorable Stephen V. Wilson<br><br>**MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF GEORGE G. STRONG JR.**<br><br>Complaint Filed:      May 3, 2011<br>Final Pretrial Conf.: January 9, 2012<br>Trial Date:                January 24, 2012 |

4842-4790-6574.1

MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY

Plaintiff Monte Cahn ("Cahn") hereby submits his objections to the Direct Examination of George G. Strong ("Strong"), in accordance with the Court's Civil Trial Preparation Order [Doc. No. 25].

**GENERAL OBJECTIONS**

1.  Defendant Oversee failed to designate Mr. Strong as an expert under Fed. R. Civ. Pro. 26(a)(2)(D)(i). Instead, Mr. Strong was specifically designated as a rebuttal expert "to rebut the expert testimony of David Callaghan". (Oversee's Expert Witness Disclosure, attached hereto as Exhibit "1".) Cahn has not offered Mr. Callaghan's witness testimony for this first phase of the trial, as identified by the Court during the January 10, 2012 pretrial conference. These issues have been identified as: (1) Oversee's treatment of the Oversee EBITDA performance goal under the MIP; and (2) The determination of TrafficClub customers for the purpose the MIP after the combination of TrafficClub into DomainSponsor. As such, the entirety of Mr. Strong's testimony is precluded as improper expert testimony.

2.  Mr. Strong's testimony is impermissible opinion testimony that is not based on his personal knowledge. Mr. Strong's testimony should be excluded because he cannot meet the standards for expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993) [The reasoning and methodology underlying the testimony must be scientifically valid and properly applied to the facts at issue]. Additionally, Rule 702 provides that a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. (Fed. R. Evid. 702.) Mr. Strong has not demonstrated the use of any reliable scientific principals or methods in reaching the conclusions set forth in his declaration. There is no theory or scientific technique that was utilized in

reaching the conclusions set forth in Mr. Strong's declaration, and therefore Mr. Strong's testimony is precluded as improper expert testimony. (*Daubert*, 509 U.S. at 593.)

3. Mr. Strong's improper opinion testimony also seeks to invade the province of the Court by acting as a fact finder and improperly drawing legal conclusions. This Court recently noted that "[i]t is well established that, 'an expert may not state his or her opinion as to legal standards, nor may he or she state legal conclusions drawn by applying the law to the facts.' [Citations omitted.] Such opinions invade on the province of the judge." (*Gable v. NBC*, 727 F. Supp. 2d 815, 835 (C.D. Cal. 2010).) As such, Mr. Strong's testimony is precluded as improper expert testimony.

## INDIVIDUAL OBJECTIONS

| Paragraph | Objection |
|---|---|
| 7 | Speculation, Best Evidence Rule (FRE 901) |
| 9 | Legal Conclusion, Improper Opinion (FRE 702) |
| 10 | Legal Conclusion, Improper Opinion (FRE 702) |
| 11 | Improper Opinion (FRE 702) |
| 11(a) | Improper Opinion (FRE 702) |
| 11(b) | Beyond the scope and irrelevant to this phase of trial. Improper Opinion (FRE 702) |
| 11(c) | Improper Opinion (FRE 702) |
| 13 | Improper Opinion (FRE 702) |
| 14 | Improper Opinion (FRE 702) |
| 15 | Beyond the scope and irrelevant to the this phase of trial. Improper Opinion (FRE 702). Legal Conclusion, Improper Opinion (FRE 702) |

| | |
|---|---|
| 16 | Improper Opinion (FRE 702) |

DATED: January 20, 2012

JOHN L. BARBER
KENNETH D. WATNICK
SONJA HARRINGTON
LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   /s/ Sonja Harrington
        Sonja Harrington
        Attorneys for MONTE CAHN