**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
   E-Mail: barber@lbbslaw.com
KENNETH D. WATNICK, SB# 150936
   E-Mail: watnick@lbbslaw.com
SONJA HARRINGTON, SB# 261053
   E-Mail: sharrington@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for MONTE CAHN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONTE CAHN,<br><br>        Plaintiff,<br><br>     vs.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual; LAWRENCE NG, an individual; and Does 1 through 10,<br><br>        Defendants. | CASE NO. CV11-03800 SVW (AGRx)<br><br>The Honorable Stephen V. Wilson<br><br>**MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY**<br><br>Complaint Filed:    May 3, 2011<br>Trial Date:        January 24. 2012 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Plaintiff Monte Cahn ("Cahn") hereby submits his objections to the

2  Unredacted Direct Examination Declaration of Jeffrey Kupietzky, in accordance

3  with the Court's Civil Trial Preparation Order [Doc. No. 25].

4

| Paragraph | Objection |
|-----------|-----------|
| 23 | Best Evidence Rule (FRE 901) |
| 24(g) | Lack of Foundation (FRE 602) |
| 25 | Best Evidence Rule (FRE 901), Lack of Foundation (FRE 602), Argumentative, Assumes Facts Not in Evidence that "we recognized the possibility that the two monetization businesses would be combined". |
| 27 | Lack of Foundation (FRE 602) |
| 29 | Argumentative, Lack of Foundation (FRE 602), Compound, Misleading, Vague as to "domains". |
| 35 | Argumentative, Contradicts Lawrence Ng's Testimony. |
| 39 | Best Evidence Rule (FRE 901) |
| 40 | Lack of Foundation (FRE 602), Opinion Testimony (FRE 701), Lack of documentation supporting statements which would require writings (FRE 901). |
| 41 | Best Evidence Rule (FRE 901) |
| 44 | Misstates the Evidence, Argumentative |
| 45 | Argumentative, Lack of Foundation (FRE 602) |
| 46 | Best Evidence Rule (FRE 901), Argumentative, Misstates evidence as it relates to the Oversee EBITDA Performance Goal. |
| 47 | Best Evidence Rule (FRE 901), Argumentative, |

4816-9527-9118.1

1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | | Misstates evidence as it relates to Oversee EBITDA, Misstates document (Trial Exhibit 1) which allows for the modification of the Performance Goals. |
| | 48 | Lack of Foundation (FRE 602), Lack of Personal Knowledge (FRE 602), Best Evidence Rule (FRE 901), Hearsay as to what Cahn requested and why he made such requests (FRE 802) |
| | 50 | Best Evidence Rule (FRE 901), Misstates the terms of the MIP (Trial Exhibit 1), Argumentative |
| | 51 | Best Evidence Rule (FRE 901), Misstates the terms of the MIP (Trial Exhibit 1), Argumentative, Exhibit 3 is inadmissible under the Parol Evidence Rule as it is intended to contradict the express terms of the contract (Cal. Code. Civ. Proc. § 1856(a)). |
| | 52 | Misstates the terms of the MIP (Trial Exhibit 1), Argumentative |
| | 53 | Best Evidence Rule (FRE 901), Exhibit 3 is inadmissible under the Parol Evidence Rule as it is intended to contradict the express terms of the contract (Cal. Code. Civ. Proc. § 1856(a)). |
| | 54 | Hearsay (FRE 802, 803) |
| | 55 | Misstates the terms of the MIP (Trial Exhibit 1), Argumentative, Best Evidence Rule (FRE 901), Exhibit 3 is inadmissible under the Parol Evidence Rule as it is intended to contradict the express terms of the contract (Cal. Code. Civ. Proc. § 1856(a)). |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-9527-9118.1

MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY

| 61 | Lack of Foundation (FRE 602), Misstates Evidence, Vague |
|----|---|
| 65 | Lack of Foundation (FRE 602), Best Evidence Rule (FRE 901), Argumentative, Irrelevant |
| 67 | Hearsay (FRE 802, 803) |
| 68 | Incomplete statement, misstates the facts in that it ignores Mr. Kupietzky's previous testimony that he tried to poach TrafficClub's customers in February of 2007 (120:22-121:23 of the Deposition of Jeff Kupietzky.) |
| 69 | Best Evidence Rule (FRE 901), Misstates Exhibit Nos. 76 and 305, Hearsay as to why Cahn made certain statements and/or requests.  (FRE 802, 803.) |
| 70 | Best Evidence Rule (FRE 901), Misstates Exhibit Nos. 7 and 1. Any argument about the possibility of transitioning TrafficClub customers into DomainSponsor is prohibited by the Parol Evidence Rule, as it is intended to contradict the express terms of the MIP (Cal. Code. Civ. Proc. § 1856(a)).  The expansion of DomainSponsor customers and/or Mr. Cahn's successful effort to persuade customers falls within the definition of "TrafficClub Business Segment" under the MIP.  Misleading to the extent that the testimony suggests that "TrafficClub Customer" limits or is part of  the definition of "TrafficClub Business Segment" or "TrafficClub Gross Profit".  Definition of "Shared Customers" is |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | used for "Applicable Shared Customer Percentage, Section 15(a). |
|---|---|
| 71(a) and (b) | Best Evidence Rule (FRE 901).  Any argument about the possibility of transitioning TrafficClub customers into DomainSponsor is prohibited by the Parol Evidence Rule, as it is intended to contradict the express terms of the MIP (Cal. Code. Civ. Proc. § 1856(a)).  The expansion of DomainSponsor customers and/or Mr. Cahn's successful effort to persuade customers falls within  the definition of "TrafficClub Business Segment" under the MIP.  Misleading to the extent that the testimony suggests that "TrafficClub Customer" limits or is part of  the definition of "TrafficClub Business Segment" or "TrafficClub Gross Profit".  Definition of "Shared Customers" is used for "Applicable Shared Customer Percentage, Section 15(a). |
| 75 | Best Evidence Rule (FRE 901), Contradicts evidence that establishes that Oversee bonused its employees based on meeting the Oversee targets set by the Board. |
| 77 | Lack of Foundation (FRE 602), Best Evidence Rule (FRE 901) |
| 78 | Argumentative, and contradicts the testimony of Lawrence Ng that Oversee met its EBITDA goal in 2008 (179:1-21 of the Deposition of Lawrence Ng.). |
| 80 | Best Evidence Rule (FRE 901), Argumentative |

4

MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 82 | Lack of Foundation (FRE 602), Hearsay (FRE 802, 803) |
|---|---|
| 83 | Lack of Foundation (FRE 602), Hearsay (FRE 802, 803) |
| 84 | Lack of Foundation (FRE 602), Best Evidence Rule (FRE 901), Misstates document to the extent it is offered for the proposition that the market was declining, or that Oversee was restricting due to a market decline. |
| 85 | Best Evidence Rule (FRE 901), Lack of Foundation (FRE 602), Argumentative, the testimony is incomplete, Lawrence Ng testified that the 2008 budget was modified (176:25-177:10 of Deposition of Lawrence Ng.) |
| 86 | Hearsay (FRE 802, 803), Argumentative, Incomplete testimony, Best Evidence Rule (FRE 901), Assumes facts not in evidence to the extent it is offered for the proposition that Mr. Cahn was required to advise the Board of the identities of other MIP participants if in fact he was the only participant. |
| 87 | Best Evidence Rule (FRE 901), Lack of Foundation (FRE 602) |
| 88 | Lack of Foundation (FRE 602) |
| 89 | Beyond the scope of this phase of trial.  Lack of Foundation (FRE 602) |
| 91 | Lack of Foundation (FRE 602), Argumentative |
| 92 | Argumentative, contrary to the evidence |

5

MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 93 | Lack of Foundation (FRE 602), Argumentative, Calls for Speculation, Calls for Legal Conclusion to the extent that Mr. Kupietzky is testifying that setting an oversee Performance Goal would have been an "idle act". |
|---|---|
| 94 | Beyond the scope and irrelevant to this phase of trial. Lack of Foundation (FRE 602), Argumentative, Assumes Facts Not in Evidence to the extent Mr. Kupietzky is testifying that Mr. Cahn's was concerned that the MIP was no longer achievable. |
| 95 | Beyond the scope and irrelevant to this phase of trial. Exhibit 149 is inadmissible under the Parol Evidence Rule as it is intended to contradict the express terms of the Incentive Compensation Plan [Exhibit 28]. (Cal. Code. Civ. Proc. § 1856(a)). |
| 96 | Beyond the scope and irrelevant to this phase of trial. |
| 97 | Beyond the scope and irrelevant to this phase of trial. |
| 105 | Best Evidence Rule (FRE 901) |
| 107 | Best Evidence Rule (FRE 901), Argumentative, Misstates Exhibit 300, Incomplete testimony to the extent Mr. Kupietzky is testifying that Mr. Cahn was acknowledging or admitting that he did not meet his MIP targets. |
| 108 | Lack of Foundation (FRE 602), Lack of Personal Knowledge (FRE 602) |
| 109 | Best Evidence Rule (FRE 901), Misstates Document, Misleading, the testimony and document is |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | incomplete in that it omits portions of Moniker's business. |
|---|---|
| 111 | Argumentative as to the contention that the figure is less than the 2007 results. |
| 112 | Hearsay (FRE 802, 803), Argumentative, Calls for Speculation |
| 116 | Argumentative with respect to the phrase "declined more than $11 million from the prior year, and more than $20 million from 2007." |
| 117 | Lack of Foundation (FRE 602), Lack of Personal Knowledge (FRE 602) |
| 118 | Best Evidence Rule (FRE 901), Argumentative with respect to the phrase "performed poorly". |
| 119 | Argumentative with respect to the phrase "in excess". |
| 121 | Beyond the scope of this phase of trial to the extent it refers to payouts under the ICP. |
| 122 | Beyond the scope of this phase of trial to the extent it refers to payouts under the ICP. |
| 124 | Best Evidence Rule (FRE 901), Misstates Document, Argumentative |
| 125 | Argumentative |
| 126 | Beyond the scope of this phase of trial to the extent it refers to the ICP. Lack of Foundation (FRE 602), Argumentative |
| 129 | Hearsay (FRE 802, 803), Argumentative, Calls for Speculation |

MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY

| 130 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial.  Lack of Foundation (FRE 602), Best Evidence Rule (FRE 901) |
|---|---|
| 131 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial. |
| 132 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial. |
| 133 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial. |
| 134 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial. |
| 132 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial. |
| 133 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial. |
| 134 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial.  Best Evidence Rule (FRE 901), Lack of Foundation (FRE 602), Argumentative |
| 135 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial. |
| 136 | The 2010 Commission Plan and the ICP are beyond the scope and irrelevant to this phase of trial. |
| 140 | Lack of Foundation (FRE 602), Lack of Personal Knowledge (FRE 602) |
| 141 | Best Evidence Rule (FRE 901), Argumentative |

MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 143 | Beyond the scope and irrelevant to this phase of trial to the extent it refers to payments under the ICP or Commission Plan. |
|-----|-----|
| 144 | Beyond the scope and irrelevant to this phase of trial. |
| 146 | Lack of Foundation (FRE 602), Argumentative |
| 147 | Beyond the scope and irrelevant to this phase of trial. |
| 148 | Beyond the scope and irrelevant to this phase of trial. |
| 149 | Beyond the scope and irrelevant to this phase of trial. |

DATED: January 20, 2012         JOHN L. BARBER
                                KENNETH D. WATNICK
                                SONJA HARRINGTON
                                LEWIS BRISBOIS BISGAARD & SMITH LLP


                                By:  _____/s/ Sonja Harrington_____
                                     Sonja Harrington
                                     Attorneys for MONTE CAHN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-9527-9118.1                          9
MONTE CAHN'S OBJECTIONS TO THE DIRECT EXAMINATION DECLARATION OF JEFFREY KUPIETZKY