William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Leemore Kushner (State Bar No. 221969)
lkushner@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY,
and LAWRENCE NG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual, LAWRENCE NG, an individual; and DOES 1 through 10<br><br>             Defendants. | Case No. CV11-03800 SVW (AGRx)<br><br>**DEFENDANT OVERSEE.NET'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS OF THE DEPOSITION OF CRAIG ANDREW SNYDER**<br><br>DATE:   January 24, 2012<br>TIME:   9:30 A.M.<br>PLACE:  Crtrm. 6<br><br>Complaint Filed:      May 3, 2011<br>Pretrial Conf. Date:  January 10, 2012<br>Trial Date:           January 24, 2012 |

DEFENDANT OVERSEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S DESIGNATIONS OF DEPOSITION OF CRAIG SNYDER

Defendant Oversee.net ("Oversee") submits the following evidentiary objections to Plaintiff's designations of the deposition of Craig Andrew Snyder.

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS OF THE DEPOSITION OF CRAIG ANDREW SNYDER

| Designations in Snyder Deposition | Objection |
|---|---|
| Page 18, line 3-17. | Irrelevant. Fed. R. Evid. 401. |
| Page 24, line 10 – 24. | Statements attributed to Mr. Cahn are hearsay. Fed. R. Evid. 802. |
| Page 25, line 5-7 | Statements attributed to Mr. Cahn, as purportedly relayed to Mr. Kupietzky, are hearsay. |
| Page 26, line 2-16 | Characterizations of relationships between and among Mr. Cahn, Mr. Kupietzky and Mr. Celeste as having "friction" or "frustration," or being "frustrated," lack foundation and are speculative. Fed. R. Evid. 602. |
| Page 27, line 8-23 | Statements attributed to Mr. Celeste are hearsay. Fed. R. Evid. 802. |
| Page 28, line 14 – Page 29, line 4. | Witness' opinion regarding whether Moniker should be involved in escrow |

| | |
|---|---|
| | business is irrelevant. Fed. R. Evid. 401. Lack of foundation and speculative. Fed. R. Evid. 602. Improper lay opinion testimony. Fed. R. Evid. 701. |
| Page 31, line 7-23. | Witness' opinion regarding whether marketing budget was sufficient is irrelevant. Fed. R. Evid. 401. Lack of foundation and speculative. Fed. R. Evid. 602. Improper lay opinion testimony. Fed. R. Evid. 701. |
| Page 32, line 10 – Page 33, line 1. | Witness' opinion regarding whether promotion of auctions was successful is irrelevant. Fed. R. Evid. 401. Lack of foundation and speculative. Fed. R. Evid. 602. Improper lay opinion testimony. Fed. R. Evid. 701. |
| Page 51, line 1-13 | Witness' understanding of how bonus system operated is irrelevant. Fed. R. Evid. 401. Lack of foundation and speculation. Fed. R. Evid. 602. Improper lay opinion testimony. Fed. R. Evid. 701. |
| Page 51, line 14-23 | Witness' understanding of how bonus system worked for Mr. Cahn is irrelevant. Fed. R. Evid. 401. Lack of foundation and speculation. Fed. R. Evid. 602. Improper lay opinion |

| | | |
|---|---|---|
| 1 | | testimony. Fed. R. Evid. 701. |
| 2 | Page 55, line 13-19 | Witness' and Mr. Cahn's opinion of whether O&O business should be part of the Registrar business is irrelevant. Fed. R. Evid. 401. Witness lacks foundation or personal knowledge of Mr. Cahn's opinion on the subject, and neither has sufficient basis to render an opinion. Fed. R. Evid. 602. Improper lay opinion testimony. Fed. R. Evid. 701. |
| 11 | Page 55, line 20-Page 57, line 12 | Witness' opinion as to whether the O&O business was operated effectively, and whether it had a proper cost basis, is irrelevant. Fed. R. Evid. 401. Lack of foundation to render such an opinion. Fed. R. Evid. 602. Improper lay opinion testimony. Fed. R. Evid. 701. |
| 18 | Page 66, line 3-20 | Witness' opinion regarding year 2000 compensation and commitments is irrelevant. Fed. R. Evid. 401. Witness lacks personal knowledge regarding year 2000 compensation as he did not join Oversee until 2009, and lack of foundation as to year 2000 because Oversee had not been founded as of 2000. Fed. R. Evid. 602. |
| 27 | Page 68, line 21 – Page 69, line 4. | Statements attributed to Mr. Cahn are |

| | | |
|---|---|---|
| 1 | | hearsay. Fed. R. Evid. 802. |
| 2 | Page 84, line 20 – Page 85, line 21. | Lack of personal knowledge as to what information was provided to potential suitors and the accuracy thereof. Fed. R. Evid. 602. |
| 5 | Page 96, line 5-10 | Witness' opinion as to whether Mr. Cahn was a senior manager is irrelevant. Fed. R. Evid. 401. |
| 7 | Page 96, line 11-Page 97, line 1 | Witness' opinion as to whether Mr. Cahn was a glorified salesman is irrelevant. Fed. R. Evid. 401. |
| 9 | Page 122, line 6-24; Page 125, line 11-Page 126, line 17 | Witness' opinion of Mr. Cahn's performance and contributions is irrelevant. Fed. R. Evid. 401. Improper lay opinion testimony. Fed. R. Evid. 701. Lack of foundation, as witness admits he had only worked with Mr. Cahn for three months in 2009. Fed. R. Evid. 602. |
| 14 | Page 163, line 15 – Page 165, line 17 | Lack of foundation and personal knowledge regarding purported improper intracompany attribution of revenue. Fed. R. Evid. 602. Knowledge of purported improper intracompany attribution of revenue was based on something "we talked about," which is hearsay. Fed. R. Evid. 802. |
| 19 | Page 165, line 18 – Page 167, line 13 | Lack of foundation and personal knowledge regarding purported attribution of Expiry auction revenues to SnapNames. Fed. R. Evid. 602. Knowledge of purported attribution of Expiry auction revenues to SnapNames was based on financial reports, which are hearsay. Fed. R. Evid. 802. Testimony reflecting contents of financial reports violates best evidence rule. Fed. R. Evid. 1002. |
| 26 | Page 170, line 25– Page 171, line 3. | Witness' opinion regarding purported materiality of information is irrelevant, which implicates a legal conclusion. |

| | | |
|---|---|---|
| 1 | | Fed. R. Evid. 401.  Witness lacks foundation and competence to opine on materiality of information, which implicates a legal conclusion.  Fed. R. Evid. 601, 602.  Improper lay opinion testimony.  Fed. R. Evid. 701. |
| 2 | Page 171, line 20 – Page 172, line 22. | Statements attributed to Mr. Cahn are hearsay.  Fed. R. Evid. 802. |
| 3 | Page 172, line 23-24. | Out-of-court statements made by witness are hearsay. Fed. R. Evid. 802. |
| 4 | Page 174, line 6-16. | Testimony regarding contents of financial reports violate best evidence rule.  Fed. R. Evid. 1002.  Witness' opinions or concerns about accuracy of information presented in financial reports is irrelevant.  Fed. R. Evid. 401. |
| 5 | Page 174, line 17 – Page 175, line 19. | Out-of-court statements made by witness are hearsay.  Fed. R. Evid. 802.  Witness' opinions or concerns about accuracy of information presented in financial reports is irrelevant.  Fed. R. Evid. 401. |
| 6 | Page 176, line 7-18 | Statements made by Ms. Murray are hearsay.  Fed. R. Evid. 802 |
| 7 | Page 176, line 19 – Page 177, line 7. | Out-of-court statements made by witness are hearsay.  Fed. R. Evid. 802.  Witness' opinions or concerns about accuracy of information presented in financial reports is irrelevant.  Fed. R. Evid. 401. |
| 8 | Page 181, line 14 – Page 182, line 10; Page 182, line 17-Page 183, line 3 | Witness' opinions and concerns regarding importance of accuracy of information presented to the board is irrelevant.  Fed. R. Evid. 401. |
| 9 | Page 186, line 14-23. | Out-of-court statements made by witness are hearsay.  Fed. R. Evid. 802. |
| 10 | Page 186, line 24 – Page 187, line 11. | Lack of foundation and speculation as to reasons for purported change of mind by Mr. Kupietzky and Ms. Murray.  Fed. R. Evid. 602. |
| 11 | Page 200, line 1-25. | Contents of email written by Mr. Cahn are hearsay.  Fed. R. Evid. 802.  Lack of foundation and speculation as to what |

| | |
|---|---|
| | Mr. Cahn considered important and the meaning of Mr. Cahn's reference to "threads."  Fed. R. Evid. 602. |
| Page 297, line 6 – Page 298, line 18. | Testimony regarding contents of Exhibit 63 violate the best evidence rule.  Fed. R. Evid. 1002. |
| Page 298, line 19-25 | Witness' opinion regarding wisdom of proposed solution of ceasing appraisals is irrelevant.  Fed. R. Evid. 401. |
| Page 316, line 5-23. | Testimony regarding contents of Exhibit 67 violates the best evidence rule.  Fed. R. Evid. 1002.  Contents of emails written by Mr. Cahn and witness are hearsay. Fed. R. Evid. 802. |
| Page 319, line 13 – Page 320, line 10; Page 320, line 24-Page 321, line 13 | Testimony regarding contents of Exhibit 68 violate the best evidence rule.  Fed. R. Evid. 1002.  Contents of emails written by Mr. Cahn and witness are hearsay.  Fed. R. Evid. 802. |
| Page 324, line 3-22. | Testimony regarding contents of Exhibit 69 violate the best evidence rule.  Fed. R. Evid. 1002.  Contents of emails written by Mr. Cahn and witness are hearsay.  Fed. R. Evid. 802. |

Dated:  January 23, 2012          WILLENKEN WILSON LOH & LIEB LLP


By:/s/ William A. Delgado
William A. Delgado
Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated:  January 23, 2012                    WILLENKEN WILSON LOH & LIEB LLP

                                            By: */s/ William A. Delgado*
                                            William A. Delgado
                                            Attorneys for Defendants OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG