UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER re Motion for Summary Adjudication filed by Plaintiff Monte Cahn [280] [292]

## I. INTRODUCTION

The instant action concerns Plaintiff Monte Cahn's relationship with his former employer, Defendant Oversee.net ("Oversee").[1]  In 2005, Cahn sold his company Domain Systems, Inc. d/b/a Moniker.com ("Moniker") to Seevast Corporation. In 2007, Oversee acquired Moniker from Seevast, and decided to retain Cahn's services.  Cahn and Oversee entered into a Management Incentive Plan ("MIP")[2] pursuant to which participants including Cahn would have earned large bonus payments if various segments of Moniker (the "Moniker Business Segments") and/or Oversee achieved certain Performance Goals. In short, Cahn alleges that he is owed millions of dollars in payments under the MIP.

On November 16, 2011, Oversee filed a Motion for Summary Judgment as to Cahn's First Claim for Relief (Dkt. No. 63) which the Court denied on December 29, 2011. (Dkt. No. 209).  Cahn's First Claim essentially consists of two key issues: (1) whether the Moniker Business Segments achieved any of the Performance Goals under the MIP; and (2) whether Oversee promised Cahn that his Performance Goal under the MIP would be identical to a target (the "Company Budget") used as part of the process for determining bonuses for Oversee legacy management employees. On January 24 and 25, 2012, the Court held a trial on the second issue.  On February 6, 2012, the Court issued its Findings of Facts and

---

[1] Cahn also named Oversee employees Jeff Kupietzky and Lawrence Ng as Defendants in this action.  The Court refers to all Defendants collectively as "Oversee" throughout this Order.

[2] The MIP is attached as Exhibit 3 to the Declaration of Kenneth D. Watnick in support of Monte Cahn's Motion for Summary Adjudication.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

Conclusions of Law (Dkt. No. 273) in which it held that: (1) Cahn failed to meet his burden to establish that Oversee represented that the Oversee Performance Goal under the MIP would be identical to the Company Budget; and (2) the MIP is not reasonably susceptible to Cahn's proposed interpretation that the Oversee Performance Goal was identical to the Company Budget.[3]

Cahn filed the instant Motion for Summary Adjudication on March 19, 2012.[4] (Dkt. Nos. 280, 292). Cahn's Motion primarily concerns TrafficClub, Moniker's domain name monetization business segment. Cahn alleges (and asks this Court to find as a matter of law) that Oversee breached the MIP by: (1) eliminating TrafficClub as an operating division and migrating TrafficClub operations into DomainSponsor, Oversee's monetization business segment; (2) materially changing the MIP without Cahn's consent by eliminating TrafficClub; (3) breaching the implied covenant of good faith and fair dealing; (4) failing to "track" TrafficClub; (5) failing to certify whether Cahn's performance goals under the MIP had been attained, and (6) failing to properly credit Cahn for the new "combined" DomainSponsor entity.

Cahn's Motion is DENIED for the reasons set forth in this Order.

## II.   LEGAL STANDARD

Rule 56(c) requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir. 1997).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex Corp v. Catrett, 477 U.S. 317, 323-24 (1986). The moving party may satisfy its Rule 56(c) burden by "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify specific facts that show a genuine issue for trial. See id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact. Addisu v. Fred Meyer, 198 F.3d 1130, 1134 (9th Cir. 2000). Only genuine disputes over facts that might affect the outcome of the

---

[3] A more detailed account of the factual history and various issues and allegations in the entire case can be found in the Court's Findings of Fact and Conclusions of Law. (Dkt. No. 273). Given the narrow scope of the instant Motion, the Court will not recount all of those issues and allegations in this Order.

[4] On the same day, Oversee filed a Motion for Summary for Partial Summary Judgment. (See Dkt. No. 283). That Motion is addressed in a separate Order.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

suit under the governing law, *i.e.*, "where the evidence is such that a reasonable jury could return a verdict for the nonmoving party," will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248.

Under Local Rules 56-2 and 56-3, these triable issues of fact must be identified in the non-moving party's "Statement of Genuine Issues" and supported by "declaration or other written evidence." See also Sullivan v. Dollar Tree Stores, Inc., 623 F.3d 770, 779 (9th Cir. 2010) ("Federal Rule of Civil Procedure 56(e)(2) requires a party to "set out specific facts showing a genuine issue for trial."). If the non-moving party fails to identify the triable issues of fact, the court may treat the moving party's evidence as uncontroverted, so long as the facts are "adequately supported" by the moving party. Local Rule 56-3; see also International Longshoremen's Ass'n, AFL-CIO v. Davis, 476 U.S. 380, 398 n.14 (1986) ("[I]t is not [the Court's] task *sua sponte* to search the record for evidence to support the [parties'] claim[s]."); Carmen v. San Francisco United School District, 237 F.3d 1026, 1029 (9th Cir. 2001) ("A lawyer drafting an opposition to a summary judgment motion may easily show a judge, in the opposition, the evidence that the lawyer wants the judge to read. It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence.").

### III.     DISCUSSION

#### A.     Oversee's "Elimination" of TrafficClub

Cahn first argues that Oversee breached the MIP by "eliminating TrafficClub." Cahn gives a detailed recitation of his recollection of the negotiations that led to Oversee's purchase of Cahn's company, Moniker. (Mot. at 8-10). He claims that Defendants made various misrepresentations during this process. (Id. at 8-9). Cahn also claims that, during the 2007 negotiations that preceded Oversee's purchase of Moniker, "the parties were operating under the belief and understanding that TrafficClub would continue to operate in substantially the same manner and fashion as when the MIP was drafted." (Mot. at 9). Cahn further claims that the performance goals and baseline awards set forth in the MIP were calculated based on the parties' mutual understanding that TrafficClub would continue to operate and grow after the merger, and that Cahn would continue to serve as Moniker's president and operate TrafficClub as he had in the eight years preceding the transaction. (Mot. at 10).

Oversee flatly disputes Cahn's version of events, arguing, for example, that: (1) Cahn was told that he would not be operating TrafficClub on a day-to-day basis but that TrafficClub would instead be managed by Oversee's DomainSponsor team; (2) Cahn expressly agreed to that arrangement; (3) Cahn was specifically informed of the potential migration of TrafficClub to DomainSponsor; and (4) the MIP defines TrafficClub Customers to include DomainSponsor customers that became customers as a result of the substantial efforts of Cahn or his team "precisely because of the potential transition from TrafficClub to DomainSponsor." (Opp'n at 4-5). Oversee claims that the parties anticipated the possibility that TrafficClub would not always be operated as it had in the past, and that it might be

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

transitioned into DomainSponsor. (Id. at 6). Oversee thus argues that the MIP was drafted so as to allow for such a transition without prejudicing MIP participants.

It is undisputed that there is no provision in the MIP pursuant to which Oversee expressly represented that it would not transition or migrate TrafficClub into DomainSponsor. Cahn instead argues that the elimination of TrafficClub by Oversee breached Section 9 of the MIP, which requires Cahn's written consent for "any material amendment or modification" of the MIP that would adversely affect Cahn. Cahn also argues that the decision to shut down TrafficClub violates the "implied covenant of good faith and fair dealing" included in every contract. (Mot. at 13) (citing Foley v. U.S. Paving Co., 262 Cal. App. 2d 499, 504 (1968)). The factual dispute over whether the parties contemplated the eventual migration of TrafficClub into DomainSponsor goes directly to the question of whether the eventual decision to actually do so constitutes a "material amendment or modification" to the MIP that would adversely affect Cahn. It also goes to the question of whether Oversee violated the covenant of good faith and fair dealing. Accordingly, summary judgment for Cahn is inappropriate for that reason alone.[5]

**B.     Oversee's Alleged Failure to "Track" TrafficClub's Customers Under the MIP**

Cahn argues that Oversee breached the MIP by failing to "track" TrafficClub customers after those customers were migrated to DomainSponsor. (Mot. at 13). Cahn cites two provisions of the MIP. First, Cahn cites to Section 2 of the MIP, for the proposition that the MIP imposed on the Oversee board the obligation to certify whether Cahn's performance goals under the MIP had been met. That argument is flatly contradicted by the plain language of Section 2 of the MIP, which states that the Oversee "Board shall have the *authority* . . . to administer the performance goals . . . and to certify whether the goals have been attained. (Watnick Decl., Ex. 3 at OVER002417) (emphasis added). The authority to administer the performance goals and to certify whether they had been met is not the same thing as an obligation to do so.[6]

Second, Cahn cites to Section 14(a) of the MIP, which provides that Oversee "shall not, other

---

[5]The Court need not address Oversee's additional arguments in response at this point in light of the Court's finding that summary judgment for Cahn is inappropriate. The Court would also appreciate it if the parties would dispense with trite references to "platters of red herring" and quotes from the works of William Shakespeare in any future briefing and instead dedicate their energy to substantive legal analysis.

[6]As noted above, Cahn's Motion also cites this failure by Oversee to certify whether Cahn's performance goals had been attained (as opposed to failing to "track" TrafficClub customers) as a separate breach of the MIP. This argument fails for the same reason: the authority to certify whether Cahn's performance goals were met is not the same thing as an obligation to do so.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

than in good faith in the ordinary course of business, intentionally take any action the purpose of which would be to manipulate the . . . Gross Profit with respect to the TrafficClub Business Segment if same would have the effect of preventing the attainment of the Performance Goals." (Watnick Decl., Ex. 3 at OVER002423). While Cahn claims the failure to "track" TrafficClub customers after those customers were migrated to DomainSponsor breaches Section 14(a), at no point does Cahn explain how this is so. Furthermore, Oversee claims that it did provide Cahn periodic pacing reports until such time as DomainSponsor's declining performance rendered the provision future an idle act. (Opp'n at 17). The Court takes no position on whether providing such reports was or was not an idle act. However, it is clear that Cahn has not met his burden to demonstrate exactly how the failure to provide such reports breached the MIP.[7]

### C. Cahn has Failed to Establish Damages, An Essential Element of His Breach of Contract Claim

Finally, the Court wishes to note that, as Oversee argues, at no point in his Motion or Reply does Cahn establish that any of Oversee's alleged breaches caused Cahn any damages, a necessary element of a breach of contract claim. See, e.g. Stevens v. Mavent, Inc., 2008 WL 2824956 *2 (C.D. Cal. July 21, 2008) ("A claim for breach of contract requires evidence of (1) the contract's existence and its terms, (2) performance by plaintiff, (3) breach by defendants, and (4) damages suffered by plaintiff as a result.") (citing MacDonald v. John P. Scripps Newspaper, 210 Cal. App. 3d 100, 104 (1989)). "Causation of damages in contract cases . . . requires that the damages be *proximately caused* by the defendant's breach, and that their causal occurrence be at least reasonably certain." US Ecology, Inc. v. State, 129 Cal.App.4th 887, 909 (2005) (emphasis added) (quoting (Vu v. California Commerce Club, Inc., 58 Cal.App.4th 229, 233, (1997)).

As Oversee argues, it is not enough for Cahn to show that Oversee breached the MIP by shutting down TrafficClub and transitioning customers to DomainSponsor. Cahn must also show that, had the TrafficClub entity remained operational, TrafficClub would have met the Performance Goals under the MIP. Cahn has made no attempt at this stage to make such a showing. Simply asserting that Oversee failed to provide Cahn with sufficient information to determine whether the Performance Goals were

---

[7]Cahn also argues that he is entitled to credit for any DomainSponsor customers whose business Cahn or any Moniker employee expanded for purposes of determining whether the TrafficClub Performange Goals were met,. (Mot. at 18). As noted above, Oversee filed a separate Motion for Partial Summary Judgment on this issue, which the Court granted in a separate Order. Cahn's arguments on this point in his Motion are almost entirely duplicative of the arguments he made in opposition to Oversee's Motion for Partial Summary Judgment. The Court rejects those arguments for the reasons set forth in the Court's separate Order granting Oversee's Motion for Partial Summary Judgment.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV 11-03800-SVW (AGRx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | Cahn v. Oversee.net, et al. | | |

met does not establish that those Goals would have been met had Oversee kept TrafficClub intact. Accordingly, the Court concludes that summary judgment for Cahn is inappropriate on that basis as well.

## IV. CONCLUSION

Cahn's Motion is DENIED for the reasons set forth in this Order.

:

Initials of Preparer     PMC