William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE CAHN, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>OVERSEE.NET, a California corporation; JEFF KUPIETZKY, an individual; LAWRENCE NG, an individual; and DOES 1 through 10,<br><br>                    Defendants. | Case No.: CV11-03800 SVW (AGRx)<br><br>**DEFENDANT OVERSEE.NET'S *EX PARTE* APPLICATION TO CONTINUE JULY 10, 2012 BENCH TRIAL DATE OR, IN THE ALTERNATIVE, BE PERMITTED TO CALL A WITNESS AT A DIFFERENT TIME**<br><br>Assigned to the Hon. Stephen V. Wilson<br><br>Complaint Filed: May 3, 2011 |

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Defendant Oversee.net hereby files this *Ex Parte* Application to continue the bench trial date of July 10, 2012 on the basis that a key witness, Jeffrey Kupietzky, is potentially unavailable during that week as he is currently scheduled to travel from Israel to Germany.  In the alternative, Oversee will be ready to proceed with the bench trial on July 10, 2012 but respectfully requests that the matter be left open and that Oversee be permitted to call Mr. Kupietzky the week of August 7, 2012.

As the Court may recall from the January 24-25, 2012 trial, Mr. Kupietzky was an Executive Vice President, President and then Chief Executive Officer of Oversee during the relevant time period.  Correspondingly, he participated in many, if not all, of the business decisions that Plaintiff Monte Cahn now challenges as violating the implied covenant of good faith and fair dealing. Oversee believes that Mr. Kupietzky's live, in-court testimony is preferable to videotaped deposition testimony and seeks a continuance until August 7, 2012, a date on which counsel and Mr. Kupietzky are available for trial or, in the alternative, the ability to separately present Mr. Kupietzky the week of August 7, 2012.

This Application is supported by the attached Memorandum of Points and Authorities, and the Declaration of William A. Delgado.

## **NOTICE OF *EX PARTE* APPLICATION**

During the week of May 14, 2012, the parties discussed Defendant's requested relief and the available dates for trial.  Declaration of William A. Delgado, dated May 17, 2012, ¶ 2.  The parties, their counsel and Mr. Kupietzky are all available for trial August 7-9, 2012 and, therefore, Plaintiff does not oppose a continuance of the trial until August 7, 2012.  *Id*.  However, Plaintiff does object to the relief that has been requested in the alternative.  *Id*. at ¶ 3.

//

The name, address and telephone number of Plaintiff's counsel is:

> John Barber, Esq.
>
> Ken Watnick, Esq.
>
> Lewis Brisbois Bisgaard & Smith
>
> 221 North Figueroa Street, Suite 1200
>
> Los Angeles, CA 90012-2601
>
> Tel: 213.680.5105

Respectfully submitted,

Dated: May 21, 2012　　WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
　　William A. Delgado
　　Attorneys for Defendants
　　OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Oversee is extremely appreciative of this Court's earlier order continuing trial from May 2012 to July 2012 to accommodate the schedule of counsel in this matter.[1] It brings this *ex parte* application reluctantly because it recognizes the burden on the Court to alter the schedule it has set. Nevertheless, Oversee believes that having Mr. Kupietzky testify in-person at the next bench trial in this matter is very important and, therefore, brings this application in an effort to secure that in-person testimony.

At the time of Oversee's acquisition of Moniker in December 2007, Mr. Kupietzky, who now resides in Israel, was an Executive Vice President of Oversee. Subsequently, he ascended to the position of President and, ultimately, Chief Executive Officer and member of the board of directors. In short, he was a primary decision-maker and participated in making many of the business decisions that Mr. Cahn challenges in this lawsuit. Given that Mr. Cahn will certainly to testify in person, Oversee would like to present Mr. Kupietzky's testimony in person as well.

Admittedly, the parties could secure Mr. Kupietzky's testimony and cross-examination by traveling to Israel in advance of trial and deposing Mr. Kupietzky there. But, that would be a costly measure and, as this Court is undoubtedly aware, live testimony is preferable when possible. This is particularly true given that the Court may have questions of Mr. Kupietzky which may be left answered if the parties proceed by videotaped deposition.

---

[1] On April 26, 2012, counsel for both parties jointly brought a motion to continue the trial to July 17, 2012 (as well as other pretrial deadlines) because of the unavailability of both Plaintiff's and Defendant's counsel in May 2012. Docket No. 323. The Court granted the request and continued trial to July 10, 2012 and also continued other pretrial deadlines.

For that reason, Oversee respectfully requests a continuance of the bench trial date until August 7, 2012. Alternatively, if the Court elects to proceed with trial on July 10, 2012 as scheduled, Oversee requests that the matter be left open and that Oversee be allowed to present Mr. Kupietzky for cross-examination on August 7, 2012.[2]

## II. STATEMENT OF FACTS

As the Court will likely recall from the January 24-25, 2012 trial, Jeff Kupietzky was Oversee's Executive Vice President of Domain Services at the time that Oversee acquired Moniker in December 2007. Direct Examination Declaration of Jeffrey Kupietzky at ¶ 15 (Docket No. 246). In November 2008, he became President of Oversee, and, in August 2009, he became Chief Executive Officer. *Id*. at ¶ 16. He served on the board of ODN Holding Corporation, the parent company, between November 2008 and September 2011, when he separated from Oversee. *Id*. at ¶ 148. Accordingly, he played an ever increasing role in the business decisions that affected Oversee and its subsidiaries, including Moniker. Some of these decisions—such as the decision to migrate TrafficClub customers to DomainSponsor—are now being called into question by Mr. Cahn in this lawsuit.

Since leaving Oversee in September 2011, Mr. Kupietzky has resided in Israel. Delgado Decl. at ¶ 4. In January 2012, he provided Oversee with a direct examination declaration (Docket No. 246) and traveled to Los Angeles so that he could be available for cross-examination and questions from the Court, if any, at the first trial in this matter. Oversee has requested that he do so again in connection with the upcoming trial which will focus on the performance of the Moniker Business Segments. *Id*. at ¶ 5. At present, however, Mr. Kupietzky is scheduled to travel to Germany the week of July 10, 2012. *Id*. at ¶ 6. He is

---

[2] In accordance with this Court's earlier orders, Mr. Kupietzky's direct examination would be submitted by declaration on June 22, 2012.

available, however, to travel to U.S. for cross-examination and questions from the Court the week of August 7, 2012. *Id*. at ¶ 7.

## III. ARGUMENT

### A. Mr. Kupietzky's Live Testimony Is Preferable.

Oversee admits that it may be able, between now and July 10, 2012 (and notwithstanding the fact that its lead counsel will be in trial in another matter between May 29-June 14), to secure the videotaped deposition of Mr. Kupietzky by traveling to Israel and deposing him there. Nevertheless, that solution is less than ideal for a couple of reasons.

<u>First</u>, live testimony is preferable to deposition testimony. *Cf. Raynes v. Davis*, CV 05-6740-ABC-CTX, 2007 WL 4145102 (C.D. Cal. Nov. 19, 2007) ("Although alternatives to live testimony, such as videotaped depositions, are available, live testimony is nevertheless preferable."). It allows the Court to view the demeanor of the witness in the courtroom and, if the Court desires, allows the Court to ask questions of the witness directly.

<u>Second</u>, it allows Oversee to present rebuttal evidence, as necessary, through Mr. Kupietzky. A videotaped deposition will allow Oversee to address and rebut the various points it *anticipates* that Mr. Cahn will raise, as the Plaintiff, in his case-in-chief. But, Oversee is not clairvoyant. At trial, Mr. Cahn may raise a particular issue or fact or, for example, may testify as to a particular conversation with Mr. Kupietzky that was not addressed at deposition. Were Mr. Kupietzky present, at trial, he could provide rebuttal testimony, as appropriate. If he is not at trial, Oversee may be limited in its ability to present rebuttal evidence. Given Mr. Kupietzky's key role during the relevant time period, his ability to present rebuttal evidence is important to Oversee.

### B. There Is No Prejudice to Plaintiff.

Plaintiff does not object to a continuance of the trial date in this matter to accommodate Mr. Kupietzky's schedule. Plaintiff does object to the alternate

relief requested of having Mr. Kupietzky testify in August 2012. Nevertheless, it is unclear what prejudice would result from this request. Plaintiff is willing to continue the entire trial to August 2012. In theory, continuing the cross-examination and rebuttal testimony of a single witness is an even smaller request.

Lastly, since this is a bench trial, it is not unheard of to move forward with witnesses at different times, as the schedule of the Court and the parties permit. Indeed, Oversee recognizes that the Court's calendar may not be able to accommodate the continuance of the entire matter but may permit to have a single witness appear for a half-day the week of August 7, 2012.

## IV.   CONCLUSION

For the foregoing reasons, Oversee respectfully requests that the Court grant its *ex parte*.

Respectfully submitted,

Dated: May 21, 2012

WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG

**DECLARATION OF WILLIAM A. DELGADO**

I, WILLIAM A. DELGADO, hereby declare as follows:

1. I am an attorney duly admitted to practice before this Court and a member of Willenken Wilson Loh & Delgado LLP, counsel of record for OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG in the above captioned case. I have personal knowledge of the matters stated below and, if called as a witness, I could competently testify thereto.

2. During the week of May 14, 2012, I e-mailed with Plaintiff's counsel to explain the basis of this *ex parte* and the relief requested therein. Plaintiff's counsel informed me that they did not object to my request of a continuance of the trial in this matter to the week of August 7, 2012, a date on which Plaintiff and his counsel is available. Mr. Kupietzky, my client and I are also available on this date.

3. Plaintiff's counsel did inform me, however, that they objected to my alternate request for relief (i.e., presenting Mr. Kupietzky in August 2012) as they believed the entire matter should be proceed to trial at the same time.

4. I am informed and believe that, since leaving Oversee in September 2011, Mr. Kupietzky has resided in Israel.

5. In January 2012, he provided Oversee with a direct examination declaration and traveled to Los Angeles so that he could be available for cross-examination and questions from the Court, if any, at the first trial in this matter. Oversee has requested that he do so again in connection with the upcoming trial which will focus on the performance of the Moniker Business Segments.

6. I have been informed by Mr. Kupietzky and therefore believe that he is scheduled to travel to Germany the week of July 10, 2012.

//
//

1  7. I have been informed by Mr. Kupietzky and therefore believe that he is available to travel to U.S. for cross-examination and questions from the Court the week of August 7, 2012.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on May 21, 2012 at Los Angeles, California.

/s/William A. Delgado
WILLIAM A. DELGADO

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: May 21, 2012

WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants
OVERSEE.NET, JEFFREY KUPIETZKY, and LAWRENCE NG